**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HERIBERTO COLON-TORRES,<br>*Plaintiff,*<br><br>v.<br><br>OCTAVIO SERRANO,<br>ZEISLOFT TRUCKING, LLC d/b/a<br>ZEISLOFT LOGISTICS a/k/a ZEISLOFT<br>TRUCKING OF WEST DEPTFORD a/k/a<br>CHARLES D. ZEISLOFT TRUCKING,<br>ZEISLOFT VENTURES,<br>ROCK PRODUCTS, INC.,<br>SAINT NICK LOGISTICS, LLC,<br>DAT SOLUTIONS, LLC,<br>JOHN DOE, and ABC COMPANY,<br>*Defendants.* | Civil Action No. _____ |

## NOTICE OF REMOVAL

Defendant, DAT Solutions, LLC ("DAT Solutions") hereby removes the matter captioned *Colon-Torres v. Serrano, et al.*, No. 240300861, from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removal, DAT Solutions states as follows:

### PRELIMINARY STATEMENT

1.     This action stems from a March 2022 accident on Route 422 in Pottstown, Pennsylvania. Plaintiff, Heriberto Colon-Torres, alleges that he sustained serious and permanent injuries when his sedan collided with a Mack truck.

2.     On March 7, 2024, Plaintiff initiated suit in Pennsylvania state court by filing a Complaint in the Court of Common Pleas of Philadelphia County, styled as *Colon-Torres v.*

1

*Serrano, et al.*, No. 240300861 ("State Court Action").[1] *See* Compl., Mar. 7, 2024 (attached as "Exhibit B").

3.      In his Complaint, Plaintiff asserts a cause of action for negligence against Octavio Serrano, the alleged driver of the truck involved in the accident. Compl., Count I, ¶¶ 38–40 (Ex. B). He likewise pleads common-law claims for vicarious liability, negligent entrustment, and negligent hiring and supervision against various entities—including DAT Solutions—that allegedly hired, trained, employed, and supervised Serrano. *Id.* at Counts II–IV, ¶¶ 41–59.

4.      DAT Solutions now seeks removal to this Court.

5.      Plaintiff served a copy of the Complaint upon DAT Solutions at its Oregon headquarters on March 26, 2024. *See* Affidavit of Service for DAT Solutions (attached as "Exhibit C"). Thus, DAT Solutions is timely filing this Notice of Removal within 30 days of receiving the Complaint. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]").

## JURISDICTION AND VENUE

6.      A defendant may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a).

7.      The primary federal statute governing diversity subject matter jurisdiction grants federal district courts original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

---

[1] As required by 28 U.S.C. § 1446(d), copies of all pleadings, process, and other papers filed in the State Court Action—and which have been served upon DAT Solutions or are otherwise available on the state court's docket—are collectively attached as "Exhibit A."

8.      This Court has diversity subjection matter jurisdiction over this action because (1) Plaintiff is not a citizen of the same state as any Defendant, and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

9.      Venue is proper because the Philadelphia County Court of Common Pleas is a state court within the Eastern District of Pennsylvania. *See* 28 U.S.C. §§ 118(a), 1391, 1441(a), and 1446(a).

## GROUNDS FOR REMOVAL

### *A.      There is Complete Diversity of Citizenship Among the Parties.*

10.     Establishing diversity jurisdiction requires "complete diversity" among the parties. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citations omitted). In actions with multiple defendants, "complete diversity" means that the plaintiff cannot be a "citizen of the same state as any defendant." *Id*. It follows that the "citizenship" of each party to the action is the "key inquiry for diversity." *Id*.

11.     For diversity purposes, an individual is a citizen of the state where he or she is domiciled. *Wood*, 592 F.3d at 419. A corporation "is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Id*. (citing 28 U.S.C. § 1332(c)). And the citizenship of a limited liability company is "determined by the citizenship of its members." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (internal citations and quotation marks omitted).

12.     Plaintiff alleges that he is an adult individual who has resided in Reading, Pennsylvania "at all times relevant" to this action. Compl. ¶ 1 (Ex. B) (alleging that Colon-Torres "resided at 212 North Front Street, Reading, Pennsylvania 19601" at "all times relevant"

3

to the action). Upon information and belief, and after reasonable investigation, Plaintiff is

domiciled in the Commonwealth of Pennsylvania. He is thus a Pennsylvania citizen.

13.     The Complaint names the following parties as defendants:

- Octavio Serrano;
- Zeisloft Trucking, LLC d/b/a Zeisloft Logistics a/k/a Zeisloft Trucking of West Deptford a/k/a Charles D. Zeisloft Trucking;
- Zeisloft Ventures;
- Rock Products, Inc.;
- Saint Nick Logistics, LLC;
- DAT Solutions, LLC;
- John Doe; and
- ABC Company.

Compl. (Ex. B).

14.     Complete diversity exists here because none of those parties are citizens of

Pennsylvania.

15.     Octavio Serrano is the only individual defendant. Plaintiff alleges that Serrano is

an adult individual who resides in Vineland, New Jersey. *See* Compl. ¶ 2 (Ex. B) (alleging that

"Octavio Serrano … is an adult individual who, at all times relevant hereto, resided at 387 East

Cornell Street, Vineland, New Jersey 08360"). Plaintiff filed an affidavit of service in the State

Court Action indicating that he personally served a copy of the Complaint upon Serrano at his

"home" in New Jersey. *See* Affidavit of Service for Octavio Serrano (attached as "Exhibit I").

Upon information and belief, and after reasonable investigation, Serrano is domiciled in the State

of New Jersey. He is thus a New Jersey citizen.

16.     Plaintiff alleges that DAT Solutions, LLC "is a corporation, limited partnership,

limited liability company, or other entity organization" that maintains "a principal place of

business" at a post office box located in Philadelphia, Pennsylvania. Compl. ¶ 7 (Ex. B). However, the Complaint is silent as to DAT Solutions' members or their citizenship. *See id.*

17.     DAT Solutions is a Delaware limited liability company with headquarters located in Oregon[2] and Colorado. Declaration of Joseph Doyle ¶ 4 (attached as "Exhibit D"). Because DAT Solutions is limited liability company, it takes on the citizenship of all its members. *See Lincoln Ben. Life Co*, 800 F.3d at 105. DAT Solutions' only member is DAT CNUS, Inc., a Delaware corporation with a principal place of business in Colorado. Doyle Decl. ¶ 5. (Ex. D). Contrary to the allegations in the Complaint, neither DAT Solutions nor DAT CNUS, Inc. has a principal place of business located in the Commonwealth of Pennsylvania. *Id.* at ¶ 6. It follows that DAT Solutions is a citizen of the states of Delaware and Colorado.

18.     Rock Products, Inc. is a New Jersey corporation with a principal place of business in West Deptford, New Jersey. *See* Affidavit of Charles Zeisloft, Jr. for Rock Products, Inc. at ¶ 2 (attached as "Exhibit E"); Compl. ¶ 5 (Ex. B) (alleging that Rock Products, Inc. maintained a principal place of business in West Deptford, New Jersey, at "all times relevant" to this action). Rock Products, Inc. is thus a citizen of New Jersey.

19.     Plaintiff alleges that Zeisloft Trucking, LLC "is a corporation, limited partnership, limited liability company, or other entity organization" with a principal place of business in West Deptford, New Jersey. Compl. ¶ 3 (Ex. B). The Complaint does not identify or plead the citizenship of Zeisloft Trucking, LLC's members. *Id.* Zeisloft Trucking, LLC is a New Jersey limited liability company. *See* Affidavit of Charles Zeisloft, Jr. for Zeisloft Trucking ¶ 2 (attached as "Exhibit F"). Zeisloft Trucking, LLC's only member is Charles Zeisloft, Jr., a New

---

[2] Despite alleging that DAT Solutions' principal place of business is a post office box in Pennsylvania, Plaintiff's affidavit of service indicates that he served the Complaint upon DAT Solutions via certified mail at its Oregon headquarters. *See* Compl. ¶ 7 (Ex. B); Affidavit of Service for DAT Solutions (Ex. C).

Jersey resident. *Id.* at ¶ 3. Upon information and belief, and after reasonable investigation, Charles Zeisloft, Jr., is domiciled in the State of New Jersey. It follows that Zeisloft Trucking, LLC is a New Jersey citizen.

20.     Plaintiff similarly alleges that Defendant, Saint Nick Logistics, LLC, "is a corporation, limited partnership, limited liability company, or other entity organization" with a principal place of business in West Deptford, New Jersey. Compl. ¶ 6 (Ex. B). The Complaint does not identify or plead the citizenship of Saint Nick Logistics, LLC's members. *Id.* Saint Nick Logistics, LLC is a New Jersey limited liability company. *See* Certificate of Formation for Saint Nick Logistics, LLC (attached as "Exhibit G"); Affidavit of Charles Zeisloft, III ¶ 2 (attached as "Exhibit H"). The only member of Saint Nick Logistics, LLC is Charles D. Zeisloft III, who is a New Jersey resident. *See* Affidavit Charles Zeisloft, III ¶¶ 3-4 (Ex. G). Upon information and belief, and after reasonable investigation, Charles Zeisloft, III, is domiciled in the State of New Jersey. Saint Nick Logistics, LLC is thus a New Jersey citizen.

21.     Plaintiff's Complaint also names "Zeisloft Ventures" as a defendant. *See* Compl. ¶ 4 (Ex. B). Upon information and belief, "Zeisloft Ventures" is an unregistered fictitious trade name used for marketing purposes by Zeisloft Trucking, LLC. "Under Pennsylvania law, '[t]he use of a fictitious name does not create a separate legal entity.'" *Gentry v. Sikorsky Aircraft Corp.,* 383 F. Supp. 3d 442, 453 (E.D. Pa. 2019) (quoting *Burlington Coat Factory of Pa., LLC v. Grace Const. Mgmt. Co., 126* A.3d 1010, 1024 (Pa. Super. 2015) (citations omitted)). Rather, it "is merely descriptive of a person or corporation who does business under another name. The business name is a fiction, and so too is any suggestion the business is a legal entity separate from its owner." *Id.* In other words, Zeisloft Ventures has no stand-alone existence or stake in the outcome of this litigation. *See id.* at 453-54 (citations omitted). Zeisloft Ventures is thus a

#11766506v1

"nominal party" and the Court "must disregard its citizenship for purposes of establishing diversity jurisdiction and for all other removal-related purposes." *See id.* at 452, 454 (internal citations and quotation marks omitted).

22.     The citizenship of the fictitious parties identified as "John Doe" and "ABC Company" is likewise immaterial to the diversity analysis. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded."); *Hennix v. Belfor USA Grp., Inc.*, No. CV 22-1473-KSM, 2022 WL 3691020, at *2 (E.D. Pa. Aug. 25, 2022) (holding that the court "cannot consider the citizenship of the John Doe Defendants in determining whether this case was appropriately removed").

23.     In sum, there is complete diversity between Plaintiff and each Defendant who is an actual party in interest to this action. Plaintiff is a citizen of Pennsylvania. DAT Solutions is a citizen of Delaware and Colorado. And the remaining, non-nominal Defendants (Octavio Serrano; Zeisloft Trucking, LLC; Rock Products, Inc.; and Saint Nick Logistics, LLC) are all citizens of New Jersey.

> **B.     *The Amount in Controversy Exceeds $75,000.***

24.     The amount in controversy here exceeds the $75,000 jurisdictional threshold prescribed by 28 U.S.C. § 1332(a).

25.     For removal purposes, the amount-in-controversy analysis generally "begins with a reading of the complaint filed in the state court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004).

26.     Here, the Complaint includes an open-ended demand for a monetary judgment "in an amount exceeding $50,000." *See* Compl., *Ad Damnun* Clauses (Ex. B).

27.     Ordinarily, the sum that a plaintiff demands "in good faith" in his or her "initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). But there is an exception to that rule when the plaintiff files the initial pleading in a state that "either does not permit a demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A). In those situations, a defendant may assert the amount in controversy in its notice of removal. *Id*. And removal is proper if "the district court finds, by a preponderance of the evidence, that the amount in controversy" exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B).

28.     The state-practice exception applies here. Pennsylvania's pleading rules prohibit a plaintiff from demanding a specific sum of money damages. Pa. R.C.P. 1021(b) ("Any pleading demanding relief for unliquidated damages shall not contain a specific sum."). What is more, Pennsylvania law mandates that a plaintiff's pleading must state whether the amount demanded "does or does not exceed the jurisdictional amount requiring arbitration referral by local rule." Pa. R.C.P. 1021(c). In Philadelphia County—where Plaintiff filed the Complaint—that amount is $50,000. Phila. Civ. R. *1301. It follows that Plaintiff's open-ended demand for a monetary judgment "exceeding $50,000" does not establish the amount in controversy; rather, it merely reflects compliance with Pennsylvania's pleading rules.

29.     In cases like this one, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (internal citations omitted).

30.     A reasonable reading of the Complaint here confirms that the amount in controversy exceeds $75,000.

#11766506v1

31.     The Complaint alleges that Plaintiff sustained "severe and permanent" injuries in a serious motor vehicle collision. Regarding the accident, Plaintiff alleges that he was driving his Honda Civic in the right travel lane of Route 422 and that Defendant Serrano was driving a Mack truck (pulling a dual rear axle semi-trailer) in the left travel lane. Compl. ¶¶ 23-26 (Ex. B). Plaintiff further notes that the truck was "extremely close" to his Honda before the accident. *Id.* According to Plaintiff, Defendant Serrano triggered the accident by attempting to switch from the left travel lane to the right travel lane, forcing Plaintiff to suddenly veer his Honda to the left to avoid a collision. *Id.* at ¶¶ 25-27. Plaintiff alleges that he initially traveled across the left lane and into the center median wall. *Id.* Then, after striking the median, Plaintiff allegedly swerved back to the right and collided with the truck. *Id.* Plaintiff claims that his Honda became trapped under the truck upon impact. *Id.* at ¶ 30. As a result, the truck drug the Honda (with Plaintiff trapped inside) for about 200 feet. *Id.*

32.     Given the nature of the accident, Plaintiff alleges that he sustained several "serious and permanent injuries," including the following:

- traumatic brain injury;
- subdural hematoma requiring "craniotomy, fixation, and other neurosurgical procedures";
- rib fractures;
- sternal fractures;
- pulmonary contusion;
- facial and eye lacerations;
- chest, rib, and back pain;
- disfigurement;
- decreased ambulation; and
- mental anguish, humiliation, and embarrassment.

Compl. ¶¶ 36(a)–(t) (Ex. B).

9

33.     Plaintiff further alleges that he "will continue to suffer and experience pain, disability, restrictions, and limitations" stemming from the accident "for an indefinite amount of time into the future." Compl. ¶ 37 (Ex. B).

34.     Plaintiff also seeks to recover economic damages. In his Complaint, Plaintiff claims that he has incurred (and will continue to incur) "medical, rehabilitative, and other related liens and medical expenses" to treat his injuries. Compl. ¶¶ 36(u), 40 (Ex. B). Plaintiff likewise asserts claims for lost wages, impairment of earning capacity, and the past and future loss of fringe benefits. *Id*. at ¶¶ 36(x)-(y).

35.     Federal courts in the Third Circuit have regularly found that the amount-in-controversy requirement is satisfied where, as here, a plaintiff alleges serious bodily injury and related damages. *See, e.g., Strauss v. Ghuman Truck Serv., Inc.*, 2015 WL 1822576, at *3 (E.D. Pa. Apr. 22, 2015) (holding that claims for "serious injuries, medical expenses, and present and future wage loss . . . clearly indicate that the amount in controversy is in excess of $75,000"); *Howlett v. Irwin*, 2011 WL 722373, at *2 (E.D. Pa. March 1, 2011) (holding that the amount in controversy was met where plaintiff alleged "serious injury . . . pain, discomfort, trauma, anxiety, and/or mental anguish" and economic damages).

36.     The result should be no different here. The nature of the injuries and damages alleged in the Complaint demonstrate that the amount in controversy exceeds $75,000. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), and removal is proper.

#11766506v1

### C.  *DAT Solutions Has Satisfied All Other Procedural Requirement for Removal.*

37.    Consistent with 28 U.S.C. § 1441(a), DAT Solutions is removing this action "to the district court of the United States for the district and division embracing the place where such action is pending." The United States District Court for the Eastern District of Pennsylvania embraces Philadelphia County, Pennsylvania. 28 U.S.C. § 118(a).

38.    Consent to removal is not required from Zeisloft Ventures, John Doe, and ABC Company, as they are nominal or fictitious defendants. *See Blazik v. County of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995) (no need for consent where a defendant is a "nominal party").

39.    All other properly-joined Defendants who have been served with the Complaint have consented to the removal of this action. *See* Affidavit of Charles Zeisloft, Jr. for Rock Products, Inc. ¶ 4 (Ex. E); Affidavit of Charles Zeisloft, Jr. for Zeisloft Trucking, LLC ¶ 5 (Ex. F); Affidavit of Charles Zeisloft, III for Saint Nick Logistics, LLC ¶ 5 (Ex. H); Email from Counsel for Octavio Serrano, Apr. 15, 2024 (attached "Exhibit J").

40.    Pursuant to 28 U.S.C. § 1446(d), DAT Solutions is filing a copy of this Notice of Removal with the Clerk of the Philadelphia County Court of Common Pleas.

41.    DAT Solutions is also providing Plaintiff with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

42.    No previous application has been made for the relief requested herein.

43.    By filing this Notice of Removal, DAT Solutions does not waive any objections it may have to service, jurisdiction, or venue, or any other claims, defenses, or objections that are or may be available.

**WHEREFORE**, Defendant, DAT Solutions, LLC, gives notice that the State Court Action currently pending in Court of Common Pleas of Philadelphia County, Pennsylvania, is

#11766506v1

removed the United States District Court for the Eastern District of Pennsylvania. Defendant

further requests that this Court retain jurisdiction over all further proceedings in this matter.

Respectfully submitted,

Dated: April 25, 2024

/s/ *Daniel Donnelly*

Francis J. Deasey, Esquire (I.D. 25699)
Daniel F. Donnelly, Esq.  (I.D. No. 315309)
**DEASEY, MAHONEY & VALENTINI, LTD.**
1601 Market Street, Suite 3400
Philadelphia, Pennsylvania 19103
Telephone: (215) 587-9400
fdeasey@dmvlawfirm.com
ddonnelly@dmvlawfirm.com

*Attorneys for Defendant, DAT Solutions, LLC*

#11766506v1

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel Donnelly, Esquire, hereby certify that a true and correct copy of the foregoing

Notice of Removal was sent to the following counsel of record via U.S. Mail and email on April

25, 2024:

Jonathan M. Cohen, Esquire
Jonathan M. Cohen, L.L.C.
3510 Baring Street
Philadelphia, PA 19104
Jonathan.cohen@jmcesq.com
*Counsel for Plaintiff*

Michael A. Cognetti, William F. Conway, and Kristin S. Mutzig
Swartz Campbell LLC
2001 Market Street, Suite 2815
Philadelphia, PA 19103
wconway@swartzcampbell.com
mcognetti@swartzcampbell.com
kmutzig@swartzcampbell.com
*Counsel for Defendants,*
*Octavio Serrano, Zeisloft Trucking, LLC, and Zeisloft Ventures*

I further certify that the foregoing was served upon the following parties via U.S. Mail:

Rock Products, Inc.
1675 Crown Point Road
West Deptford, NJ 08086

Saint Nick Logistics, LLC
1675 Crown Point Road
West Deptford, NJ 08086

**DEASEY, MAHONEY & VALENTINI, LTD.**

By:     /s/ *Daniel Donnelly*_____
          FRANCIS J. DEASEY, ESQUIRE
          DANIEL F. DONNELLY, ESQUIRE

Dated: April 25, 2024

#11766506v1