# Exhibit B

**JONATHAN M. COHEN, L.L.C.**
Jonathan M. Cohen, Esquire
Identification No.: 69062
3510 Baring Street
Philadelphia, PA 19104
T: (215) 592-4445 | F: (215) 592-4080
Jonathan.cohen@jmcesq.com



*Filed and Attested by the Office of Judicial Records 07 MAR 2024 08:02 pm C. SMITH*

*Attorney for Plaintiff*

| | | |
|---|---|---|
| HERIBERTO COLON-TORRES | : | COURT OF COMMON PLEAS |
| 212 North Front Street | : | PHILADELPHIA COUNTY, PA |
| Reading, Pennsylvania 19601 | : | |
| | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | MAJOR JURY TRIAL DEMANDED |
| v. | : | |
| | : | _____TERM, 2024 |
| OCTAVIO SERRANO | : | No. _____ |
| 387 East Cornell Street | : | |
| Vineland, New Jersey 08360 | : | |
| | : | |
| and | : | |
| | : | |
| ZEISLOFT TRUCKING, L.L.C., d/b/a | : | |
| ZEISLOFT LOGISTICS a/k/a ZEISLOFT | : | |
| TRUCKING a/k/a ZEISLOFT TRUCKING | : | |
| OF WEST DEPTFORD a/k/a CHARLES | : | |
| D. ZEISLOFT TRUCKING | : | |
| 1699 Crown Point Road | : | |
| West Deptford, New Jersey 08086 | : | |
| | : | |
| and | : | |
| | : | |
| ZEISLOFT VENTURES | : | |
| 1699 Crown Point Road | : | |
| West Deptford, New Jersey 08086 | : | |
| | : | |
| and | : | |
| | : | |
| ROCK PRODUCTS, INC. | : | |
| 1675 Crown Point Road | : | |
| West Deptford, New Jersey 08086 | : | |
| | : | |
| And | : | |
| | : | |
| SAINT NICK LOGISTICS, L.L.C. | : | |
| 1699 Crown Point Road | : | |
| West Deptford, New Jersey 08086 | : | |

Case ID: 240300861

|                                                              |     |
|--------------------------------------------------------------|-----|
| and                                                          | :   |
|                                                              | :   |
|                                                              | :   |
| DAT SOLUTIONS, L.L.C.                                        | :   |
| PO Box 783801                                                | :   |
| Philadelphia, PA 19178-3801                                  | :   |
|                                                              | :   |
| and                                                          | :   |
|                                                              | :   |
| JOHN DOE                                                     | :   |
| Individual that was an owner, maintainer,                    | :   |
| possessor, and/or otherwise legally                          | :   |
| responsible for the care, custody control,                   | :   |
| and safety of DEFENDANTS' vehicle on                         | :   |
| March 9, 2022                                                | :   |
|                                                              | :   |
| and                                                          | :   |
|                                                              | :   |
| ABC COMPANY                                                  | :   |
| Entity that was an owner, maintainer,                        | :   |
| possessor, and/or otherwise legally                          | :   |
| responsible for the care, custody, control,                  | :   |
| and safety of DEFENDANTS' vehicle on                         | :   |
| March 9, 2022.                                               | :   |
|                                            Defendants.       | :   |

## NOTICE TO DEFEND – CIVIL ACTION
## 2V – MOTOR VEHICLE ACCIDENT

### NOTICE

**You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff.**

### AVISO

**Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla**

2

Case ID: 240300861

You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

**MONTGOMERY COUNTY BAR ASSOCIATION**
**Lawyer Reference Service**
**100 W. Airy Street (REAR)**
**Norristown, PA 19401**
**Telephone: (610) 279-9660 Ext. 201**
**www.montgomerybar.org**

con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

**ASOCIACION DE LICENCIADOS MONTGOMERY**
**Servicio De Referencia E Informacion Legal**
**Norristown, PA 19401**
**Telephono: (610) 279-9660**
**www.montgomerybar.org**

Case ID: 240300861

**JONATHAN M. COHEN, L.L.C.**
Jonathan M. Cohen, Esquire
Identification No.: 69062
3510 Baring Street
Philadelphia, PA 19104
T: (215) 592-4445 | F: (215) 592-4080
Jonathan.cohen@jmcesq.com                                    *Attorney for Plaintiff*

| | | |
|---|---|---|
| HERIBERTO COLON-TORRES | : | COURT OF COMMON PLEAS |
| 212 North Front Street | : | PHILADELPHIA COUNTY, PA |
| Reading, Pennsylvania 19601 | : | |
| | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | MAJOR JURY TRIAL DEMANDED |
| v. | : | |
| | : | _____TERM, 2024 |
| OCTAVIO SERRANO | : | No. _____ |
| 387 East Cornell Street | : | |
| Vineland, New Jersey 08360 | : | |
| | : | |
| and | : | |
| | : | |
| ZEISLOFT TRUCKING, L.L.C., d/b/a | : | |
| ZEISLOFT LOGISTICS a/k/a ZEISLOFT | : | |
| TRUCKING a/k/a ZEISLOFT TRUCKING | : | |
| OF WEST DEPTFORD a/k/a CHARLES | : | |
| D. ZEISLOFT TRUCKING | : | |
| 1699 Crown Point Road | : | |
| West Deptford, New Jersey 08086 | : | |
| | : | |
| and | : | |
| | : | |
| ZEISLOFT VENTURES | : | |
| 1699 Crown Point Road | : | |
| West Deptford, New Jersey 08086 | : | |
| | : | |
| and | : | |
| | : | |
| ROCK PRODUCTS, INC. | : | |
| 1675 Crown Point Road | : | |
| West Deptford, New Jersey 08086 | : | |
| | : | |
| And | : | |
| | : | |
| SAINT NICK LOGISTICS, L.L.C. | : | |
| 1699 Crown Point Road | : | |
| West Deptford, New Jersey 08086 | : | |

Case ID: 240300861

```
                                          :
and                                       :
                                          :
DAT SOLUTIONS, L.L.C.                      :
PO Box 783801                             :
Philadelphia, PA 19178-3801               :
                                          :
and                                       :
                                          :
JOHN DOE                                  :
Individual that was an owner, maintainer, :
possessor, and/or otherwise legally       :
responsible for the care, custody control,:
and safety of DEFENDANTS' vehicle on      :
March 9, 2022                             :
                                          :
and                                       :
                                          :
ABC COMPANY                               :
Entity that was an owner, maintainer,     :
possessor, and/or otherwise legally       :
responsible for the care, custody, control,:
and safety of DEFENDANTS' vehicle on      :
March 9, 2022.                            :
                  Defendants.             :
```

## COMPLAINT - CIVIL ACTION
## 2V - MOTOR VEHICLE ACCIDENT

### THE PARTIES

1.      Plaintiff, Heriberto Colon-Torres (hereinafter "Plaintiff"), is an adult individual who, at all times relevant hereto, resided at 212 North Front Street, Reading, Pennsylvania 19601.

2.      Defendant Octavio Serrano (hereinafter "Defendant Serrano"), is an adult individual who, at all times relevant hereto, resided at 387 East Cornell Street, Vineland, New Jersey 08360.

3.      At all times relevant hereto, Defendant Zeisloft Trucking, L.L.C., d/b/a Zeisloft Logistics a/k/a Zeisloft Trucking a/k/a Zeisloft Trucking of West Deptford a/k/a Charles D.

Case ID: 240300861

Zeisloft Trucking, was a corporation, partnership, limited partnership, limited liability company, or other entity organization and maintained a principle place of business at 1699 Crown Point Road, West Deptford, PA 08086, and conducted regular and continuous business within the City and County of Philadelphia and the Commonwealth of Pennsylvania.

4.      At all times relevant hereto, Defendant Zeisloft Ventures is a corporation, partnership, limited partnership, limited liability company, or other entity organization and maintained a principle place of business at 1699 Crown Point Road, West Deptford, PA 08086, and conducted regular and continuous business within the City and County of Philadelphia and the Commonwealth of Pennsylvania.

5.      At all times relevant hereto, Defendant Rock Products, Inc., is a corporation, partnership, limited partnership, limited liability company, or other entity organization and maintained a principle place of business at 1675 Crown Point Road, West Deptford, PA 08086, and conducted regular and continuous business within the City and County of Philadelphia and the Commonwealth of Pennsylvania.

6.      At all times relevant hereto, Defendant Saint Nick Logistics, L.L.C., is a corporation, partnership, limited partnership, limited liability company, or other entity organization and maintained a principle place of business at 1699 Crown Point Road, West Deptford, PA 08086, and conducted regular and continuous business within the City and County of Philadelphia and the Commonwealth of Pennsylvania.

7.      At all times relevant hereto, Defendant DAT Solutions, L.L.C., is a corporation, partnership, limited partnership, limited liability company, or other entity organization and maintained a principle place of business at PO Box 783801, Philadelphia, PA 19178-3801.

Case ID: 240300861

8.      At all times relevant hereto, Defendant ABC Company is the fictitious name of an unknown business entity with an unknown address of service that was an owner, maintainer, possessor, and/or otherwise legally responsible for the care, custody, control, and safety of DEFENDANTS' vehicle on March 9, 2022.

9.      Hereinafter in this Complaint, Defendants named in paragraphs three (3) through eight (8) above may be collectively referred to as "Zeisloft Defendants" for the entirety of the Complaint.

10.      Defendant John Doe is the fictious name of an unknown individual with an unknown address of service that was an owner, maintainer, possessor, and/or otherwise legally responsible for the care, custody, control and safety of DEFENDANTS' vehicle on March 9, 2022.

11.      Hereinafter in this Complaint, Defendants named in paragraphs two (2) through ten (10) above may be collectively referred to as "Defendants" for the entirety of this Complaint, and at all times relevant hereto, all Defendants named in this Complaint engaged in systematic, continuous, and regular business in the Commonwealth of Pennsylvania, and continuously and regularly conducted a substaintial part of their regular business in the City and County of Philadelphia[1]; and at all times relevant hereto, all Defendants owned, managed, directed, and controlled all other Defendants, and the business of all Defendants was a necessary and indispensable part of the business of all other Defendants.

---

[1] Zeisloft Trucking, LLC, has admitted in verified pleadings in this Court that they "conducted regular business within the City and County of Philadelphia and Commonwealth of Pennsylvania." *See* Answer of Defendants Felipe Echevarria and Zeisloft Truckinig, LLC, with New Matter and New Matter in the Nature of A Counterclaim for Contribution Addressed to Plaintiff Debra A. Downing, Case No. 2203029824, filed in the Philadelphia County Court of Common Pleas.

Case ID: 240300861

12.     At all times relevant hereto, Zeisloft Defendants were corporations or other jural entities which acted by or through their subsidiaries and /or employees and/or agents acting within the course and scope of their employment and/or agency.

13.     At all times relevant hereto, Plaintiff was the owner and operator of a 1994 Blue Honda Civic, baring VIN # JHMEG1141RS004521.

14.     At all times relevant hereto, Defendant Zeisloft was the owner of a 2001 white Mack truck, model CH613, baring VIN # 1M1AA14Y31W136905.

15.     At all times relevant hereto, Defendant Serrano was acting with the express permission of and/or as an agent, workman, and/or employee on behalf Zeisloft Defendants, in the course, scope, and authority of the relevant existing agency relationships among and between them.

16.     At all times relevant hereto, Zeisloft Defendants acted and/or failed to act, both individually and by and through their actual and/or ostensible agent, servant, workman, and/or employee Defendant Serrano, who was, at all times relevant hereto, acting in the course and scope of the employment or other agency relationship with and on the behalf of Zeisloft Defendants.

17.     At all times relevant hereto, Zeisloft Defendants presented, represented, and held out Defendant Serrano as an agent, servant, and/or employee of Zeisloft Defendants, and/or others such that a reasonable person would conclude that Defendant Serrano was, in fact, the agent, servant, and/or employee of Zeisloft Defendants.

18.     At all times relevant hereto, Zeisloft Defendants, were and are vicariously liable for the actions or inactions of their agent, servant, work person, contactor, and/or employee, Defendant Serrano, and accordingly, Plaintiff intends each and every paragraph of this

5

Case ID: 240300861

Complaint, even if not so specifically stated, to be directed to each of the Defendants whether they were acting individually and/or jointly and severally.

19.     Zeisloft Defendants are directly and vicariously liable to Plaintiff for the negligence, carelessness, recklessness, and/or wrongful acts or omissions of persons and/or entities whose conduct was under their control, or right to control, and which conduct directly and proximately caused Plaintiff's injuries and damages.

20.     At all times relevant hereto, Defendant Zeisloft, individually and/or jointly, was responsible, whether solely or along with others, for the selection, investigation, qualifications, certification, monitoring, control or right to control, direction, hiring, and/or retention of Defendant Serrano for the specific purpose of controlling and operating the 2001 white Mack truck owned by Defendant Zeisloft.

## OPERATIVE FACTS

21.     On or about March 9, 2022, at around 6:14 p.m., Plaintiff Heriberto Colon-Torres ("Plaintiff") was the licensed owner and operator of a 1994 Blue Honda Civic (hereinafter "Honda") traveling Eastbound on Route 422, mile-marker 422, Pottstown, Pennsylvania.

22.     At the aforementioned time and place, Defendant Serrano was the licensed operator of a 2001 white Mack truck, baring license plate number NJ AX748H (hereinafter "the Truck"), owned by Defendant Zeisloft, traveling eastbound behind Plaintiff.

23.     At the aforementioned time and place, trailing the Truck was a duel rear axle semi-trailer, bearing license plate number NJ TJV89F (hereinafter "the Trailer"), owned by Defendant Zeisloft.

24.     Upon information and belief, and at the aforementioned time and place, Plaintiff was traveling in the right lane of Route 422 Eastbound.

6

Case ID: 240300861

25.     Upon information and belief, and at the aforementioned time and place, Defendant Serrano initiated a lane change of the Truck from the left lane into the right lane of Route 422 Eastbound.

26.     Upon information and belief, and at the aforementioned time and place, Defendant Serrano was operating the Truck in a careless and reckless manner, driving extremely close to Plaintiff.

27.     Upon information and belief, at the aforementioned time and place, and as a result of the careless and reckless driving of Defendant Serrano, in order to avoid a collision Plaintiff veered his Honda to the left, crossing into the left lane, impacting the median wall, and then crossed back to the right, impacting the approximate midpoint of the Truck.

28.     According to the March 9, 2022, Police Report, that purports to document collected facts and circumstances regarding the subject incident, Defendant Serrano stated that Plaintiff's Honda was "behind him when it lost control and indicated he observed this in his mirror;" this version of events was directly contradicted by eyewitness Stephanie Paoculli and by the images taken of the accident and recorded by the dashcam mentioned in paragraph 32.

29.     According to the Police Report, an eyewitness, Stephanie Paolucci, stated that when the Defendants' Truck changed lanes, it appeared "very close" behind Plaintiff's Honda and possibly made physical contact with the it.

30.     Upon information and belief, Plaintiff was trapped, in his Honda, underneath the Truck driven by Defendant Serrano and owned by Defendant Zeisloft—Plaintiff's Honda was dragged by the Truck for approximately 200 feet.

Case ID: 240300861

31.     On or about March 23, 2022, investigating officers received dash cam footage from Defendant Zeisloft giving a perspective of another one of Defendant Zeisloft's trucks that was traveling behind Defendant Serrano.

32.     According to the Police Report, "The position and movements depicted in the video appear consistent with the account provided by witness Stephanie Paolucci."

33.     As a result of the investigation, the West Pottsgrove Police charged Defendant Serrano with careless driving.

34.     On or about April 25, 2022, Defendant Serrano pleaded guilty to a violation of 75 Pa.C.S.A Vehicles § 3334(a), which states:

> Upon a roadway no person shall turn a vehicle or move from one traffic lane to another or enter the traffic stream from a parked position unless and until the movement can be made with reasonable safety nor without giving an appropriate signal in the manner provided in this section.

75 Pa.C.S.A Vehicles § 3334(a).

35.     At all times relevant hereto, all Defendants were vicariously liable for the negligent, careless, and reckless actions of Defendant Serrano.

36.     As a result of the negligence, and/or carelessness, and/or recklessness and/or wrongful conduct of Defendant Serrano and Zeisloft Defendants, whether acting individually and/or jointly and severally, and/or by and through its agents, servants, contractors, workmen and/or employees, as set forth herein, Plaintiff suffered serious and permanent injuries and damages including, but not limited to:

    a.      lacerations to face and eye;

    b.      rib fracture;

    c.      sternal fracture;

    d.      pulmonary contusion;

8

Case ID: 240300861

e.      memory loss;

f.      head injury and traumatic brain injury;

g.      subdermal hematoma requiring craniotomy, fixation, and

        other neurosurgical procedures;

h.      continued headaches and head pain;

i.      ear pain and bruising;

j.      abrasions and contusions;

k.      continuing chest pain;

l.      continuing rib pain;

m.      continuing back pain;

n.      disfigurement;

o.      decreased ambulation;

p.      past and future pain and suffering;

q.      loss of life's pleasures;

r.      past and future mental anguish;

s.      past and future humiliation;

t.      past and future embarrassment;

u.      past and future medical expenses;

v.      economic losses;

w.      past and future personal expenses;

x.      loss of earning and earning capacity in the past and future;

y.      loss of fringe benefits in the past and future;

Case ID: 240300861

z.      injuries, damages, and consequences of which Plaintiff has

no present knowledge; and

aa.     all damages as set forth in greater detail in Plaintiff's

medical records.

37.     As a result of the aforementioned severe and permanent injuries and

damages, Plaintiff will continue to suffer and experience pain, disability, restrictions, and

limitations for an indefinite amount of time into the future, all to his great detriment and

loss.

**COUNT I – NEGLIGENCE**
**<u>Plaintiff v. Defendant Serrano</u>**

38.     The preceding paragraphs are incorporated by reference as though fully set

forth herein.

39.     The negligence and carelessness of Defendants consisted, *inter alia*, of the

following:

a.      failing to abide the traffic laws of the Commonwealth of

Pennsylvania;

b.      failing to observe traffic conditions;

c.      failing to have the Truck under proper and adequate control;

d.      failing to keep alert and maintain a proper watch for the presence

of lawful drivers operating vehicles on Montgomery County roadways;

e.      failing to take reasonable actions to avoid the collision that

occurred on the aforesaid date and to ensure the safety and wellbeing of

others;

Case ID: 240300861

f.      failing to apply brakes, or take other evasive measures, in time to avoid the aforesaid collision;

g.      failing to have the Truck under such control so as to be able to stop to avoid collision;

h.      failing to travel at a safe speed;

i.      failing to keep a proper watch for traffic on Route 422;

j.      failing to operate the Truck with due regard for the highway and traffic conditions which were then existing, and of which the operator was, or should have been, aware;

k.      failing to keep adequate and proper control over the Truck;

l.      failing to maintain the Truck in a safe and roadworthy condition;

m.      driving the Truck upon the highway with negligent, careless, and/or reckless disregard to the rights and safety of others, in violation of the laws and motor vehicle code of Pennsylvania;

n.      failing to maintain the aforesaid Truck in a safe and roadworthy condition before permitting the Truck to be driven on   Pennsylvania's roadways; and

o.      violating the standard of care for motorists in Pennsylvania so substantially that a violent collision occurred which was the direct  and proximate cause of Plaintiff's aforementioned severe and permanent injuries.

40.    Furthermore, in addition to all the injuries and losses suffered, Plaintiff has incurred or will incur medical, rehabilitative and other related liens and medical expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the

Case ID: 240300861

Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. § 1701 et seq. as amended.

**WHEREFORE**, Plaintiff demands judgment against Defendant Serrano individually, jointly and/or severally, for an amount in excess of Fifty Thousand Dollars ($50.000.00), together with costs, compensation for delay, and any other relief this Court deems appropriate.

## COUNT II – *RESPONDEAT SUPERIOR*/VICARIOUS LIABILITY
### Plaintiff v. Zeisloft Defendants

41.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

42.     The aforesaid collision resulted from the negligence, carelessness, and recklessness of Defendant Serrano, who, at all times relevant hereto:

　　　　a.     was in an employee-employer relationship with, or workman or agent for, Zeisloft Defendants;

　　　　b.     negligently, carelessly and/or recklessly operated Zeisloft Defendants' truck in the course and scope of Zeisloft Defendants' employment, or while in the course and scope of acting as an agent or workman for Zeisloft Defendants; and

　　　　c.     was the proximate cause of Plaintiff's severe and permanent injuries more fully set forth herein.

43.     As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendant Serrano while in the course and scope of employment by, or while an agent or workman for Zeisloft Defendants, Plaintiff was caused to sustain severe and permanent injuries as set forth in the foregoing paragraphs.

Case ID: 240300861

**WHEREFORE**, Plaintiff demands judgment against Zeisloft Defendants individually, jointly, and/or severally for an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs, prejudgment interest, delay damages, and such other relief this Court deems appropriate.

### COUNT III – NEGLIGENT ENTRUSTMENT
### Plaintiff v. Zeisloft Defendants

44.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

45.     Upon information and belief, the negligence, careless and/or recklessness of Zeisloft Defendants, by and through their agents, servant, contractors, workmen and/or employees, consisted, *inter alia*, of the following:

    a.    failing to adequately investigate or assess the driving competency and/or qualification, expertise or level of expertise of Defendant Serrano, whom they permitted to operate the Truck;

    b.    failing to exercise reasonable control over the Truck with respect to the manner in which the Truck was operated;

    c.    permitting the Truck to be operated by a person whom they knew or should have known did not possess the requisite, proper or adequate driving skills to safely operate said Truck;

    d.    failing to reasonably, properly or adequately supervise Defendant Serrano;

    e.    failing to reasonably and/or properly monitor the safe driving abilities of Defendant Serrano;

    f.    allowing Defendant Serrano to operate and/or drive the Truck outside of the applicable aforementioned sections of the Pennsylvania Motor Vehicle Code; and

Case ID: 240300861

g.      failing to comply with and confirm a history of compliance with Federal Motor Vehicle regulations, including, but not limited to, hours on duty/driving, hours not on duty/driving and/or maintaining adequate driver logs.

46.     As a direct and consequential result of the negligent, careless and/or reckless conduct of Zeisloft Defendants, Plaintiff suffered various serious and permanent personal injuries more fully stated within Plaintiff's medical records.

**WHEREFORE**, Plaintiff demands judgment against Zeisloft Defendants individually, jointly, and/or severally for an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs, prejudgment interest, delay damages, and such other relief this Court deems appropriate.

## COUNT IV – NEGLIGENT HIRING/SELECTION/SUPERVISION/RETENTION
### Plaintiff v. Zeisloft Defendants

47.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

48.     Upon information and belief, at all times material hereto, Zeisloft Defendants selected, hired, contracted, controlled, and/or retained Defendant Serrano with the purpose and intention of have Defendant Serrano operate motor vehicles on their behalf and in pursuit and furtherance of their business activities.

49.     Upon information and belief, at all times material hereto, Zeisloft Defendants controlled the means and manner that Defendant Serrano operated and utilized the Truck.

50.     Upon information and belief, at all times material hereto, Zeisloft Defendants negligently acted and/or failed to act through their agent, servant, employee, contractor, and/or workmen, Defendant Serrano, and such acts or failures to act were

Case ID: 240300861

within the course and scope of Zeisloft Defendants' business and were under Zeisloft

Defendants' control and direction and were taken with Zeisloft Defendants' authority.

51.     Upon information and belief, at all times material hereto, Zeisloft Defendants had

either actual or constructive knowledge of the inability of their agent, servant, contractor,

workperson, and/or employee, Defendant Serrano's, inability to safely operate a vehicle.

52.     Upon information and belief, despite the obligations, duties, and responsibilities

of Zeisloft Defendants, Zeisloft Defendants negligently hired, retained, contracted, employed,

selected, and/or controlled, incompetent and unskilled individuals and/or entities to operate a

vehicle on their behalf.

53.     Upon information and belief, Zeisloft Defendants are responsible for the negligent

actions or inactions of its contractors, employees, service persons, workmen, and/or agents

including, Defendant Serrano.

54.     Upon information and belief, Zeisloft Defendants were and are responsible for

ensuring the proper non-negligent selection, hiring, and supervision of its contractors,

employees, service persons, workmen, and/or agents.

55.     Upon information and belief, Zeisloft Defendants failed to utilize due care to

secure a competent contractor, agent, servant, workperson, and/or employee to operate its Truck.

56.     Upon information and belief, Zeisloft Defendants knew or should have known

that their failure to select a competent and careful agent, contractor, servant, workperson, and/or

employee to operate their vehicles and satisfy Zeisloft Defendants' aforementioned duties would

result in a risk of physical harm to third persons.

57.     Upon information and belief, Zeisloft Defendants failed to select, retain, contract,

hire, and/or employ persons or entities who possessed the knowledge, skill, experience, personal

Case ID: 240300861

characteristics, and training to operate Zeisloft Defendants' Truck as hired to do, without creating an unreasonable risk of injury to others.

58.     Upon information and belief, the carelessness and negligence of Zeisloft Defendants individually and/or by and through their agents, servants, contractors, workmen, and/or employees, consisted of the following:

a.     failing to properly and adequately supervise their agents, servants, contractors, workmen, and/or employees with regard to operation of its vehicles;

b.     failing to adequately assess its agents, servants, contractors, workmen, and/or employees driving abilities;

c.     failing to ensure that its Truck was operated properly and safely;

d.     failing to provide the proper directives, materials, instructions, or orders for the proper and safe operation of its Truck;

e.     allowing unskilled, unqualified, and/or untrained individuals and/or entities to operate its vehicles;

f.     failing to train its agents, contractors, servants, work persons, and/or employees properly;

g.     failing to hire competent agents, contractors, servants, work persons, and/or employees;

h.     failing to use due care in investigating and selecting agents, contractors, servants, work persons, and/or employees to operate its vehicles;

i.     failing to warn Plaintiff of their failure to investigate and select competent agents, contractors, servants, work persons, and/or employees;

16

Case ID: 240300861

j.      failing to adopt, enact, employ, and enforce, proper and adequate safety programs, precautions, procedures, measures, and/or plans;

k.      failing to comply with and confirm a history of compliance with Federal Motor Vehicle regulations, including, but not limited to, hours on duty/driving, hours not on duty/driving and maintaining adequate driver logs; and

l.      hiring, selecting, and/or retaining incompetent and/or unskilled contractors, agents, servants, employees, and/or workmen.

59.    Upon information and belief, Zeisloft Defendants' actions or failures to act as set forth above were the factual and proximate cause of Plaintiff's substantial and severe permanent injuries and damages more fully described in Plaintiff's medical records.

**WHEREFORE**, Plaintiff demands judgment against Zeisloft Defendants individually, jointly, and/or severally for an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs, prejudgment interest, delay damages, and such other relief this Court deems appropriate.

Respectfully submitted,

**JONATHAN M. COHEN, L.L.C.**

By:   _/s/ Jonathan M. Cohen_
JONATHAN M. COHEN, ESQUIRE
*Attorney for Plaintiff*

Date: March 7, 2024

17

**<u>VERIFICATION</u>**

Plaintiff, Heriberto Colon-Torres, verifies that the averments set forth in the Plaintiff's Civil Action Complaint are based on first-hand information information furnished to and by my counsel and obtained by him in the course of investigating this document. The language of the document is that of counsel and not the affiant. To the extent that the contents of the document are based on information furnished to the counsel and obtained by counsel during the course of this lawsuit, the affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. This Verification is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.


Date: 63-07-2024                    By: _____
                                         HERIBERTO COLON-TORRES

## **VERIFICATION**

I, _Keishla Colon_, "hereby verify that I am fluent in English and Spanish and am able to translate the language in this Complaint from English to Spanish, and I have read the within Civil Action Complaint and the above verification in Spanish to Plaintiff, Heriberto Colon-Torres. This Verification is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: _03-07-2024_                                      By: _Keishla Colon_

Case ID: 240300861