**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HERIBERTO COLON-TORRES,<br>　　　　　　　　　　*Plaintiff,*<br><br>　　　　v.<br><br>OCTAVIO SERRANO,<br>ZEISLOFT TRUCKING, LLC d/b/a<br>ZEISLOFT LOGISTICS a/k/a ZEISLOFT<br>TRUCKING OF WEST DEPTFORD a/k/a<br>CHARLES D. ZEISLOFT TRUCKING,<br>ZEISLOFT VENTURES,<br>ROCK PRODUCTS, INC.,<br>SAINT NICK LOGISTICS, LLC,<br>DAT SOLUTIONS, LLC,<br>JOHN DOE, and ABC COMPANY,<br>　　　　　　　　　　*Defendants.* | Civil Action No. 5:24-cv-01745-JLS |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DAT SOLUTIONS, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant, DAT Solutions, LLC ("DAT Solutions"), by and through its attorneys, Deasey, Mahoney & Valentini, Ltd., submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**PRELIMINARY STATEMENT**

This case arises from a trucking accident on March 9, 2022. Plaintiff, Heriberto Colon-Torres, alleges that he sustained permanent injuries when his car collided with a Mack truck. In addition to suing the truck driver for negligence, Plaintiff is also pursuing state-law claims for vicarious liability, negligent entrustment, and negligent hiring and supervision against a group of five business entities and two fictitious parties that he refers to as the "Zeisloft Defendants." DAT Solutions is among those parties. Though it is unclear why.

1

Aside from a single paragraph identifying DAT Solutions as a business entity with an alleged principal place of business at a post office box, Plaintiff's Complaint contains no mention of DAT Solutions. The Complaint alleges no specific facts about the nature of DAT Solutions' business, its relationship to the other parties, or what it allegedly did to cause Plaintiff's injuries.[1] Plaintiff instead employs an everything-but-the-kitchen-sink approach to pleading where he lumps together the allegations and claims against the six parties he identifies as "Zeisloft Defendants." As a result, it is not clear which defendants are being charged with which conduct.

Simply put, Plaintiff's Complaint is an improper "shotgun pleading" that violates Federal Rule of Civil Procedure 8(a)(2) and deprives DAT Solutions of the fair notice required by the pleading rules. And since the Complaint lacks well-plead facts sufficient to state any plausible claims against DAT Solutions, it should be dismissed as to DAT Solutions under Rule 12(b)(6).

## QUESTION PRESENTED

1. Whether Plaintiff's Complaint, which lumps DAT Solutions together with five other defendants and contains no specific allegations what DAT Solutions did to be liable on Plaintiff's causes of action, should be dismissed for failure to state a plausible claim.

*Suggested Answer*: Yes.

---

[1] Plaintiff's failure to plead specific facts about DAT Solutions is unsurprising considering the nature of its business. As another district court recently explained, DAT Solutions is the creator of a "load board": a "system that allows long-haul truckers and other carriers of freight to connect with entities that need to have freight shipped from one point to another." *DAT Sols., LLC v. Convoy, Inc.*, No. 3:22-CV-00088-IM, 2023 WL 3058057, at *2 (D. Or. Apr. 24, 2023). The "load board" is essentially a freight marketplace that is accessible "through mobile application, internet, telephone, fax, or monitors located inside truck stops." *See id*. In much the same way that Craigslist operates a platform that allows a seller of used furniture to connect with potential buyers, DAT Solutions operates a system that allows brokers (those with to be shipped) to connect with carriers (such as long-haul truckers). DAT Solutions does not actually ship or carry freight from one point to another.

## BACKGROUND

### I. Procedural History

Plaintiff initiated this action in Pennsylvania state court by filing a Complaint in the Court of Common Pleas of Philadelphia County. Pl.'s Compl., Mar. 7, 2024 (ECF 1-4). On April 25, 2024, DAT Solutions timely removed this matter to this Court. *See* Def. DAT's Notice of Removal (ECF 1). DAT Solutions now moves to dismiss the claims that Plaintiff has asserted against it pursuant to Federal Rule of Civil Procedure 12(b)(6).

### II. Factual Background

The March 9, 2022 accident giving rise to Plaintiff's claims occurred on the eastbound travel lanes of Route 422 in Pottstown, Pennsylvania. *See* Compl. ¶¶ 21-34 (ECF 1-4). Before the accident, Plaintiff was driving his Honda Civic in the travel right lane. *Id.* at ¶¶ 21, 24. And Octavio Serrano was operating a Mack truck (pulling a semi-trailer) in left travel lane. *Id.* at ¶¶ 22-23, 24. According to Plaintiff, Serrano triggered the accident by switching to the right ravel lane while he was driving too close to Plaintiff's sedan. *Id.* at ¶¶ 25-27. Plaintiff swerved left to avoid a collision, resulting in his Honda careening across the left lane and into the center median. *Id.* Then, after striking the median, Plaintiff veered back to the right and collided with the midpoint of Serrano's truck. *Id.* Plaintiff's Honda became trapped under the truck upon impact. *Id.* at ¶ 30. The truck allegedly drug Plaintiff's car about 200 feet before both coming to a rest. *Id.* at ¶ 30. Plaintiff alleges that, as a result of the accident, he sustained serious and permanent injuries that have impacted his daily activities and ability to work. *Id.* at ¶¶ 36-37.

### III. Nature of Plaintiff's Claims Against DAT Solutions

Plaintiffs 17-page Complaint contains four counts preceded by 37 numbered paragraphs that identify "the parties" and state the "operative facts" giving rise to Plaintiff's claims. *See*

Compl. ¶¶ 1-59. After identifying Octavio Serrano as the driver of the 2001 Mack truck involved in the accident,[2] Plaintiff then names the following business entities and fictitious parties as defendants:

- Zeisloft Trucking, LLC d/b/a Zeisloft Logistics a/k/a Zeisloft Trucking of West Deptford a/k/a Charles D. Zeisloft Trucking ("Zeisloft Trucking");
- Zeisloft Ventures;
- Rock Products, Inc. ("Rock Products");
- Saint Nick Logistics, LLC ("Saint Nick Logistics");
- DAT Solutions, LLC ("DAT Solutions");
- John Doe; and
- ABC Company.

*Id.* at ¶¶ 2-10.

Plaintiff alleges that "Defendant Zeisloft" owned the Mack truck that Serrano was driving at the time of the accident. *Id.* at ¶¶ 14, 21, 30.[3] Beyond that, the Complaint offers no specifics details about the roles that DAT Solutions or the other entity defendants allegedly played in causing his injuries. *See id.* at ¶¶ 1-59. Instead, Plaintiff collectively refers to all the defendants (except Serrano) as the "Zeisloft Defendants" throughout the Complaint. *See id.* at ¶ 9 (indicating that Zeisloft Trucking, Zeisloft Ventures, Rock Products, Saint Nick, DAT Solutions, and the fictitious ABC Company "may be collectively referred to as 'Zeisloft Defendants' for the entirety of the Complaint").

As to the "Zeisloft Defendants," Plaintiff alleges as follows without further factual elaboration:

---

[2] Compl. ¶¶ 2, 22.

[3] Those allegations, which are plead in the singular form, are presumably intended to identify either Zeisloft Trucking or Zeisloft Ventures as the owner of the truck. *Id.*

4

- That "*all Defendants* owned, managed, directed, and controlled *all other Defendants*" at the time of the accident. Compl. ¶ 10 (emphasis added).

- That "Zeisloft Defendants were corporations or other jural entities which acted by or through their subsidiaries and /or employees and/or agents acting within the course and scope of their employment and/or agency." *Id*. at ¶ 12.

- That Serrano "was acting with the express permission of and/or as an agent, workman, and/or employee on behalf Zeisloft Defendants." *Id*. at ¶ 15.

- That the "Zeisloft Defendants selected, hired, contracted, controlled, and/or retained Defendant Serrano with the purpose and intention of [having him] operate motor vehicles on their behalf and in pursuit and furtherance of their business activities." *Id*. at ¶ 48.

Those allegations provide the basis for Counts II (vicarious liability), III (negligent entrustment), and IV ("negligent hiring, selection, supervision, retention") of the Complaint, which collectively directed to the "Zeisloft Defendants." *Id*. at ¶¶ 41-59.

## ARGUMENT

### I. Standard of Review

To avoid dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead factual allegations sufficient to state a claim that is facially "plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the facts alleged allow a court to reasonably infer that a defendant is liable for the charged misconduct. *Id*. To satisfy this standard, however, the complaint must indicate that the defendant's liability is more than "a sheer possibility." *Id*. at 678-79 (quoting *Twombly*, 550 U.S. at 570).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8. Although Rule 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the Supreme Court has clarified that a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests."

*Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8(a)(2). To provide that notice, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.

In ruling on a motion to dismiss, the court assumes that all well-pleaded facts are true, construes those facts in the light most favorable to the plaintiff, and draws reasonable inferences from them. *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). But the court need not credit a plaintiff's "bald assertions" or "legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are likewise insufficient to survive a motion to dismiss. *Iqbal*, 555 U.S. at 678 (citation omitted); *see also Phillips*, 515 F.3d at 232.

## II. The Court should dismiss the Complaint as to DAT Solutions because it is an impermissible "shotgun pleading" that violates Rule 8(a)(2).

At the outset, Plaintiff's claims against DAT Solutions should be dismissed because his Complaint deprives DAT Solutions of the fair notice required by the pleading rules. In other words, the Complaint is an improper "shotgun pleading."

Complaints that violate Rule 8 are often referred to as "shotgun pleadings." *See Bartol v. Barrowclough*, 251 F.Supp.3d 855, 859 (E.D. Pa. 2017) (citation omitted). The Third Circuit has criticized the "all too common shotgun pleading approach complaints." *See M.B. v. Schuylkill Cnty.*, 375 F. Supp. 3d 574, 586 (E.D. Pa. 2019) (citing *Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988)). The reason for that criticism is that the shotgun approach conflicts with the two primary purposes of the rules requiring a plaintiff to plead facts with specificity: (1) to "weed out" frivolous claims at an early stage, and (2) to provide defendants "with sufficient notice of the claims being asserted." *Hynson*, 864 F.2d at 1031 n.13.

This Court has recognized that there are generally four types of complaints that can be considered "shotgun pleadings":

1. [A] complaint containing multiple counts where each count adopts the allegations of all preceding counts;

2. a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;

3. a complaint that does not separate into a different count each cause of action or claim for relief; or

4. a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Bartol*, 251 F. Supp. 3d at 859 (citation and quotations omitted). The common thread running through each of these categories is "that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. (citation omitted).

Here, Plaintiff's Complaint undoubtedly falls within the first category. Each of the four counts in Plaintiff's Complaint indiscriminately incorporates the 37 paragraphs of preceding factual averments. Compl. ¶¶ 38, 41, 44, 44. And the Eleventh Circuit, which courts within the Third Circuit often cite for the law on shotgun pleadings,[4] has characterized a similar complaint as "an all-too-typical shotgun pleading." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (evaluating a complaint in which four counts incorporated all 43 numbered paragraphs of preceding factual allegations).

Plaintiff's Complaint also falls squarely within the fourth category of shotgun. The basis for Plaintiff's negligence claim against Serrano is clear. But the rest of the Complaint falls into the

---

[4] *Bartol*, 251 F. Supp. 3d at 859 n.3 (explaining that "district courts within the Third Circuit often cite to the Eleventh Circuit" because it "has articulated the bulk of existing law" on shotgun pleadings).

fourth category because it asserts three claims against six defendants without specifying which of them are responsible for which acts or omissions. Throughout the Complaint, Plaintiff collectively refers to DAT Solutions and the other business entities as the "Zeisloft Defendants."

The "parties" section of Plaintiff's Complaint devotes a single paragraph to each of those entities. *Id.* at ¶¶ 3-7. But beyond that, Plaintiff alleges almost no specific facts about any of individual defendants in that group. *Id.* ¶¶ 1-6, 8-59. The only fact Plaintiff alleges about the a specific entity is that "Defendant Zeisloft" owned the Mack truck that Serrano was driving at the time of the accident.[5] *Id.* at ¶¶ 14, 21, 30. And even those averments are unclear since they could pertain to Zeisloft Trucking or Zeisloft Ventures. Plaintiffs pleads no facts demonstrating the conduct of any of the business entity defendants. *See id*.

Counts II, III, and IV of the Complaint are equally unspecific. Each of those counts is generally directed to the "Zeisloft Defendants." *See id*. ¶¶ 9, 41-59. The threadbare allegations in support of those claims fail to specify which of the defendants are responsible for which acts or omissions. *See, e.g., id.* at ¶ 11 (asserting without elaboration that all the defendants to this action "owned, managed, directed and controlled" all other defendants).

The cumulative effect of this shotgun approach is that Counts II through IV of the Complaint contain irrelevant factual allegations and legal conclusions that are generally directed to group of six parties. DAT Solutions cannot defend this action if it does not know what claims are being brought against it and "which [acts] it allegedly committed." *See Grande v. Starbucks Corp.*, No. CV 18-04036, 2019 WL 1455445, at *3 (E.D. Pa. Apr. 2, 2019); *Bartol*, 251 F. Supp. 3d at 859-60. And Plaintiff's Complaint does not give DAT Solutions the "fair notice" required by

---

[5] The Complaint includes three allegations phrased in singular form that identify "Defendant Zeisloft" as the "owner of the 2001 white Mack truck" that Serrano was operating at the time of the accident. Compl. ¶¶ 14, 21, 30.

8

the pleading rules. *Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8(a)(2). As a result, Counts II through IV of the Complaint should be dismissed to the extent that they are directed to DAT Solutions.

### III. Plaintiff's Complaint also fails to state plausible claims for vicarious liability, negligent entrustment, or negligent hiring and supervision against DAT Solutions.

Dismissal of Plaintiff's claims against DAT Solutions is appropriate not only because the Complaint is a shotgun pleading, but also because it fails to meet the plausibility standard.

Count II of the Complaint alleges a vicarious liability claim seeking to hold the "Zeisloft Defendants" liable for Serrano's alleged negligence. Compl. ¶¶ 41-43. To state a plausible vicarious liability claim, a plaintiff must identify the agent, "set forth the agent's authority," and identify how the agent's tortious acts "either fall within the scope of that authority, or, if unauthorized, were ratified by the principal." *Jakubiec v. Camp Nock-A-Mixon, Inc.*, 2011 U.S. Dist. LEXIS 27900, at *7-8 (E.D. Pa. 2011). Yet Plaintiff's Complaint fails to allege even basic facts plausibly suggesting that DAT Solutions can be held vicariously liable for Serrano's conduct. Plaintiff does not allege that Serrano was an employee or agent of DAT Solutions. Nor does he alternatively allege such a relationship between Serrano and each of the individual parties that comprise the "Zeisloft Defendants."

Though not specifically stated, Plaintiff appears to suggest that each of the defendants are liable for each other's acts under an alter-ego theory of liability. *See* Compl. ¶¶ 10-11 (alleging that "all Defendants owned, managed, and directed and controlled all other Defendants" and that "Zeisloft Defendants were corporations or other jural entities which acted by or through their subsidiaries and/or employees"). That theory ignores that "Pennsylvania does not allow recovery unless the party seeking to pierce the corporate veil on an alter-ego theory establishes that the controlling corporation wholly ignored the separate status of the controlled corporation and so dominated and controlled its affairs that its separate existence was a mere sham." *See McGee v.*

*Johnson & Johnson*, No. CV 21-639, 2023 WL 4765454, at *13 (W.D. Pa. July 26, 2023) (internal citations and quotations omitted). Plaintiff makes no allegations that DAT Solutions controlled—or had any form of relationship with—the other defendants. Thus, his conclusory allegations alluding to the Zeisloft Defendants' alter-ego status are insufficient to support a plausible vicarious liability claim.

Plaintiff's negligent hiring, selection, retention, and supervision in Count IV of the Complaint fail for identical reasons. Under Pennsylvania law, each of those theories of liability is generally "predicated upon an employer-employee relationship." *Adames v. May Furniture, Inc.*, No. 1:17-CV-00652, 2019 WL 8937042, at *8 (M.D. Pa. Nov. 26, 2019) (collecting cases). Again, there are no allegations that DAT Solutions had an employer-employee relationship with Serrano. Plaintiff alleges no facts suggesting that DAT Solutions had direct control over his actions. And Plaintiff's alter-ego theory fails for the reasons discussed above. It follows that Plaintiff's Complaint stops well short of pleading any facts that would give rise to a plausible inference that DAT Solutions was negligent in hiring, selecting, retaining, or supervising Serrano.

Finally, In Count III of the Complaint Plaintiff asserts a negligent entrustment claim against the "Zeisloft Defendants." Compl. ¶¶ 44-46. That claim is particularly illustrative of the problems with Plaintiff's shotgun approach to pleading. Under Pennsylvania law, the standard for proving liability on a theory of negligent entrustment is as follows:

> It is negligence to permit a third person to use a thing or to engage in an activity *which is under the control of the actor*, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

*See Phillips v. Lock*, 86 A.3d 906, 913 (Pa. Super. 2014) (citations omitted) (emphasis added). In the motor vehicle context, liability for negligent entrustment attaches only when a defendant allows a third person to use a vehicle that is under that defendant's control. *See Donegal Mut. Ins.*

*Co. v. Fackler*, 835 A.2d 712, 720 (Pa. Super. 2003) (citing Restatement (Second) of Torts § 308). Here, then, the threshold inquiry centers on which defendant owned and controlled the Mack truck that Serrano was driving at the time of the accident.

The Complaint contains three references to a party identified in the singular as "Defendant Zeisloft" as the "owner of the 2001 white Mack truck" that Serrano was operating at the time of the accident. Compl. ¶¶ 14, 21, 30 (alleging that, at the time of the accident, "Defendant Serrano was the licensed operator of a 2001 white Mack truck, baring license plate number NJ AX748H … *owned by Defendant Zeisloft*" (emphasis added)). A reasonable reading of those allegations is that Zeisloft Trucking or Zeisloft Ventures controlled the truck. One would thus expect Plaintiff's negligent entrustment claim to be directed to those parties. Yet Plaintiff inexplicably directs that claim "Zeisloft Defendants" as a collective. To the extent that Plaintiff is attempting to hold DAT Solutions liable for negligent entrustment, that claim fails at the threshold element because DAT Solutions did not own or control the truck.

## CONCLUSION

For these reasons, DAT Solutions respectfully requests that this Honorable Court grant its Rule 12 Motion and dismiss Plaintiff's Complaint as to DAT Solutions with prejudice.

Respectfully submitted,

Dated: May 10, 2024

By: /s/ *Daniel Donnelly*
Francis J. Deasey, Esquire
Daniel F. Donnelly, Esquire
**DEASEY, MAHONEY & VALENTINI, LTD.**
1601 Market Street, Suite 3400
Philadelphia, Pennsylvania 19103
(215) 587-9400
fdeasey@dmvlawfirm.com
ddonnelly@dmvlawfirm.com

*Attorneys for Defendant, DAT Solutions, LLC*