## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERIBERTO COLON-TORRES,<br>*Plaintiff*, | ) ) ) | |
| v. | ) ) | Case No. 5:24-CV-01745 |
| OCTAVIO SERRANO, ZEISLOFT TRUCKING,<br>LLC d/b/a ZEISLOFT LOGISTICS a/k/a<br>ZEISLOFT TRUCKING OF WEST DEPFORD<br>a/k/a CHARLES D. ZEISLOFT TRUCKING,<br>ZEISLOFT VENTURES, ROCK PRODUCTS,<br>INC., SAINT NICK LOGISTICS, LLC., DAT<br>SOLUTIONS, LLC, JOHN DOE, and ABC<br>COMPANY,<br>*Defendants*. | ) ) ) ) ) ) ) ) ) ) ) | |

### PLAINTIFF'S RESPONSE IN OPPOSITION
### TO DEFENDANT DAT SOLUTIONS, LLC'S MOTION TO DISMISS

Plaintiff, Heriberto Colon-Torres, ("Mr. Colon-Torres"), by and through his attorneys, Jonathan M. Cohen, L.L.C., hereby submits this Response In Opposition to Defendant DAT Solutions, LLC's ("Defendant DAT Solutions") Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and, in accordance with Local Rule 7.1(c) of the District Court of the Eastern District of Pennsylvania, hereby submits an annexed Memorandum of Law in support thereof.

Respectfully submitted,

**JONATHAN M. COHEN, LLC**

BY:   *Steven J. Carroll*
STEVEN J. CARROLL, ESQ.
3510 Baring Street
Philadelphia, PA 19104
Jonathan.cohen@jmcesq.com
scarroll@jmcesq.com
(215) 592-4445
*Attorneys for Plaintiff, Heriberto Colon-Torres*

DATED: May 24, 2024

<u>**CERTIFICATE OF SERVICE**</u>

I, Jonathan M. Cohen, Esquire, hereby certify that a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendant DAT Solutions, LLC's Motion to Dismiss and supporting Memorandum of Law were sent to the following counsel of record via the Court's ECF system and email on May 24, 2024:

Deasey, Mahoney & Valentini, LTD.
Francis J. Deasey, Esquire
Daniel F. Donnelly, Esquire
1601 Market Street, Suite 3400
Philadelphia, Pennsylvania 19103
T: (215) 587-9400
fdeasy@dmvlawfirm.com
ddonnelly@dmvlawfirm.com
*Attorneys for Defendant, DAT Solutions, LLC*

Swartz Campbell LLC
2001 Market Street, Suite 2815
Philadelphia, PA 19103
Michael A. Cognetti, Esquire
William F. Conway, Esquire
Kristin S. Mutzig, Esquire
wconway@swartzcampbell.com
mcognetti@swartzcampbell.com
kmutzig@swartzcampbell.com
*Attorneys for Defendants, Octavio Serrano, Zeisloft Trucking, LLC, and Zeisloft Ventures*

I further certify that the foregoing was served upon the following parties via U.S. Mail:

Rock Products, Inc.
1675 Crown Point Road
West Deptford, NJ 08086

Saint Nick Logistics, LLC
c/o Rawle & Henderson, L.L.P.
725 Skippack Pike, Suite 230
Adam C. Lazarow, Esquire
alazarow@rawle.com
*Attorney for Defendant Saint Nick Logistics, LLC*

By:   */s/ Steven J. Carroll*
Steven J. Carroll, Esquire
Jonathan M. Cohen, L.L.C.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERIBERTO COLON-TORRES,<br>　　　　　*Plaintiff,* | )<br>)<br>) | |
| v. | )<br>) | Case No. 5:24-CV-01745 |
| OCTAVIO SERRANO, ZEISLOFT TRUCKING,<br>LLC d/b/a ZEISLOFT LOGISTICS a/k/a<br>ZEISLOFT TRUCKING OF WEST DEPFORD<br>a/k/a CHARLES D. ZEISLOFT TRUCKING,<br>ZEISLOFT VENTURES, ROCK PRODUCTS,<br>INC., SAINT NICK LOGISTICS, LLC., DAT<br>SOLUTIONS, LLC, JOHN DOE, and ABC<br>COMPANY,<br>　　　　　*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT DAT SOLUTIONS,
LLC'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)**

**INTRODUCTION**

This case concerns a personal injury action resulting from a motor vehicle accident that occurred on March 9, 2022, around 6:00 pm in Pottstown, Pennsylvania. At that time, Plaintiff, Heriberto Colon-Torres ("Mr. Colon-Torres"), was driving on Route 422 East in his Blue 1994 Honda Civic in the right lane of travel, when, without warning, Octavio Serrano ("Defendant Serrano"), who was in the left lane, changed from the left lane into Mr. Colon-Torres' lane of travel, causing a violent collision. (Compl. ¶¶ 21-5). Defendant Serrano was operating a Mack CH613 semi-trailer truck with an attached dual rear axle trailer, when he caused Mr. Colon-Torres' to lose control of his Civic, crash into and bounce off the median, and then shoot into the right lane and collide with the side of Defendant Serrano's semi-trailer truck. *Id.* at ¶¶ 26-7. Mr. Colon-Torres was dragged, trapped in his crushed vehicle, for several hundred feet before their vehicles came to a rest. *Id.* at ¶ 30. After the crash, a police report was generated that identified

the semi-trailer truck as being registered to Zeisloft Trucking ("Defendant Zeisloft").[1] *Id.* at ¶¶ 28-33.

Due to the accident, Mr. Colon-Torres suffered serious and permanent injuries, including a traumatic brain injury, rib and sternal fractures, and other severe contusions and hematomas. *Id.* at ¶ 36. Mr. Colon-Torres had a sizeable portion of his skull removed to address a subdermal hematoma, and he had to endure additional fixations and neurological procedures. *Id.* The prognosis for Mr. Colon-Torres includes ongoing medical treatments, surgeries, and physical therapy. *Id.*

On March 7, 2024, Mr. Colon-Torres filed a personal injury action in the Court of Common Pleas of Philadelphia County against Defendant Serrano ("Defendant Serrano"), Zeisloft Trucking, LLC, d/b/a Zeisloft Logistics a/k/a Zeisloft Trucking a/k/a Zeisloft Trucking of West Deptford a/k/a Charles D. Zeisloft Trucking, Zeisloft Ventures, Rock Products, Inc., Saint Nick Logistics, LLC, and DAT Solutions, LLC (hereinafter collectively as the "Defendants"). *See* Plaintiff's Complaint (Mar. 7, 2024), attached herein as Exhibit "A."

On April 25, 2024, Defendant, DAT Solutions, LLC ("Defendant DAT Solutions"), filed a Notice of Removal to which Plaintiff will timely file a Motion for Remand.[2] (ECF 1).  On May

---

[1]     *See* Compl. ¶ 34. On or about April 25, 2022, Defendant Serrano pleaded guilty to a violation of Pa. C.S.A. § 3334(a). Turning movements and required signals, which provides, in pertinent part:

Upon a roadway no person shall turn a vehicle or move from one traffic lane to another or enter the traffic stream from a parked position unless and until the movement can be made with reasonable safety nor without giving an appropriate signal in the manner provided in this section.

[2]     Defendant's Motion to Dismiss should not be ruled upon until Defendant DAT Solutions Notice of Removal is decided. This Court has routinely determined that subject matter jurisdiction must be established as a threshold matter prior to ruling on the merits of a Rule 12(b)(6) motion. *See Ahern v. BJ's Wholesale Club*, 2020 WL 1308216 at *3 (E.D.P.A. Mar. 18, 2020) (citing 5B Wright and A. Miller, Federal Practice and Procedure § 1350, n. 39 (2009)) ("While Defendants' argument may be appropriate for a Rule 12(b)(6) motion to dismiss analysis, that issue cannot be considered until I determine whether I have subject-matter jurisdiction over this case. In order to discern whether jurisdiction exists, I must consider whether Defendants have met their more difficult burden of not just proving that the claims against Breslin are implausible under a 12(b)(6) standard, but that the claims are not

10, 2024, Defendant DAT Solutions filed the instant Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *See* DAT Solutions, LLC's Motion to Dismiss (May 10, 2024) (ECF 7). In its Motion, Defendant DAT Solutions prematurely asserts a liability defense as its basis to seek dismissal from this Court, obviously in advance of discovery and Summary Judgement. Disputing facts and liability are not proper grounds for a 12(b)(6) motion. *Id.* at *2 n.1. Defendant DAT Solutions argues that they should be dismissed because it was "lumped" together with other defendants. *Id.* at *2.

Mr. Colon-Torres executed a well-pleaded complaint that correctly identified Defendant DAT Solutions' relationship with the other named defendants and sufficiently alleged vicariously liability, negligent entrustment, and negligent hiring and supervision against Defendant DAT Solutions. (Compl. ¶¶ 41-59). For the reasons set forth below, Defendant DAT Solutions' 12(b)(6) Motion should be denied.

## QUESTIONS PRESENTED

1.   Whether this Court should delay ruling on Defendant DAT's Solutions' Motion to Dismiss pending the Court's decision on Plaintiff's soon to be filed Motion to Remand?

   *Suggested Answer*:   Yes.

2.   Whether this Court, if it ever must rule on Moving Defendant's Motion to Dismiss, should find that Plaintiff's claims against Defendant DAT Solutions are well-pleaded within Plaintiff's Complaint, and should therefore deny Defendant DAT Solutions' Motion to Dismiss, where Plaintiff's 17-page Complaint properly avers that Defendant DAT Solutions facilitated or failed to prevent the negligent use of the vehicle driven by Defendant Serrano and registered to Defendant Zeisloft, all of which must be taken as true when deciding Moving Defendant's instant Motion?

   *Suggested Answer*:   Yes.

---

'colorable' such that Breslin was 'fraudulently joined' as a defendant. Only if Defendants prove fraudulent joinder may I disregard Breslin's citizenship and exercise diversity jurisdiction over this case.").

## PROCEDURAL HISTORY

On March 9, 2024, Mr. Colon-Torres filed a civil action Complaint in the Court of Common Pleas of Philadelphia County. *See* Ex. A. This personal injury case was removed to this Court on April 25, 2024. (ECF 1). On May 10, 2024, Defendant DAT Solutions filed the subject 12(b)(6) Motion to Dismiss. (ECF 7). In opposition to the moving Defendants Motion, Plaintiff submits the instant Response in Opposition and supporting Memorandum of Law.

## STATEMENT OF RELEVANT FACTS

On March 9, 2022, Plaintiff, Heriberto Colon-Torres, was driving his 1994 Blue Honda Civic, traveling Eastbound in the right lane of Route 422 in Pottstown, Pennsylvania. (Compl. ¶¶ 21, 24). Defendant Serrano was operating a 2001 white Mack truck registered to Defendant Zeisloft, driving Eastbound in the left lane of Route 422 a short distance behind Mr. Colon-Torres' vehicle. *Id.* at ¶¶ 22-3. Defendant Serrano initiated a lane change from the left lane into the right lane of Route 422. *Id.* at ¶ 25. Defendant Serrano initiated this lane change while driving extremely close to Mr. Colon-Torres' Civic. In order to avoid a crash when Defendant Serrano caused the semi-trailer truck to come very close to the back of Mr. Colon-Torres' Civic, Mr. Colon-Torres veered his Civic into the left lane, impacting the median wall and bouncing back into the right lane where Mr. Colon-Torres' Civic violently impacted the approximate midpoint of the truck. *Id.* at ¶¶ 25-7. Mr. Colon-Torres suffered severe, permanent injuries after several violent impacts and after his Civic was dragged several hundred feet by Defendant Serrano's semi-trailer truck. *Id.* at ¶¶ 21-37.

In its 12(b)(6) Motion, Defendant DAT Solutions largely argues that "the Complaint offers no specific[] details about the roles that DAT Solutions or the other entity defendants allegedly played in causing his injuries." (ECF 7 at *4). However, one of the other "Zeisloft

4

Defendants," Defendant Saint Nick Logistics, LLC, states on its website that Defendant DAT Solutions' "platform" is utilized to guarantee the safety of shipments. "FTL Services", Saint Nick Logistics, (Copyright 2024), *available at https://www.saintnicklogistics.com/ftl-services*.

## APPLICABLE LAW

### I.   THE COURT SHOULD DELAY RULING ON DEFENDANT DAT SOLUTIONS' MOTION TO DISMISS UNTIL AFTER RULING ON PLAINTIFF'S MOTION TO REMAND

A Fed.R.Civ.P. 12(b)(6) motion to dismiss analysis is premature when subject-matter jurisdiction remains at issue. *See Ahearn v. BJ's Wholesale Club, Inc.*, No. 19-3012, 2020 WL 1308216 at *3 (E.D. Pa. Mar. 18, 2020) ("While Defendants' arguments may be appropriate for a Rule 12(b)(6) motion to dismiss analysis, that issue cannot be considered until I determine whether I have subject-matter jurisdiction over this case."); *see also Harris v. Miller's Ale House, Inc.*, No. 23-03349, 2023 WL 7544998 at *3 n.1 (E.D. Pa. Nov. 13, 2023) ("This Court agrees with the analysis in *Ahearn* [. . .]").

Based on the Court's consistent findings that subject-matter jurisdiction must be established before a Rule 12(b)(6) analysis is appropriate, Plaintiff respectfully requests for this Court to delay ruling on the Moving Defendant's Motion until ruling on Plaintiff's Motion to Remand which will be filed within thirty (30) days of the Notice of Removal filed by Defendant DAT Solutions on April 25, 2024, prior to final judgement and in accordance with 28 U.S.C. § 1447.

### II.   IF PLAINTIFF'S MOTION TO REMAND IS DENIED, THEN THE COURT SHOULD DENY DEFENDANT DAT SOLUTIONS' 12(b)(6) MOTION BECAUSE PLAINTIFF'S COMPLAINT IS PLEADED IN ACCORDANCE WITH FED.R.CIV.P. 8(a)

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain:

> (1)    a short and plain statement of the ground for the court's
> jurisdiction, unless the court already has jurisdiction and the claim needs no new
> jurisdictional support;
>     (2)    a short and plain statement of the claim showing that the pleader is
> entitled to relief; and
>     (3)    a demand for the relief sought, which may include relief in the
> alternative or different types of relief.

Fed.R.Civ.P. Rule 8(a) (citations omitted). "Federal Rule of Civil Procedure 8(a)(2) requires

only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in

order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it

rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In evaluating a Rule 12(b)(6)

motion, courts "accept all factual allegations as true, construe the complaint in the light most

favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint,

the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d

Cir. 2008) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 (3d Cir. 2002). In *Phillips*,

the Third Circuit clarified the Supreme Court's standard in *Twombly*:

> [A] claim requires a complaint with enough factual matter (taken as true) to
> suggest the required element. This does not impose a probability requirement at
> the pleading stage, but instead simply calls for enough facts to raise a reasonable
> expectation that discovery will reveal evidence of the necessary element.

*Id.* at 234 (citations omitted). Precisely put, "there must be some showing sufficient to justify

moving the case beyond the pleadings to the next stage of litigation." *Id.* at 234-35.

To survive a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell

Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[I]n most cases, motions to dismiss are

limited to the purported deficiencies of a plaintiff's communication of its allegations in the

complaint—in other words, the adequacy of the notice." *Brown v. Gov't of District of Columbia*,

390 F.Supp.3d 114, 123 (D.D.C. 2019); *accord Bartol v. Barrowclough*, 251 F.Supp.3d 855, 859

(E.D. Pa. 2017) (a plaintiff's complaint must "give the defendants adequate notice of the claims

against them and the grounds upon which each claim rests."). Further, "it is well established that

the Court's analysis of any applicable defenses advanced in opposition to claims that have been

properly pleaded are to be reserved for later stages of the litigation" if the evaluation of those

defenses "require[s] further factual development." *Id.*

In the instant case, Plaintiff's Complaint pleaded a factual basis—which must be

accepted as true—to support moving this case beyond the pleadings to the next stage of

litigation. First, Plaintiff's Complaint correctly identifies Defendant DAT Solutions as a

"corporation, partnership, limited partnership, limited liability company, or other entity

organization," subject to jurisdiction in Pennsylvania. (Compl. ¶ 7). Then, Plaintiff's Complaint

describes that the named defendant entities "may be collectively referred to as 'Zeisloft

Defendants' for the entirety of the Complaint." *Id.* at ¶ 9. Next, Plaintiff's Complaint states that,

"all Defendants owned, managed, directed, and controlled all other Defendants, and the business

of all Defendants was a necessary and indispensable part of the business of all other

Defendants." *Id.* at ¶ 11. Plaintiff's Complaint then identifies the relationship between the

defendant driver, Defendant Serrano, and the defendant entities and described that this accident

occurred within the scope of Defendant Serrano's employment or agency with the other

defendants:

> At all times relevant hereto, Defendant Serrano was acting with the express
> permission of and/or as an agent, workman, and/or employee on behalf [of]
> Zeisloft Defendants, in the course, scope, and authority of the relevant existing
> agency relationships among and between them.

*Id.* at ¶ 15. In the next paragraph, Plaintiff's Complaint pleaded the conduct on the part of the

Defendants that support this cause of action:

> At all times relevant hereto, Zeisloft Defendants acted and/or failed to act, both individually and by and through their actual and/or ostensible agent, servant, workman, and/or employee Defendant Serrano, who was, at all times relevant hereto, acting in the course and scope of the employment **or other agency relationship** with and on the behalf of Zeisloft Defendants.

*Id.* at ¶16 (emphasis added). Lastly, Plaintiff's Complaint specifically stated that "Plaintiff intends each and every paragraph of this Complaint, even if not so specifically stated, to be directed to each of the Defendants whether they were acting individually and/or jointly and severally." *Id.* at ¶ 18.

Count II of Plaintiff's Complaint pleaded vicarious liability against Defendant DAT Solutions and the other defendant entities for facilitating or failing to prevent the negligent conduct of Defendant Serrano. *Id.* at ¶¶ 41-3. However, vicarious liability was sufficiently pleaded against each defendant broadly enough to encapsulate that each defendant entity was liable for the accident. According to the Complaint:

> The aforesaid collision resulted from the negligence, carelessness, and recklessness of Defendant Serrano, who, at all times relevant hereto:
>     a.    was in an employee-employer relationship with, **or workman or agent for**, Zeisloft Defendants.

*Id.* at ¶ 42 (emphasis added). The facts of this case are simple; Defendant Serrano negligently operated a semi-trailer truck registered to Zeisloft Trucking in the course and scope of his employment **or as an agent for** the defendant entities, individually or jointly. Defendant DAT Solutions had fair notice of the claims set forth in Plaintiff's Complaint when it was served because, on its face, the Complaint identifies Defendant DAT Solutions as either facilitating or failing to prevent the negligent operation of Defendant Zeisloft's truck by Defendant Serrano.

### A.    Plaintiff's Complaint Sufficiently Pleaded Negligent Entrustment, Vicarious Liability and Negligent Hiring and Supervision in Counts II, III, and IV, Respectively, Against Defendant DAT Solutions.

Defendant DAT Solutions' argues that Plaintiff's Complaint deprives it of the "fair notice" required by the pleading rules, and cites to inapplicable case law that does not support its argument. (ECF 7 at *2). As the Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2006), "the pleading standard [Federal Rule of Civil Procedure] Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678.. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In reviewing a plaintiff's complaint, the court must "assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016); *see Phillips*, 515 F.3d at 231 ("the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits.").

In the instant case, Mr. Colon-Torres sufficiently pleaded the claims of negligent entrustment, vicarious liability, and negligent hiring and supervision against Defendant DAT Solutions per the *Twombly/Iqbal* standard and their progeny. In attributing Defendant Serrano's conduct to the defendant entities, including Defendant DAT Solutions, the Complaint sets forth the following basis for Vicarious Liability in Count II:

> The aforesaid collision resulted from the negligence, carelessness, and recklessness of Defendant Serrano, who, at all times relevant hereto:

9

    a.    was in an employee-employer relationship with, or workman **or agent for**, Zeisloft Defendants;

    b.    negligently, carelessly and/or recklessly operated Zeisloft Defendants' truck in the course and scope of Zeisloft Defendants' employment, **or while in the course and scope of acting as an agent** or workman for Zeisloft Defendants[.]

*Id.* at ¶ 42 (emphasis added). The Complaint also sets forth a sufficient basis for a negligent entrustment claim against Defendant DAT Solutions, one of the "Zeisloft Defendants", in Count III:

Upon information and belief, the negligence, careless and/or recklessness of Zeisloft Defendants, by and through their agents, servant, contractors, workmen and/or employees, consisted, *inter alia*, of the following:

    a.    failing to adequately investigate or assess the driving competency and/or qualification, expertise or level of expertise of Defendant Serrano, whom they permitted to operate the Truck;

    b.    failing to exercise reasonable control over the Truck with respect to the manner in which the Truck was operated;

    c.    permitting the Truck to be operated by a person whom they knew or should have known did not possess the requisite, proper or adequate driving skills to safely operate said Truck;

    d.    failing to reasonably, properly or adequately supervise Defendant Serrano;

    e.    failing to reasonably and/or properly monitor the safe driving abilities of Defendant Serrano;

    f.    allowing Defendant Serrano to operate and/or drive the Truck outside of the applicable aforementioned sections of the Pennsylvania Motor Vehicle Code; and

    g.    failing to comply with and confirm a history of compliance with Federal Motor Vehicle regulations, including, but not limited to, hours on duty/driving, hours not on duty/driving and/or maintaining adequate driver logs.

*Id.* at ¶ 45. Lastly, the Complaint sets forth Mr. Colon-Torres' claim of negligent

hiring/selection/supervision/retention against Defendant DAT Solutions in Count IV:

> Upon information and belief, the carelessness and negligence of Zeisloft Defendants individually and/or by and through their agents, servants, contractors, workmen, and/or employees, consisted of the following:

> a. failing to properly and adequately supervise their agents, servants, contractors, workmen, and/or employees with regard to operation of its vehicles;

> b. failing to adequately assess its agents, servants, contractors, workmen, and/or employees driving abilities;

> c. failing to ensure that its Truck was operated properly and safely;

> d. failing to provide the proper directives, materials, instructions, or orders for the proper and safe operation of its Truck;

> e. allowing unskilled, unqualified, and/or untrained individuals and/or entities to operate its vehicles;

> f. failing to train its agents, contractors, servants, work persons, and/or employees properly;

> g. failing to hire competent agents, contractors, servants, work persons, and/or employees;

> h. failing to use due care in investigating and selecting agents, contractors, servants, work persons, and/or employees to operate its vehicles;

> i. failing to warn Plaintiff of their failure to investigate and select competent agents, contractors, servants, work persons, and/or employees;

> j. failing to adopt, enact, employ, and enforce, proper and adequate safety programs, precautions, procedures, measures, and/or plans;

> k. failing to comply with and confirm a history of compliance with Federal Motor Vehicle regulations, including, but not limited to, hours on duty/driving, hours not on duty/driving and maintaining adequate driver logs; and

l.      hiring, selecting, and/or retaining incompetent and/or unskilled
        contractors, agents, servants, employees, and/or workmen.

*Id.* at ¶ 58.

The argument that Defendant DAT Solutions sets forth is that it can never be held liable

in any accident because of the nature of its business. Then, without supplying any evidence, let

alone any evidence this Court would somehow be bound to credit over Plaintiff's averments,

Moving Defendant boldly makes a closing argument to a jury:

> In much the same way that Craigslist operates a platform that allows a seller of
> used furniture to connect with potential buyers, DAT Solutions operates a system
> that allows brokers (those with to be shipped) to connect with carriers (such as
> long-haul truckers). DAT Solutions does not actually ship or carry freight from
> one point to another.

(ECF 7 at *2, n.1).

### B.      Defendant DAT Solutions' 12(b)(6) Motion to Dismiss Cites Inapplicable Case Law in an Attempt to Argue that Plaintiff's Complaint is a "Shotgun Pleading."

Defendant DAT Solutions cites *Jakubiec v. Camp Nock-A-Mixon, Inc.*, 2011 U.S. Dist.

LEXIS 27900, at *7-8 (E.D. Pa. 2011) in arguing that Plaintiff's Complaint did not sufficiently

establish the scope of authority. In *Jakubiec*, the plaintiff suffered an injury involving a jet ski

operated by defendant Lippincott and owned by defendant Camp Nock-A-Mixon. *Id.* at *1.

Dismissal for failure to state a claim of vicarious liability was appropriate in *Jakubiec* because,

although Lippincott was an employee of Camp Nock-A-Mixon, it was unclear whether

Lippincott's use of the jet ski at the time of the accident was within the scope of his employment.

*Id.* *3. In other words, the *Jakubiec* case pertains to a situation where the scope of employment

was at issue.

In contrast, Plaintiff's Complaint stated that Defendant Serrano was driving a commercial

semi-trailer truck registered to Defendant Zeisloft at the time of the accident, and alleged that

Defendant DAT Solutions was an entity responsible for the safe operation of Defendant Zeisloft's trucking operation at that time. Compl. ¶¶ 41-59. Unlike the use of a jet ski on the lake in *Jakubiec*, it is certainly reasonable for this Court to accept that the commercial truck driven by Defendant Serrano was driven in the course and scope of an agency or employment relationship with the other defendant entities. This is analogous to the situation in another case cited by Defendant DAT Solutions, *M.B. v. Schuylkill Cnty.*, 375 F.Supp.3d 574, 585 (E.D. Pa. 2019), in which this Court noted that, to give the defendant fair notice of what the claim is and the grounds upon which it rests "does not demand that the Court ignore or discount reality." *See Id.* at 585.

Additionally, Defendant DAT Solutions' Motion cites *Bartol v. Barrowclough*, 251 F.Supp.3d 855, 859 (E.D. Pa. 2017). *Bartol* is a civil rights case, and this Court has stated that civil rights claims may require more factual explication than others. *See M.B.*, 375 F.Supp.3d at 586 ("Assessing the sufficiency of a complaint, on a motion to dismiss for failure to state a claim, is a context-dependent exercise because some claims require more factual explication than others to state a plausible claim for relief."). The *Bartol* complaint was fifty-four (54) pages brought against any combination of seven defendants which was unclear as to which of the thirteen (13) causes of action, under § 1983 and state law, pertained to which defendants. *Id.* at 860. In *Bartol*, the problem was "worsened by the fact that each of the multiple counts 'adopts the allegations of all preceding counts.'" *Id.* (citing *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015)). The same problem in *Bartol* does not exist in Plaintiff's Complaint, where Counts II through IV are alleged against each defendant entity, and therefore, there is no confusion as to whether a claim that applies to one defendant entity does not also apply to the other. Compl. ¶¶ 41-59. In other words, the *Bartol* problem does not exist in

Plaintiff's Complaint because all defendant entities were alleged to be liable under the same theories of liability. *Id.*

To the extent that *Bartol* could apply to this matter, Defendant DAT Solutions misquotes this case to make the language appear more favorable to its argument. Specifically, DAT Solutions stated in its Motion:

> The reason for that criticism is that the shotgun approach conflicts with the two primary purposes of the rules requiring a plaintiff to plead facts with specificity: (1) to "weed out" frivolous claims at an early stage, and (2) to provide defendants "with sufficient notice of the claims being asserted."

Ex. B. at 6. To the contrary, the full quotation from *Bartol* states:

> [The Third Circuit] has explained that requiring a plaintiff to plead facts with specificity "has a twofold purpose: 1) to weed out at an early stage frivolous claims and **those that should be heard in state court**, and 2) to provide the defendant with sufficient notice of the claims asserted."

*Bartol*, 251 F.Supp.3d at 859 (citing *Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988). Indeed, Plaintiff will be seeking remand of this case, which involves garden variety trucking accident claims, which have been sufficiently pleaded.

Defendant DAT Solutions also cites *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997). The *Chudasama* court dismissed the plaintiff's complaint as a "shotgun pleading" largely because it was a fraud claim governed by Fed.R.Civ.P. Rule 9(b), which provides that fraud is a special matter which requires the plaintiff to state their claim with particularity. *See* Fed.R.Civ.P. Rule 9(b). Plaintiff has not pleaded fraud and moving Defendant's citation to *Chudasama* is silly outside of that context.

In challenging Plaintiff's negligent entrustment and negligent hiring, selection, retention, and supervision claims, Defendant DAT Solutions cites *Adames v. May Furniture, Inc.*, No. 1:17-CV-00652, 2019 WL 8937042, at *8 (M.D. Pa. Nov. 26, 2019). While the *Adames* case

involves a trucking accident, it does not conclude that this Plaintiff's claims are limited to the employer-employee context. According to the Restatement (Second) of Torts § 308, which Pennsylvania follows:

> It is negligence to permit a third person to **use a thing or to engage in an activity** which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

*Id.* at *4 (emphasis added); citing Restatement (Second) of Torts § 308. The *Adames* case stands for the argument that only an employer may be held liable under theories of negligent supervision; however, issues over the scope of employment are not appropriate for a Rule 12(b)(6) motion. *Id.* at *8. In this case, Plaintiff's Complaint sufficiently alleges that Defendant DAT Solutions permitted a third person to "use a thing or to engage in an activity" by way of its service that connects drivers, carriers, and shippers to each other. Furthermore, the *Adames* case pertains to a motion for summary judgment which is the appropriate stage of proceedings for Defendant DAT Solutions to argue why it is not liable for the severe harm caused to Mr. Colon-Torres. Defendant DAT Solutions uses *Donegal Mut. Ins. Co. v. Fackler*, 835 A.2d 713, 720 (Pa. Super. 2003) in the same way, and, again, this is a case that appropriately pertains to the summary judgment phase.

In further trying to prove that Plaintiff's Complaint is a "shotgun pleading," Moving Defendant cites *Grande v. Starbucks Corp.*, No. CV 18004036, 2019 WL 1455445, at *3 (E.D. Pa. Apr. 2, 2019). In *Grande*, the plaintiff alleged, in sum, that two different Starbucks locations failed to provide receipts, harassed the plaintiff, and failed to adequately clean restrooms over a period of nine (9) years. *Id.* at *1. The complaint in *Grande* had twelve counts generally against all of the defendants, without any stated particularity and, hence, the defendants did not know which acts they allegedly committed or where those acts allegedly occurred. *Id.* at *3. The

15

complaint in *Grande* did not give fair notice to the defendants because it was not possible to determine which defendants committed which allegations, nor did the complaint in *Grande* state when the tortious acts occurred within the nine (9) year duration for which the causes of action took place.

The *Grande* case cannot be compared to the instant matter because Plaintiff's Complaint leaves no room for interpretation about when the accident occurred and leaves no doubt over which named defendants are allegedly liable. Plaintiff's Complaint clearly identifies each Defendant entity, including Defendant DAT Solutions, in each well-pleaded claim. Compl. ¶¶ 41-59.

In sum, the Moving Defendant's instant Motion is nothing more than a grievance from Moving Defendant that it does not think that anyone should believe the averments in Plaintiff's Complaint.

**WHEREFORE**, if Plaintiff's Motion to Remand this case is denied, and this Court must rule on Defendant DAT Solution, LLC's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), then Plaintiff respectfully requests this Honorable Court to deny the moving Defendant's Motion.

<div style="margin-left:40%">

Respectfully submitted,

**JONATHAN M. COHEN, L.L.C.**

BY:  */s/Steven J. Carroll*
STEVEN J. CARROLL, ESQ.
JONATHAN M. COHEN, ESQ.
3510 Baring Street
Philadelphia, PA 19104
Jonathan.cohen@jmcesq.com
scarroll@jmcesq.com
(215) 592-4445
*Attorneys for Plaintiff,*
*Heriberto Colon-Torres*

</div>

DATED: May 24, 2024

## CERTIFICATE OF SERVICE

I, Jonathan M. Cohen, Esquire, hereby certify that a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendant DAT Solutions, LLC's Motion to Dismiss and supporting Memorandum of Law were sent to the following counsel of record via the Court's ECF system and email on May 24, 2024:

Deasey, Mahoney & Valentini, LTD.
Francis J. Deasey, Esquire
Daniel F. Donnelly, Esquire
1601 Market Street, Suite 3400
Philadelphia, Pennsylvania 19103
T: (215) 587-9400
fdeasy@dmvlawfirm.com
ddonnelly@dmvlawfirm.com
*Attorneys for Defendant, DAT Solutions, LLC*

Swartz Campbell LLC
2001 Market Street, Suite 2815
Philadelphia, PA 19103
Michael A. Cognetti, Esquire
William F. Conway, Esquire
Kristin S. Mutzig, Esquire
wconway@swartzcampbell.com
mcognetti@swartzcampbell.com
kmutzig@swartzcampbell.com
*Attorneys for Defendants, Octavio Serrano, Zeisloft Trucking, LLC, and Zeisloft Ventures*

I further certify that the foregoing was served upon the following parties via U.S. Mail:

Rock Products, Inc.
1675 Crown Point Road
West Deptford, NJ 08086

Saint Nick Logistics, LLC
c/o Rawle & Henderson, L.L.P.
725 Skippack Pike, Suite 230
Adam C. Lazarow, Esquire
alazarow@rawle.com
*Attorney for Defendant Saint Nick Logistics, LLC*

By:     */s/ Steven J. Carroll*
        Steven J. Carroll, Esquire

Jonathan M. Cohen, L.L.C

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERIBERTO COLON-TORRES,<br>      *Plaintiff*, | )<br>)<br>) | |
| v. | )<br>) | Case No. 5:24-CV-01745 |
| OCTAVIO SERRANO, ZEISLOFT TRUCKING,<br>LLC d/b/a ZEISLOFT LOGISTICS a/k/a<br>ZEISLOFT TRUCKING OF WEST DEPFORD<br>a/k/a CHARLES D. ZEISLOFT TRUCKING,<br>ZEISLOFT VENTURES, ROCK PRODUCTS,<br>INC., SAINT NICK LOGISTICS, LLC., DAT<br>SOLUTIONS, LLC, JOHN DOE, and ABC<br>COMPANY,<br>      *Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

## <u>ORDER</u>

**AND NOW**, this _____day of _____, 2024, upon consideration of

Plaintiff's Response in Opposition to Defendant DAT Solutions, LLC's Motion to Dismiss

Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF 7) and all

documents filed in connection therewith, **IT IS HEREBY ORDERED** that Defendant DAT

Solutions, LLC's Motion to Dismiss Plaintiff's Complaint is delayed until ruling on Plaintiff's

soon to be filed Motion to Remand.

**IT IS FURTHER ORDERED** that Defendant DAT Solutions, LLC's Motion to Dismiss

Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF 7) is **DENIED**.

**BY THE COURT:**

_____
**JEFFREY L. SCHMEHL, J.**

Date:

## <u>CERTIFICATE OF SERVICE</u>

I, Steven J. Carroll, Esquire, of Jonathan M. Cohen, L.L.C., hereby certify that a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendant DAT Solutions, LLC's Motion to Dismiss and supporting Memorandum of Law were sent to the following counsel of record via the Court's ECF system and email on May 10, 2024:

<div align="center">

Deasey, Mahoney & Valentini, LTD.
Francis J. Deasey, Esquire
Daniel F. Donnelly, Esquire
1601 Market Street, Suite 3400
Philadelphia, Pennsylvania 19103
T: (215) 587-9400
fdeasy@dmvlawfirm.com
ddonnelly@dmvlawfirm.com
*Attorneys for Defendant, DAT Solutions, LLC*

Swartz Campbell LLC
2001 Market Street, Suite 2815
Philadelphia, PA 19103
Michael A. Cognetti, Esquire
William F. Conway, Esquire
Kristin S. Mutzig, Esquire
wconway@swartzcampbell.com
mcognetti@swartzcampbell.com
kmutzig@swartzcampbell.com
*Attorneys for Defendants, Octavio Serrano, Zeisloft Trucking, LLC, and Zeisloft Ventures*

</div>

I further certify that the foregoing was served upon the following parties via U.S. Mail:

<div align="center">

Rock Products, Inc.
1675 Crown Point Road
West Deptford, NJ 08086

Saint Nick Logistics, LLC
c/o Rawle & Henderson, L.L.P.
725 Skippack Pike, Suite 230
Adam C. Lazarow, Esquire
alazarow@rawle.com
*Attorney for Defendant Saint Nick Logistics, LLC*

</div>

By:  */s/ Steven J. Carroll*
       Steven J. Carroll, Esquire
       Jonathan M. Cohen, L.L.C.