# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERIBERTO COLON-TORRES, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 5:24-CV-01745 |
| | ) | |
| OCTAVIO SERRANO, ZEISLOFT TRUCKING, | ) | |
| LLC d/b/a ZEISLOFT LOGISTICS a/k/a | ) | |
| ZEISLOFT TRUCKING OF WEST DEPTFORD | ) | |
| a/k/a CHARLES D. ZEISLOFT TRUCKING, | ) | |
| ZEISLOFT VENTURES, ROCK PRODUCTS, | ) | |
| INC., SAINT NICK LOGISTICS, LLC., DAT | ) | |
| SOLUTIONS, LLC, JOHN DOE, and ABC | ) | |
| COMPANY, | ) | |
| *Defendants*. | ) | |

---

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

---

## I.  <u>INTRODUCTION</u>

This is a negligence action arising from a motor vehicle accident originally filed on March 7, 2024, in the Pennsylvania Court of Common Pleas of Philadelphia County. Defendant, DAT Solutions, LLC, ("Defendant DAT") filed a Notice of Removal on April 25, 2024, in which it argues that its self-serving disagreement with Plaintiff's averments in the Complaint somehow renders Defendant DAT fraudulently joined, thereby, creating diversity jurisdiction. Defendant DAT is incorrect on all counts, and this matter should be remanded to the state court.

The Plaintiff in this matter is Heriberto Colon-Torres, who, on March 9, 2022, was driving his 1994 Blue Honda Civic Route 422 East in Pottstown, Pennsylvania. *See* Plaintiff's Complaint (Mar. 7, 2024) at ¶ 1, attached herein as Exhibit "A." On the same road, around 6:00 pm, Octavio Serrano ("Defendant Serrano") was driving a Mack CH613 semi-trailer registered with Zeisloft Trucking ("Defendant Zeisloft"), a commercial trucking company in New Jersey. *Id.* at ¶¶ 2-3; 22.

Mr. Colon-Torres was driving in the right lane, while Defendant Serrano was driving closely behind Mr. Colon-Torres in the left lane. *Id.* at ¶¶ 24-5. Without warning, Mr. Serrano changed lanes of traffic, from the left lane to the right, directly behind Mr. Colon-Torres' Civic. *Id.* at ¶ 25. By changing lanes so close to Mr. Colon-Torres' vehicle that it possibly struck the rear of his vehicle, Mr. Serrano caused Mr. Colon-Torres to lose all control of his car, crash into the median and then shoot back across traffic and collide with Mr. Serrano's dual rear axle semi-trailer. *Id.* at ¶¶ 25-8. Mr. Colon-Torres' Civic became lodged under the semi-truck and was dragged several hundred feet before the vehicles came to a rest. *Id.* at ¶ 30.

Plaintiff was seriously injured, and brought state law claims for personal injuries against the driver of the truck, Octavio Serrano ("Defendant Serrano"), the registered owners of the truck, Zeisloft Trucking, LLC, *et al.*, the sister-companies to Zeisloft, Rock Products, Inc. and Saint Nick Logistics, LLC, and the entity that facilitated the truck's shipment, DAT Solutions, LLC (hereinafter collectively as the "Defendants"). *See* Ex. A.

On April 25, 2024, Defendant DAT filed a Notice of Removal denying Pennsylvania citizenship, alleging complete diversity so this Court may exercise federal subject-matter jurisdiction over this case, thus invoking the doctrine of fraudulent joinder. (ECF 1). However, Defendant DAT failed to acknowledge that one of the other "Zeisloft Defendants," Defendant Saint Nick Logistics, LLC, states on its website that Defendant DAT's "platform" is utilized to "guarantee the safety of shipments," such as the trucking shipment here. *FTL Services*, Saint Nick Logistics, (Copyright 2024), *available at* https://www.saintnicklogistics.com/ftl-services.

Defendant DAT is a Pennsylvania citizen and its attempt to remove this action is without merit. At a minimum, factual disputes exist regarding the scope of Defendant DAT's duty and failure to safely facilitate the subject trucking shipment, which entitles Mr. Colon-Torres to

discovery and renders the claim of "fraudulent joinder" inappropriate. To establish complete diversity, Defendant DAT must claim that no member of the LLC was a Pennsylvania citizen at the time of removal, which it fails to do.

Defendant Zeisloft, has several sister companies also named in this lawsuit, e.g., Defendants Rock Products, Inc ("Defendant Rock Products"), and Saint Nick Logistics, LLC ("Defendant Saint Nick Logistics"). According to Defendant Saint Nick Logistics' website, "[w]e area a sister company of Zeisloft Trucking and Rock Products Inc which are backed by 58 years of extensive shipper and carrier knowledge along with our boundless network of carriers." *See About Us*, Saint Nick Logistics, (Copyright 2024), *available at* https://www.saintnicklogistics.com/about-us, attached hereto as Exhibit "B."



Ex. B. Defendant Saint Nick Logistics, by its own admission, provides full truckload shipping services by utilizing the services of Defendant DAT to "guarantee that our shipments will deliver safely and promptly as we utilize our DAT that allows us to monitor our carriers to make sure that they are always complying with FMCSA and DOT." *FTL Services*, Saint Nick Logistics,

(Copyright 2024), *available at https://www.saintnicklogistics.com/ftl-services*, attached hereto as Exhibit "C."



Ex. C. Within the portion quoted above, the blue bold print "DAT" is a hyperlink that directs its reader to Defendant DAT's website. *Homepage*, DAT Freight & Analytics, (Copyright 2024), *available at https://www.dat.com/*, attached hereto as Exhibit "D." On Defendant DAT's website, the only addresses available to contact it are in Pennsylvania and Oregon.



*See* Ex. D. at *Contact*, DAT Freight & Analytics, (Copyright 2024), *available at* https://www.dat.com/support. Defendant DAT's Philadelphia address is also confirmed by the

By Defendant DAT's own admission, its only member is DAT CNUS, Inc. *Id.* at ¶ 17. According to the Pennsylvania Department of State, DAT CNUS, Inc. is a Foreign Business Corporation formed in Delaware, with a registered office in Pennsylvania. *Business Search* of DAT CNUS, Inc., "History of DAT CNUS, Inc.," Pennsylvania Department of State (Copyright 2024), *available at* https://file.dos.pa.gov/search/business, attached herein as Exhibit "E." The registered office for DAT CNUS, Inc. is United Agency Group, Inc., which is located at 1001 State Street #1400 in Erie, Pennsylvania 16501. *Id.* Aside from identifying DAT CNUS, Inc. as a member, no materials were included with the Notice of Removal, nor were any assertions were made to shed light on the extent of DAT CNUS's Pennsylvania citizenship. (ECF 1). Instead, Defendant DAT provides a confused Declaration of its General Counsel, Joseph Doyle, which identifies Defendant DAT headquarters and formation in states other than Pennsylvania, which conflates the separate standard for unincorporated versus incorporated entities. (ECF 1) at Defendant's Exhibit D ("Def. Ex. D").

As more fully discussed herein, federal subject-matter jurisdiction based on diversity requires complete diversity based on the citizenship of a limited liability company's members and sub-members, which is different than the analysis for incorporated entities. For corporations, to determine citizenship for purposes of exercising federal subject-matter jurisdiction based on diversity, citizenship is based on a corporation's formation and principal place of business. Because Defendant DAT is a limited liability company, and not a corporation to otherwise establish its citizenship based on the locations of its headquarters, location of formation or principal place(s) of business, Mr. Doyle's Declaration is inapplicable here and does nothing to discount Defendant

DAT's Pennsylvania citizenship, and, hence, does nothing to persuade this Court that federal subject-matter jurisdiction exists. *See* (ECF 1) Def. Ex. D.

For all the reasons that follow, Defendant DAT has fallen short of proving its burden to show that this Court maintains diversity jurisdiction pursuant to the doctrine of fraudulent joinder. To the contrary, this Court should remand this matter to Philadelphia County where jurisdiction is proper.

## II.    QUESTION PRESENTED

1.  Whether this matter should be remanded when Removing Defendant failed to meet its heavy burden to show that it was fraudulently joined and did not establish, as required, that recovery against it is legally impossible, and thereby failed to prove diversity jurisdiction exists?

    *Suggested Answer*:    Yes.

## III.    FACTUAL BACKGROUND

Plaintiff, Heriberto Colon-Torres was a resident of Reading, Pennsylvania.[1] *See* Ex. A. ¶ 1 (Compl.). On March 9, 2022, around 6:14 p.m., Mr. Colon-Torres was driving his 1994 Blue Honda Civic on Route 422 in Pottstown, Pennsylvania in the right lane of traffic. *Id.* at ¶ 21. At the same time and place, in the left lane of traffic and closely behind Mr. Colon-Torres, Defendant Serrano was operating a 2001 white Mack truck registered to Defendant Zeisloft. *Id.* at ¶ 22. Both Mr. Colon-Torres and Defendant Serrano were traveling Eastbound on Route 422. *Id.* at ¶¶ 24-5. Without warning, Defendant Serrano initiated a lane change from the left lane, into the right lane extremely close in proximity to the rear of Mr. Colon-Torres' vehicle[2], causing a violent collision

---

[1]    Plaintiff's domicile and citizenship in Pennsylvania are not in dispute.

[2]    *See* Ex. A. at ¶¶ 28-9. According to the eyewitness, Ms. Paolucci, Defendant Serrano may have struck the rear of Mr. Colon-Torres' Civic during the lane change, and the police report noted that, after reviewing the dashcam footage, the truck appeared "very close" behind Plaintiff's Honda and possibly made physical contact with it.

by forcing Mr. Colon-Torres to lose control of his vehicle and crash into and bounce off of the left median and then shoot back right, crashing into the approximate center of the Mack truck's semi-trailer. *Id.* at ¶¶ 24-7. Mr. Colon-Torres Civic became lodged under the semi-trailer and was dragged for approximately 200 feet. *Id.* at ¶ 30.

According to the police report of the accident, Defendant Serrano stated that Mr. Colon-Torres' Civic was "behind him when it lost control and [Defendant Serrano] indicated he observed this in his mirror." *Id.* at ¶ 28. In the police report, however, this version of events was directly contradicted by eyewitness, Stephanie Paoculli, and by dashcam footage that captured events leading up to the accident. *Id.* at ¶ 29-32. According to the police report, Ms. Paoculli said, when Defendant Serrano changed lanes, the truck appeared "very close" behind Mr. Colon-Torres' Civic and possibly made physical contact with it. *Id.* at ¶ 29. After investigating the accident, the West Pottsgrove Police charged Defendant Serrano with careless driving.[3] *Id.* at ¶¶ 33-4.

The Complaint identifies these defendant entities collectively as the "Zeisloft Defendants." *Id.* at ¶ 9. The Complaint pleads that the "Zeisloft Defendants" were individually and jointly responsible for the safe operation of the Mack truck that Defendant Serrano was operating when this accident occurred. *Id.* at ¶¶ 14-20, and that the Zeisloft Defendants are vicariously and directly liable for the severe and permanent harm caused to Mr. Colon-Torres resulting from this preventable accident. *Id.* at ¶¶ 14-20.

On March 7, 2024, this personal injury action was initiated in the Common Pleas Court of Philadelphia County, Pennsylvania. *See* Ex. A. The Complaint named several defendant entities within or related to the Defendant Zeisloft hierarchy, which heavily participates in Pennsylvania's

---

[3]　　On or about April 25, 2022, Defendant Serrano pleaded guilty to a violation of Pa. C.S.A. § 3334(a). Turning movements and required signals. (Ex. A at ¶ 34).

commercial trucking business. *Id.* at ¶¶ 4-12. The Complaint contains fifty-nine (59) paragraphs

over seventeen (17) pages which provide clear notice of the claims against Defendant DAT. *Id.*

The Complaint accurately identified Defendant DAT as an entity with citizenship in

Pennsylvania. *Id.* at ¶ 7. The Complaint includes a well-pleaded negligence claim against

Defendant Serrano based on his dangerous operation of the Mack truck, which caused the accident.

*Id.* at ¶¶ 38-40. The Complaint also includes Defendant DAT as one of the vicariously liable entities

who had, at least, an agency relationship with Defendant Serrano at the time he was operating the

truck registered to Defendant Zeisloft. *Id.* at ¶¶ 41-3. Further, the Complaint includes well-pleaded

claims against Defendant DAT in Claims III through IV, including negligent entrustment and

negligent hiring / selection / supervision / retention, respectively. *Id.* at ¶¶ 44-59.

On April 25, 2024, Defendant DAT filed a Notice of Removal, and removed this action

from the Court of Common Pleas of Philadelphia County to this Court. (ECF 1). On May 10, 2024,

Defendant DAT filed a separate Motion to Dismiss Plaintiff's Complaint as against Defendant

DAT. (ECF 7).[4] Defendant DAT argues this case was properly removed to the District Court for

the Eastern District of Pennsylvania based on its incorrect claim that there is complete diversity of

the parties. (ECF 1). However, Defendant DAT fails to support its burden to show that it was a

fraudulently joined party, and fails to identify its sub-members to support its citizenship outside of

Pennsylvania. Instead, Defendant DAT merely names one member, DAT CNUS, Inc., and ignores

---

[4]      For the reasons set forth herein, it is hereby requested that this Motion for Remand be ruled upon prior to this
Court reviewing Defendant DAT's Motion to Dismiss. This Court has routinely determined that subject matter
jurisdiction must be established as a threshold matter prior to ruling on the merits of a Rule 12(b)(6) motion. *See Ahern
v. BJ's Wholesale Club*, 2020 WL 1308216 at *3 (E.D.P.A. Mar. 18, 2020) (citing 5B Wright and A. Miller, Federal
Practice and Procedure § 1350, n. 39 (2009)) ("While Defendants' argument may be appropriate for a Rule 12(b)(6)
motion to dismiss analysis, that issue cannot be considered until I determine whether I have subject-matter jurisdiction
over this case. In order to discern whether jurisdiction exists, I must consider whether Defendants have met their more
difficult burden of not just proving that the claim against Breslin are implausible under a 12(b)(6) standard, but that
the claims are not 'colorable' such that Breslin was 'fraudulently joined' as a defendant. **Only if Defendants prove
fraudulent joinder may I disregard Breslin's citizenship and exercise diversity jurisdiction over this
case**.")(emphasis added).

that DAT CNUS, Inc. has its registered office in Erie, Pennsylvania, which only indicates additional ties to the state of Pennsylvania. *Id.* at ¶ 17. The only support for Removing Defendant's argument was an attached Declaration by general counsel for Defendant DAT that states, "[n]either DAT Solutions, LLC nor DAT CNUS, Inc. has a principal place of business in the Commonwealth of Pennsylvania." Def. Ex. D. at ¶ 6. As noted above, Mr. Doyle's Declaration identifies citizenship of Defendant DAT if the diversity jurisdiction analysis pertained to a corporation, but he does not specifically declare or show a lack of Pennsylvania citizenship based on the citizenship of Defendant DAT's members and sub-members, which is the correct test to establish federal subject-matter jurisdiction based on diversity. *See Id.* Mr. Doyle's Declaration also fails to identify any sub-members of Defendant DAT's "only member", DAT CNUS, Inc. *Id.* at ¶ 5. If, *in arguendo*, this Declaration *did* correctly apply the citizenship test for a limited liability company to establish diversity jurisdiction and *did* list additional members and/or sub-members, this Declaration would still fall woefully short of showing that Defendant DAT was fraudulently joined as a party to this matter. *Id.*

## IV.   APPLICABLE LAW AND LEGAL ARGUMENT

### A.   This Court Should rule on Plaintiff's Motion to Remand Before Ruling on Defendant DAT's Pending Motion to Dismiss

Plaintiff's Motion to Remand is being filed after Plaintiff's Response in Opposition to Defendant DAT's 12(b)(6) Motion to Dismiss (ECF 8). Because subject-matter jurisdiction remains at issue in this case, Plaintiff respectfully requests that this Court rule on the instant Motion to Remand before ruling on Removing Defendant's 12(b)(6) Motion (ECF 7). *See Ahearn v. BJ's Wholesale Club, Inc.*, No. 19-3012, 2020 WL 1308216 at *3 (E.D. Pa. Mar. 18, 2020) ("While Defendants' arguments may be appropriate for a Rule 12(b)(6) motion to dismiss analysis, that issue cannot be considered until I determine whether I have subject-matter jurisdiction over this

case."); *see also Harris v. Miller's Ale House, Inc.*, No. 23-03349, 2023 WL 7544998 at *3 n.1 (E.D. Pa. Nov. 13, 2023) ("This Court agrees with the analysis in *Ahearn* [. . .]").

Based on the Court's consistent rulings that federal subject-matter jurisdiction must be established before a Rule 12(b)(6) analysis is proper, the instant Motion to Remand must be ruled upon before Defendant DAT's 12(b)(6) Motion, because Defendant DAT incorrectly asserts that federal subject-matter jurisdiction exists in this case based on complete diversity of the parties.

### B.    Defendant DAT Failed to Meet Its Burden For Removal

Removal to Federal Court is governed by 28 U.S.C. § 1441(a), which provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

The removal statutes are to be "strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-on Tools, Corp.*, 913 F.2d 108, 111 (3d Cir. 1990); *see also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 854 (3d Cir. 1992). Removal is restricted to instances in which the statutes clearly permit it and, to this end, the Court is required to resolve all doubts in favor of remand. *Id.* "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only be demonstrating that the non-diverse party was fraudulently joined." *Id.* at 851. The removing party carries a "heavy burden of persuasion" to show fraudulent joinder. *Id.* (citing *Steel Valley Author. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1012 n. 6 (3d Cir. 1987)).

Fraudulent joinder is shown where there is "no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Batoff*, 977 F.2d at 851 (citing *Boyer*, 913 F.2d at 111). However, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983)). In evaluating fraudulent joinder, the district court must "focus on the plaintiff's complaint at the time the petition for removal was filed," and must assume as true all factual allegations of the complaint. *Id.* at 851-82 (quoting *Steel Valley*, 809 F.2d at 1010).

The removing party bears the burden of demonstrating that the district court has jurisdiction. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *see also Steel Valley*, 809 F.2d at 1010 ("[T]he removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."). This policy "has always been rigorously enforced by the courts." *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

District courts have original jurisdiction of all claims arising under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. However, if plaintiff's case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper. *Roxbury Condo. Assoc., Inc. v. Anthony S. Cupo Agency*, 316 F.3d 224, 227 (3d Cir. 2003); *see Brown v. Francis*, 75 F.3d 860, 864 (3d Cir. 1996) (finding removal under 28 U.S.C. § 1441 is proper only if the federal district court would have had original jurisdiction if the case was filed in federal court.) The "jurisdictional prerequisite to removal is an absolute, non-waivable requirement." *Brown*, 75 F.3d at 865 (citing *Allbritton Communications Co. v. NLRB*, 766 F.2d 812, 820 (3d Cir. 1985). The

removal statute should be strictly construed, and all doubts resolved in favor of remand because "lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985); *see Boyer*, 913 F.2d at 111. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded to state court. 28 U.S.C. § 1447(c).

Defendant DAT is a limited liability company with citizenship in Pennsylvania. *See* Ex. A. The jurisdictional rule for establishing subject-matter jurisdiction for limited liability corporations was established in *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) ("the citizenship of partnerships and other unincorporated associates is determined by the citizenship of its partners or members."); *see Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008). A district court's member determination is not limited to the extent of a limited liability company's primary member(s):

> When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well.

*Skywark v. Healthbridge Management, LLC*, 2015 WL 13621058, No. 15-00058-BRJ (W.D. Pa. Jul. 22, 2015) (quoting *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

### 1. Complete Diversity Does Not Exist to Warrant Removal—Plaintiff, Heriberto Colon-Torres, is Domiciled in Pennsylvania And Defendant, DAT Solutions, LLC, is a Pennsylvania Citizen

Complete diversity does not exist in this action. The diversity statute requires complete diversity of citizenship; a district court cannot exercise subject-matter jurisdiction based on complete diversity if one of the plaintiffs shares the same state citizenship as any one of the

defendants. *See IFC Interconsult, AG v. Safeguard Int'l Partners, LLC*, 438 F.3d 298, 303 (3d Cir. 2006); *Development Finance Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995) (*citing Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1906)); *see also Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008). In lawsuits that involve multiple defendants, where at least one defendant is a citizen of the forum state, 28 U.S.C. § 1441(b) prohibits removal, "because the likelihood of local bias against all defendants is too remote to warrant removal." *Miller v. Piper Aircraft, Inc.*, 2009 U.S. Dist. LEXIS 32451, *20 (E.D. Pa. April 15, 2009).

"A party's citizenship is determined by [his/]her domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" *Washington v. Hovensa, LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (citing *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006). The party asserting diversity "retains the burden of proving that diversity of citizenship exists [. . .]." *Id.* (internal citations omitted). A limited liability corporation's domicile is the state in which any member or sub-member is a citizen. *Skywark*, 2015 WL 13621058 at *3.

Defendant DAT is a citizen of Pennsylvania, according to the citizenship test for limited liability corporations, which is necessary to show complete diversity between the parties so this Court may exercise federal subject-matter jurisdiction based on diversity. *See* Ex. A. Defendant DAT limits its removal argument to asserting federal subject-matter jurisdiction based on complete diversity, but fails to show that it was an improperly joined party. *See* (ECF 1). Defendant DAT purports to have a headquarters in Oregon and Colorado, but was formed in Delaware. *Id.* at ¶ 17. Because Defendant DAT is a limited liability company, accepting as true that the headquarters and

location of formation are in states other than Pennsylvania still does nothing to show that Defendant DAT is not a citizen of Pennsylvania.

Defendant DAT has the burden of proving that complete diversity exists, and, since there is no diversity between Plaintiff, Mr. Colon-Torres, and Defendant DAT, this is an impossible task. To establish federal subject-matter jurisdiction based on diversity, a limited liability company must establish the citizenship of its members, including sub-members, but Defendant DAT fails to identify sub-members, and, instead, provides locations for its headquarters and its formation. *See* (ECF 1) at ¶ 17. Although Defendant DAT identifies one of its members, DAT CNUS, Inc., it does not identify any sub-members, nor does it support its argument with any information about DAT CNUS, Inc. *Id.* What is known about DAT CNUS, Inc. is that it is a corporation with a registered office in, of all places, Pennsylvania. *See* Ex. E.



Ex. E. *Business Search* of DAT CNUS, Inc., Pennsylvania Department of State (Copyright 2024), *available at* https://file.dos.pa.gov/search/business.



Ex. E. at *History of DAT CNUS, Inc.*, Pennsylvania Department of State (Copyright 2024), *available at* https://file.dos.pa.gov/search/business.

Again, it is the removing party's burden to show that complete diversity exists, and Defendant DAT provides nothing to counter the ample amount of information that attributes this entity to Pennsylvania. These ties to Pennsylvania are best described by showing how Plaintiff first learned that Defendant DAT was involved in this matter.

Defendant DAT is a citizen of Pennsylvania and the attached screenshot exhibits of the associated websites serve to extinguish the Removing Defendant's effort to show that it was a fraudulently joined party. *See* Exhibits B and C (Defendant Saint Nick's website that indicates a "safety guarantee" that is ensured by Defendant DAT); *see also* Exhibits D and E (Defendant DAT's website indicates a location at a Pennsylvania address confirmed by the Pennsylvania State Department's *Business Search*). Plaintiff's Complaint alleges that Defendant DAT put the subject truck on Pennsylvania roadways and facilitated or failed to prevent the accident and related harm caused to Mr. Colon-Torres. *See* Ex. A. Defendant DAT had duty to provide safe transport on the

heavily populated roadways in Pennsylvania, which was admitted on Defendant Saint Nick Logistics own website ("[we] guarantee that our shipments will deliver safely and promptly as we utilize our DAT [. . .]."). *See* Ex. B and C. And, Defendant Saint Nick Logistics website links directly to Defendant DAT's website. *See* Ex. D. If Zeisloft and it sister companies are all citizens of New Jersey, then Defendant DAT bridged-the-gap between the interests and operation of Defendant Zeisloft with the usage of Pennsylvania's roadways.

### 2. Defendant DAT Fails to Show It Was a Fraudulently Joined Party.

While Defendant DAT advances several arguments for removal, it fails to show Mr. Colon-Torres fraudulently joined Defendant DAT, and this showing is a necessary condition to remove a case based on diversity. "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Boyer*, 913 F.2d at 111. Plaintiff's Complaint is does not make any claims that warrant federal subject matter jurisdiction based on federal question, nor does Defendant DAT seek to remove this case based on federal question jurisdiction. Plaintiff's Complaint is entirely rooted in Pennsylvania tort law claims and there would be no support for federal question jurisdiction. In accordance with *Boyer*, without federal question, and despite Defendant DAT failing to specifically allege fraudulent joinder in its Notice to Remove, the Notice must be interpreted as an allegation that the removing party was fraudulently joined as a defendant. *See* (ECF 1); *see also Boyer*, 913 F.2d at 111.

Fraudulent joinder is the principle that the "fraudulent" addition of a non-diverse defendant cannot be used to defeat the right of removal. *Frank v. E.S.P.N.*, 708 F.Supp. 693, 694 (W.D. P.A. 1989). A defendant raising the issue of "fraudulent joinder" must demonstrate that claims alleged against the non-diverse defendant could not possibly impose liability under the applicable state

16

law and the facts alleged. *Buchanan v. Delaware Valley News*, 571 F.Supp.868, 870 (E.D. Pa. 1983); *Newman v. Forward Lands, Inc.*, 418 F.Supp. 134, 136 (E.D. Pa. 1976); *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979); *Dailey v. Elicker*, 447 F.Supp. 436, 438 (D. Colo. 1978).

A finding of fraudulent joinder is "usually reserved for situations where recovery from the non-diverse defendant is a clear legal impossibility." *West v. Marriott Hotel Servs., Inc.*, No. 10-4130, 2010 WL 4343540, *3 (E.D. Pa. Nov. 2, 2010) (emphasis added). "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *In re Briscoe*, 448 F.3d at 217 (quoting *Batoff*, 977 F.2d at 851-52). Thus, the fraudulent joinder analysis contains both objective and subjective components. However, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court [. . .]." *Id.* Thus, unless the claims against the non-diverse defendant could be deemed "wholly insubstantial and frivolous" the claims against the resident-defendant cannot be considered fraudulent. *Id.* at 218.

Upon review of a claim of fraudulent joinder, "the district court must focus on the Plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint." *In re Briscoe*, 448 F.3d at 217 (quoting *Batoff*, 977 F.2d at 851-52). Further, the district court must "resolve any uncertainties as to the current state of the controlling substantive law in favor of the plaintiff." *Id.*

Lastly, a district court must not step "from the threshold jurisdictional issue into a decision on the merits." *Boyer*, 913 F.2d at 112; *see also Batoff*, 977 F.2d at 852. "Assuming a district court can 'pierce the pleadings' to determine whether a plaintiff has asserted a colorable claim against

17

the non-diverse defendant, 'that inquiry is far different from the summary judgment type inquiry.'"

*In re Briscoe*, 448 F.3d at 218 (*quoting Boyer*, 913 F.2d at 112). Further, "[t]he court may not find

that the non-diverse parties were fraudulently joined based on its view of the merits…." *Id.* "Such

a determination must be left to the state court." *Id.*

       Defendant DAT fails to show fraudulent joinder in its Notice to Remove—which is its

burden to show—instead, it merely provides a one-page Declaration that, by stating the locations

of its headquarters and formation. Plaintiff's counsel was diligent in bringing these allegations,

and as the Complaint and the instant Motion make clear, numerous sources identify Defendant

DAT as a Pennsylvania citizen.

       Plaintiff's Complaint sets forth detailed claims of negligence against the defendant driver,

and sufficiently pleaded vicarious liability claims against Defendants Zeisloft, Rock Products, Inc.,

Saint Nick Logistics, LLC and DAT Solutions, LLC. According to Defendant Saint Nick Logistics

website, "[w]e are a sister company of Zeisloft Trucking and Rock Products, Inc. which are backed

by 58 years of extensive shipper and carrier knowledge along with our boundless network of

carriers." *See* Ex. B and C. Defendant Saint Nick Logistics, LLC purports to implement

"innovative fright technology into our workflow to better serve you through real time *visibility,*

*safety* and *efficiency*." Saint Nick Logistics, *Technology*, (Copyright 2024), *available at*

*https://www.saintnicklogistics.com/technology*, attached hereto as Exhibit "F." Defendant Saint

Nick Logistics admits responsibility for the "*visibility*, *safety*, and *efficiency* of the operation of

Defendants Zeisloft and Rock Products, Inc.'s trucking operation.



Ex. F.

Additionally, by Defendant Saint Nick Logistics own admission, the services it provides includes a "guarantee that our shipments will deliver safely and promptly as we utilize our **DAT** that allows us to monitor our carriers to make sure that they are always complying with FMCSA and DOT." *See* Exhibits B, C, and F. (emphasis added). Importantly, the "*Services*" section of Defendant Saint Nick Logistics, LLC's website includes a hyperlink on the word "DAT" in the previously quoted portion—this hyperlink directs the reader straight to Defendant DAT Solutions, LLC's website. *See* Ex. D (*Homepage*, DAT Freight and Analytics (Copyright 2024 DAT Solutions, LLC) *available at* https://www.dat.com/.). The existence of factual disputes regarding the citizenship of Defendant DAT and its relationship to the other defendants, renders joining Defendant DAT non-fraudulent. Plaintiff's claims against Defendant DAT are proper and warrant discovery (and trial) in Plaintiff's chosen forum.

The negligent actions of Defendant Serrano were in direct contrast the safety guarantee provided by Defendant Saint Nick Logistics and Defendant DAT. A factual dispute would exist if

any of the named Defendants were to allege that Defendant Serrano was safely driving the Mack truck at the time of the accident, and, a factual dispute currently exist because Defendant DAT proclaims to be without attributable fault for any of Plaintiff's claims. The instant arguments must be evaluated in the light most favorable to the Plaintiff, and Discovery is necessary in this matter because the relationship between Defendants Saint Nick Logistics and DAT is integral to the explain why this accident happened on March 9, 2022, and why safety was casually ignored by these defendant entities. *Batoff*, 977 F.2d at 851 (3d Cir. 1992).

### 3.   The Declaration By General Counsel, Joseph Doyle, Esq, Fails to Support the Argument that Defendant DAT Was Fraudulently Joined

Defendant DAT limits its argument by attempting to show that complete diversity exists, which requires the removing party to allege fraudulent joinder. To support removal, Defendant DAT attached to its Notice of Removal a Declaration of its general counsel, Joseph Doyle. (ECF 1) Def. Ex. D. Mr. Doyle's Declaration states that Defendant DAT is a limited liability company formed and existing under the laws of the State of Delaware and has headquarters in Beaverton, Oregon and Denver, Colorado. *Id.* While, on its face, looks convincing enough to enough to suggest that Defendant DAT may not have a principal place of business or headquarters in Pennsylvania, the Declaration fails to establish the citizenship, which, given that Defendant DAT is a limited liability company, is a requirement in the Pennsylvania district courts. *Id.* Specifically, Mr. Doyle's Declaration dictates the requirement for establishing the citizenship of a corporation, which is entirely different from how citizenship is established for limited liability companies. *Id.*

"A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010); *see Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008). The Third Circuit declined to extend the jurisdictional rule established for corporations to

unincorporated entities. *Id.* In declining to extend this rule, the Third Circuit in *Zambelli* concluded that "a limited liability company, as an unincorporated business entity, should be treated as a partnership for purposes of establishing citizenship." *Id.* at 420. The jurisdictional rule for limited liability corporations was established in *Zambelli*, i.e., "the citizenship of partnerships and other unincorporated associates is determined by the citizenship of its partners or members." *Id.* (citing *Swiger*, 540 F.3d at 182).

Accordingly, this Court must decline to accept Mr. Doyle's Declaration as supportive of Defendant DAT's argument because this statement would only matter if Defendant DAT was a corporation. Instead, as a limited liability company, Defendant DAT's citizenship is identified by the citizenship of its members and sub-members.

Despite the inapplicability of Mr. Doyle's Declaration, Defendant DAT does acknowledge the identity of one of its members within its Notice: "Because DAT Solutions is limited liability company, it takes on the citizenship of all its members." (ECF) ¶ 17. According to Defendant DAT's Notice, "DAT Solutions' only member is DAT CNUS, Inc., a Delaware corporation with a principal place of business in Colorado." *Id.*

Again, the citizenship of Defendant DAT is identified by its members *and* its sub-members. If Mr. Doyle's Declaration was accepted as a true statement made with binding authority to speak on the behalf of Defendant DAT, it still fails to show that Defendant DAT is not a citizen of Pennsylvania. *Id.* The Declaration suggests that Defendant DAT was formed in Delaware with headquarters in Oregon and Colorado. *Id.* at ¶¶ 3-4. This would be persuasive in a jurisdictional analysis for an incorporated entity but means nothing to the determination of Defendant DAT's citizenship. *Id.* Although the Declaration identifies DAT CNUS, Inc. as a member of Defendant DAT, it is absent further material identifying this member; and, it fails to identify sub-members.

*Id.* at ¶¶ 5-6. Identifying Defendant DAT's "only member" actually provides further support that it is a Pennsylvania citizen—a business entity search of DAT CNUS, Inc. shows that its registered office is in Pennsylvania. *Id.*; *see also* Ex. F. In sum, Defendant DAT did not show that complete diversity exists for diversity jurisdiction purposes, because Defendant DAT was not a fraudulently joined party. Because Defendant DAT failed to satisfy their burden to prove that they were fraudulently joined, removal to this Court was improperly based upon diversity jurisdiction. Instead, for all of the reasons stated herein, this Court should remand this matter back to where jurisdiction is proper, the Common Pleas Court of Philadelphia County.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion to Remand with prejudice, Remand this case to the Court of Common Pleas of Philadelphia County, and have the Clerk of the Court close this matter.

Respectfully submitted,

BY:    */s/ Steven J. Carroll*
       STEVEN J. CARROLL, ESQUIRE
       JONATHAN M. COHEN, ESQUIRE

       **JONATHAN M. COHEN, L.L.C.**
       3510 Baring Street
       Philadelphia, PA 19104
       T: (215) 592-4445
       scarroll@jmcesq.com
       jonathan.cohen@jmcesq.com
       *Attorneys for Plaintiff, Heriberto Colon-Torres*

Dated: May 28, 2024

# EXHIBIT A

**JONATHAN M. COHEN, L.L.C.**

Jonathan M. Cohen, Esquire
Identification No.: 69062
3510 Baring Street
Philadelphia, PA 19104
T: (215) 592-4445 | F: (215) 592-4080
Jonathan.cohen@jmcesq.com



*Filed and Attested by the
Office of Judicial Records
07 MAR 2024 08:02 pm
C. SMITH*

*Attorney for Plaintiff*

| | | |
|---|---|---|
| HERIBERTO COLON-TORRES | : | COURT OF COMMON PLEAS |
| 212 North Front Street | : | PHILADELPHIA COUNTY, PA |
| Reading, Pennsylvania 19601 | : | |
| | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | MAJOR JURY TRIAL DEMANDED |
| v. | : | |
| | : | _____TERM, 2024 |
| OCTAVIO SERRANO | : | No. _____ |
| 387 East Cornell Street | : | |
| Vineland, New Jersey 08360 | : | |
| | : | |
| and | : | |
| | : | |
| ZEISLOFT TRUCKING, L.L.C., d/b/a | : | |
| ZEISLOFT LOGISTICS a/k/a ZEISLOFT | : | |
| TRUCKING a/k/a ZEISLOFT TRUCKING | : | |
| OF WEST DEPTFORD a/k/a CHARLES | : | |
| D. ZEISLOFT TRUCKING | : | |
| 1699 Crown Point Road | : | |
| West Deptford, New Jersey 08086 | : | |
| | : | |
| and | : | |
| | : | |
| ZEISLOFT VENTURES | : | |
| 1699 Crown Point Road | : | |
| West Deptford, New Jersey 08086 | : | |
| | : | |
| and | : | |
| | : | |
| ROCK PRODUCTS, INC. | : | |
| 1675 Crown Point Road | : | |
| West Deptford, New Jersey 08086 | : | |
| | : | |
| And | : | |
| | : | |
| SAINT NICK LOGISTICS, L.L.C. | : | |
| 1699 Crown Point Road | : | |
| West Deptford, New Jersey 08086 | : | |

Case ID: 240300861

|                                                                                                                                                                                                      |   |
|---|---|
| and                                                                                                                                                                                                  | : |
|                                                                                                                                                                                                      | : |
|                                                                                                                                                                                                      | : |
| DAT SOLUTIONS, L.L.C.                                                                                                                                                                                 | : |
| PO Box 783801                                                                                                                                                                                         | : |
| Philadelphia, PA 19178-3801                                                                                                                                                                           | : |
|                                                                                                                                                                                                      | : |
| and                                                                                                                                                                                                  | : |
|                                                                                                                                                                                                      | : |
| JOHN DOE                                                                                                                                                                                              | : |
| Individual that was an owner, maintainer, possessor, and/or otherwise legally responsible for the care, custody control, and safety of DEFENDANTS' vehicle on March 9, 2022                          | : |
|                                                                                                                                                                                                      | : |
| and                                                                                                                                                                                                  | : |
|                                                                                                                                                                                                      | : |
| ABC COMPANY                                                                                                                                                                                           | : |
| Entity that was an owner, maintainer, possessor, and/or otherwise legally responsible for the care, custody, control, and safety of DEFENDANTS' vehicle on March 9, 2022.                            | : |
| Defendants.                                                                                                                                                                                           | : |

## NOTICE TO DEFEND – CIVIL ACTION
## 2V – MOTOR VEHICLE ACCIDENT

### NOTICE

**You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff.**

### AVISO

**Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla**

Case ID: 240300861

You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

**MONTGOMERY COUNTY BAR ASSOCIATION**
**Lawyer Reference Service**
**100 W. Airy Street (REAR)**
**Norristown, PA 19401**
**Telephone: (610) 279-9660 Ext. 201**
**www.montgomerybar.org**

con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

**ASOCIACION DE LICENCIADOS MONTGOMERY**
**Servicio De Referencia E**
**Informacion Legal**
**Norristown, PA 19401**
**Telephono: (610) 279-9660**
**www.montgomerybar.org**

Case ID: 240300861

**JONATHAN M. COHEN, L.L.C.**
Jonathan M. Cohen, Esquire
Identification No.: 69062
3510 Baring Street
Philadelphia, PA 19104
T: (215) 592-4445 | F: (215) 592-4080
Jonathan.cohen@jmcesq.com                                    *Attorney for Plaintiff*

| | | |
|---|---|---|
| HERIBERTO COLON-TORRES | : | COURT OF COMMON PLEAS |
| 212 North Front Street | : | PHILADELPHIA COUNTY, PA |
| Reading, Pennsylvania 19601 | : | |
| | : | CIVIL TRIAL DIVISION |
| Plaintiff, | : | MAJOR JURY TRIAL DEMANDED |
| v. | : | |
| | : | _____TERM, 2024 |
| | : | No. _____ |
| OCTAVIO SERRANO | : | |
| 387 East Cornell Street | : | |
| Vineland, New Jersey 08360 | : | |
| | : | |
| and | : | |
| | : | |
| ZEISLOFT TRUCKING, L.L.C., d/b/a | : | |
| ZEISLOFT LOGISTICS a/k/a ZEISLOFT | : | |
| TRUCKING a/k/a ZEISLOFT TRUCKING | : | |
| OF WEST DEPTFORD a/k/a CHARLES | : | |
| D. ZEISLOFT TRUCKING | : | |
| 1699 Crown Point Road | : | |
| West Deptford, New Jersey 08086 | : | |
| | : | |
| and | : | |
| | : | |
| ZEISLOFT VENTURES | : | |
| 1699 Crown Point Road | : | |
| West Deptford, New Jersey 08086 | : | |
| | : | |
| and | : | |
| | : | |
| ROCK PRODUCTS, INC. | : | |
| 1675 Crown Point Road | : | |
| West Deptford, New Jersey 08086 | : | |
| | : | |
| And | : | |
| | : | |
| SAINT NICK LOGISTICS, L.L.C. | : | |
| 1699 Crown Point Road | : | |
| West Deptford, New Jersey 08086 | : | |

Case ID: 240300861

| | : |
|---|---|
| and | : |
| | : |
| DAT SOLUTIONS, L.L.C. | : |
| PO Box 783801 | : |
| Philadelphia, PA 19178-3801 | : |
| | : |
| and | : |
| | : |
| JOHN DOE | : |
| Individual that was an owner, maintainer, | : |
| possessor, and/or otherwise legally | : |
| responsible for the care, custody control, | : |
| and safety of DEFENDANTS' vehicle on | : |
| March 9, 2022 | : |
| | : |
| and | : |
| | : |
| ABC COMPANY | : |
| Entity that was an owner, maintainer, | : |
| possessor, and/or otherwise legally | : |
| responsible for the care, custody, control, | : |
| and safety of DEFENDANTS' vehicle on | : |
| March 9, 2022. | : |
| Defendants. | : |

## COMPLAINT - CIVIL ACTION
## 2V - MOTOR VEHICLE ACCIDENT

### THE PARTIES

1.      Plaintiff, Heriberto Colon-Torres (hereinafter "Plaintiff"), is an adult individual

who, at all times relevant hereto, resided at 212 North Front Street, Reading, Pennsylvania

19601.

2.      Defendant Octavio Serrano (hereinafter "Defendant Serrano"), is an adult

individual who, at all times relevant hereto, resided at 387 East Cornell Street, Vineland, New

Jersey 08360.

3.      At all times relevant hereto, Defendant Zeisloft Trucking, L.L.C., d/b/a Zeisloft

Logistics a/k/a Zeisloft Trucking a/k/a Zeisloft Trucking of West Deptford a/k/a Charles D.

2

Case ID: 240300861

Zeisloft Trucking, was a corporation, partnership, limited partnership, limited liability company, or other entity organization and maintained a principle place of business at 1699 Crown Point Road, West Deptford, PA 08086, and conducted regular and continuous business within the City and County of Philadelphia and the Commonwealth of Pennsylvania.

4.      At all times relevant hereto, Defendant Zeisloft Ventures is a corporation, partnership, limited partnership, limited liability company, or other entity organization and maintained a principle place of business at 1699 Crown Point Road, West Deptford, PA 08086, and conducted regular and continuous business within the City and County of Philadelphia and the Commonwealth of Pennsylvania.

5.      At all times relevant hereto, Defendant Rock Products, Inc., is a corporation, partnership, limited partnership, limited liability company, or other entity organization and maintained a principle place of business at 1675 Crown Point Road, West Deptford, PA 08086, and conducted regular and continuous business within the City and County of Philadelphia and the Commonwealth of Pennsylvania.

6.      At all times relevant hereto, Defendant Saint Nick Logistics, L.L.C., is a corporation, partnership, limited partnership, limited liability company, or other entity organization and maintained a principle place of business at 1699 Crown Point Road, West Deptford, PA 08086, and conducted regular and continuous business within the City and County of Philadelphia and the Commonwealth of Pennsylvania.

7.      At all times relevant hereto, Defendant DAT Solutions, L.L.C., is a corporation, partnership, limited partnership, limited liability company, or other entity organization and maintained a principle place of business at PO Box 783801, Philadelphia, PA 19178-3801.

Case ID: 240300861

8.      At all times relevant hereto, Defendant ABC Company is the fictitious name of an unknown business entity with an unknown address of service that was an owner, maintainer, possessor, and/or otherwise legally responsible for the care, custody, control, and safety of DEFENDANTS' vehicle on March 9, 2022.

9.      Hereinafter in this Complaint, Defendants named in paragraphs three (3) through eight (8) above may be collectively referred to as "Zeisloft Defendants" for the entirety of the Complaint.

10.     Defendant John Doe is the fictious name of an unknown individual with an unknown address of service that was an owner, maintainer, possessor, and/or otherwise legally responsible for the care, custody, control and safety of DEFENDANTS' vehicle on March 9, 2022.

11.     Hereinafter in this Complaint, Defendants named in paragraphs two (2) through ten (10) above may be collectively referred to as "Defendants" for the entirety of this Complaint, and at all times relevant hereto, all Defendants named in this Complaint engaged in systematic, continuous, and regular business in the Commonwealth of Pennsylvania, and continuously and regularly conducted a substaintial part of their regular business in the City and County of Philadelphia[1]; and at all times relevant hereto, all Defendants owned, managed, directed, and controlled all other Defendants, and the business of all Defendants was a necessary and indispensable part of the business of all other Defendants.

---

[1] Zeisloft Trucking, LLC, has admitted in verified pleadings in this Court that they "conducted regular business within the City and County of Philadelphia and Commonwealth of Pennsylvania." *See* Answer of Defendants Felipe Echevarria and Zeisloft Truckinig, LLC, with New Matter and New Matter in the Nature of A Counterclaim for Contribution Addressed to Plaintiff Debra A. Downing, Case No. 2203029824, filed in the Philadelphia County Court of Common Pleas.

Case ID: 240300861

12.     At all times relevant hereto, Zeisloft Defendants were corporations or other jural entities which acted by or through their subsidiaries and /or employees and/or agents acting within the course and scope of their employment and/or agency.

13.     At all times relevant hereto, Plaintiff was the owner and operator of a 1994 Blue Honda Civic, baring VIN # JHMEG1141RS004521.

14.     At all times relevant hereto, Defendant Zeisloft was the owner of a 2001 white Mack truck, model CH613, baring VIN # 1M1AA14Y31W136905.

15.     At all times relevant hereto, Defendant Serrano was acting with the express permission of and/or as an agent, workman, and/or employee on behalf Zeisloft Defendants, in the course, scope, and authority of the relevant existing agency relationships among and between them.

16.     At all times relevant hereto, Zeisloft Defendants acted and/or failed to act, both individually and by and through their actual and/or ostensible agent, servant, workman, and/or employee Defendant Serrano, who was, at all times relevant hereto, acting in the course and scope of the employment or other agency relationship with and on the behalf of Zeisloft Defendants.

17.     At all times relevant hereto, Zeisloft Defendants presented, represented, and held out Defendant Serrano as an agent, servant, and/or employee of Zeisloft Defendants, and/or others such that a reasonable person would conclude that Defendant Serrano was, in fact, the agent, servant, and/or employee of Zeisloft Defendants.

18.     At all times relevant hereto, Zeisloft Defendants, were and are vicariously liable for the actions or inactions of their agent, servant, work person, contactor, and/or employee, Defendant Serrano, and accordingly, Plaintiff intends each and every paragraph of this

5

Case ID: 240300861

Complaint, even if not so specifically stated, to be directed to each of the Defendants whether they were acting individually and/or jointly and severally.

19.     Zeisloft Defendants are directly and vicariously liable to Plaintiff for the negligence, carelessness, recklessness, and/or wrongful acts or omissions of persons and/or entities whose conduct was under their control, or right to control, and which conduct directly and proximately caused Plaintiff's injuries and damages.

20.     At all times relevant hereto, Defendant Zeisloft, individually and/or jointly, was responsible, whether solely or along with others, for the selection, investigation, qualifications, certification, monitoring, control or right to control, direction, hiring, and/or retention of Defendant Serrano for the specific purpose of controlling and operating the 2001 white Mack truck owned by Defendant Zeisloft.

## OPERATIVE FACTS

21.     On or about March 9, 2022, at around 6:14 p.m., Plaintiff Heriberto Colon-Torres ("Plaintiff") was the licensed owner and operator of a 1994 Blue Honda Civic (hereinafter "Honda") traveling Eastbound on Route 422, mile-marker 422, Pottstown, Pennsylvania.

22.     At the aforementioned time and place, Defendant Serrano was the licensed operator of a 2001 white Mack truck, baring license plate number NJ AX748H (hereinafter "the Truck"), owned by Defendant Zeisloft, traveling eastbound behind Plaintiff.

23.     At the aforementioned time and place, trailing the Truck was a duel rear axle semi-trailer, bearing license plate number NJ TJV89F (hereinafter "the Trailer"), owned by Defendant Zeisloft.

24.     Upon information and belief, and at the aforementioned time and place, Plaintiff was traveling in the right lane of Route 422 Eastbound.

Case ID: 240300861

25.     Upon information and belief, and at the aforementioned time and place, Defendant Serrano initiated a lane change of the Truck from the left lane into the right lane of Route 422 Eastbound.

26.     Upon information and belief, and at the aforementioned time and place, Defendant Serrano was operating the Truck in a careless and reckless manner, driving extremely close to Plaintiff.

27.     Upon information and belief, at the aforementioned time and place, and as a result of the careless and reckless driving of Defendant Serrano, in order to avoid a collision Plaintiff veered his Honda to the left, crossing into the left lane, impacting the median wall, and then crossed back to the right, impacting the approximate midpoint of the Truck.

28.     According to the March 9, 2022, Police Report, that purports to document collected facts and circumstances regarding the subject incident, Defendant Serrano stated that Plaintiff's Honda was "behind him when it lost control and indicated he observed this in his mirror;" this version of events was directly contradicted by eyewitness Stephanie Paoculli and by the images taken of the accident and recorded by the dashcam mentioned in paragraph 32.

29.     According to the Police Report, an eyewitness, Stephanie Paolucci, stated that when the Defendants' Truck changed lanes, it appeared "very close" behind Plaintiff's Honda and possibly made physical contact with the it.

30.     Upon information and belief, Plaintiff was trapped, in his Honda, underneath the Truck driven by Defendant Serrano and owned by Defendant Zeisloft—Plaintiff's Honda was dragged by the Truck for approximately 200 feet.

Case ID: 240300861

31.     On or about March 23, 2022, investigating officers received dash cam footage from Defendant Zeisloft giving a perspective of another one of Defendant Zeisloft's trucks that was traveling behind Defendant Serrano.

32.     According to the Police Report, "The position and movements depicted in the video appear consistent with the account provided by witness Stephanie Paolucci."

33.     As a result of the investigation, the West Pottsgrove Police charged Defendant Serrano with careless driving.

34.     On or about April 25, 2022, Defendant Serrano pleaded guilty to a violation of 75 Pa.C.S.A Vehicles § 3334(a), which states:

> Upon a roadway no person shall turn a vehicle or move from one traffic lane to another or enter the traffic stream from a parked position unless and until the movement can be made with reasonable safety nor without giving an appropriate signal in the manner provided in this section.

75 Pa.C.S.A Vehicles § 3334(a).

35.     At all times relevant hereto, all Defendants were vicariously liable for the negligent, careless, and reckless actions of Defendant Serrano.

36.     As a result of the negligence, and/or carelessness, and/or recklessness and/or wrongful conduct of Defendant Serrano and Zeisloft Defendants, whether acting individually and/or jointly and severally, and/or by and through its agents, servants, contractors, workmen and/or employees, as set forth herein, Plaintiff suffered serious and permanent injuries and damages including, but not limited to:

      a.     lacerations to face and eye;

      b.     rib fracture;

      c.     sternal fracture;

      d.     pulmonary contusion;

Case ID: 240300861

e.       memory loss;

f.       head injury and traumatic brain injury;

g.       subdermal hematoma requiring craniotomy, fixation, and

         other neurosurgical procedures;

h.       continued headaches and head pain;

i.       ear pain and bruising;

j.       abrasions and contusions;

k.       continuing chest pain;

l.       continuing rib pain;

m.       continuing back pain;

n.       disfigurement;

o.       decreased ambulation;

p.       past and future pain and suffering;

q.       loss of life's pleasures;

r.       past and future mental anguish;

s.       past and future humiliation;

t.       past and future embarrassment;

u.       past and future medical expenses;

v.       economic losses;

w.       past and future personal expenses;

x.       loss of earning and earning capacity in the past and future;

y.       loss of fringe benefits in the past and future;

Case ID: 240300861

z.      injuries, damages, and consequences of which Plaintiff has

no present knowledge; and

aa.     all damages as set forth in greater detail in Plaintiff's

medical records.

37.     As a result of the aforementioned severe and permanent injuries and

damages, Plaintiff will continue to suffer and experience pain, disability, restrictions, and

limitations for an indefinite amount of time into the future, all to his great detriment and

loss.

**COUNT I – NEGLIGENCE**
**Plaintiff v. Defendant Serrano**

38.     The preceding paragraphs are incorporated by reference as though fully set

forth herein.

39.     The negligence and carelessness of Defendants consisted, *inter alia*, of the

following:

a.      failing to abide the traffic laws of the Commonwealth of

Pennsylvania;

b.      failing to observe traffic conditions;

c.      failing to have the Truck under proper and adequate control;

d.      failing to keep alert and maintain a proper watch for the presence

of lawful drivers operating vehicles on Montgomery County roadways;

e.      failing to take reasonable actions to avoid the collision that

occurred on the aforesaid date and to ensure the safety and wellbeing of

others;

Case ID: 240300861

f.      failing to apply brakes, or take other evasive measures, in time to avoid the aforesaid collision;

g.      failing to have the Truck under such control so as to be able to stop to avoid collision;

h.      failing to travel at a safe speed;

i.      failing to keep a proper watch for traffic on Route 422;

j.      failing to operate the Truck with due regard for the highway and traffic conditions which were then existing, and of which the operator was, or should have been, aware;

k.      failing to keep adequate and proper control over the Truck;

l.      failing to maintain the Truck in a safe and roadworthy condition;

m.      driving the Truck upon the highway with negligent, careless, and/or reckless disregard to the rights and safety of others, in violation of the laws and motor vehicle code of Pennsylvania;

n.      failing to maintain the aforesaid Truck in a safe and roadworthy condition before permitting the Truck to be driven on  Pennsylvania's roadways; and

o.      violating the standard of care for motorists in Pennsylvania so substantially that a violent collision occurred which was the direct  and proximate cause of Plaintiff's aforementioned severe and permanent injuries.

40.     Furthermore, in addition to all the injuries and losses suffered, Plaintiff has incurred or will incur medical, rehabilitative and other related liens and medical expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the

Case ID: 240300861

Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. § 1701 et seq. as amended.

**WHEREFORE**, Plaintiff demands judgment against Defendant Serrano individually, jointly and/or severally, for an amount in excess of Fifty Thousand Dollars ($50.000.00), together with costs, compensation for delay, and any other relief this Court deems appropriate.

**COUNT II – *RESPONDEAT SUPERIOR*/VICARIOUS LIABILITY**
**Plaintiff v. Zeisloft Defendants**

41.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

42.     The aforesaid collision resulted from the negligence, carelessness, and recklessness of Defendant Serrano, who, at all times relevant hereto:

      a.     was in an employee-employer relationship with, or workman or agent for, Zeisloft Defendants;

      b.     negligently, carelessly and/or recklessly operated Zeisloft Defendants' truck in the course and scope of Zeisloft Defendants' employment, or while in the course and scope of acting as an agent or workman for Zeisloft Defendants; and

      c.     was the proximate cause of Plaintiff's severe and permanent injuries more fully set forth herein.

43.     As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendant Serrano while in the course and scope of employment by, or while an agent or workman for Zeisloft Defendants, Plaintiff was caused to sustain severe and permanent injuries as set forth in the foregoing paragraphs.

Case ID: 240300861

**WHEREFORE**, Plaintiff demands judgment against Zeisloft Defendants individually, jointly, and/or severally for an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs, prejudgment interest, delay damages, and such other relief this Court deems appropriate.

### COUNT III – NEGLIGENT ENTRUSTMENT
### Plaintiff v. Zeisloft Defendants

44.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

45.     Upon information and belief, the negligence, careless and/or recklessness of Zeisloft Defendants, by and through their agents, servant, contractors, workmen and/or employees, consisted, *inter alia*, of the following:

    a.     failing to adequately investigate or assess the driving competency and/or qualification, expertise or level of expertise of Defendant Serrano, whom they permitted to operate the Truck;

    b.     failing to exercise reasonable control over the Truck with respect to the manner in which the Truck was operated;

    c.     permitting the Truck to be operated by a person whom they knew or should have known did not possess the requisite, proper or adequate driving skills to safely operate said Truck;

    d.     failing to reasonably, properly or adequately supervise Defendant Serrano;

    e.     failing to reasonably and/or properly monitor the safe driving abilities of Defendant Serrano;

    f.     allowing Defendant Serrano to operate and/or drive the Truck outside of the applicable aforementioned sections of the Pennsylvania Motor Vehicle Code; and

13

Case ID: 240300861

g.      failing to comply with and confirm a history of compliance with Federal Motor Vehicle regulations, including, but not limited to, hours on duty/driving, hours not on duty/driving and/or maintaining adequate driver logs.

46.      As a direct and consequential result of the negligent, careless and/or reckless conduct of Zeisloft Defendants, Plaintiff suffered various serious and permanent personal injuries more fully stated within Plaintiff's medical records.

**WHEREFORE**, Plaintiff demands judgment against Zeisloft Defendants individually, jointly, and/or severally for an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs, prejudgment interest, delay damages, and such other relief this Court deems appropriate.

### COUNT IV – NEGLIGENT HIRING/SELECTION/SUPERVISION/RETENTION
### Plaintiff v. Zeisloft Defendants

47.      The preceding paragraphs are incorporated by reference as though fully set forth herein.

48.      Upon information and belief, at all times material hereto, Zeisloft Defendants selected, hired, contracted, controlled, and/or retained Defendant Serrano with the purpose and intention of have Defendant Serrano operate motor vehicles on their behalf and in pursuit and furtherance of their business activities.

49.      Upon information and belief, at all times material hereto, Zeisloft Defendants controlled the means and manner that Defendant Serrano operated and utilized the Truck.

50.      Upon information and belief, at all times material hereto, Zeisloft Defendants negligently acted and/or failed to act through their agent, servant, employee, contractor, and/or workmen, Defendant Serrano, and such acts or failures to act were

Case ID: 240300861

within the course and scope of Zeisloft Defendants' business and were under Zeisloft

Defendants' control and direction and were taken with Zeisloft Defendants' authority.

51.     Upon information and belief, at all times material hereto, Zeisloft Defendants had

either actual or constructive knowledge of the inability of their agent, servant, contractor,

workperson, and/or employee, Defendant Serrano's, inability to safely operate a vehicle.

52.     Upon information and belief, despite the obligations, duties, and responsibilities

of Zeisloft Defendants, Zeisloft Defendants negligently hired, retained, contracted, employed,

selected, and/or controlled, incompetent and unskilled individuals and/or entities to operate a

vehicle on their behalf.

53.     Upon information and belief, Zeisloft Defendants are responsible for the negligent

actions or inactions of its contractors, employees, service persons, workmen, and/or agents

including, Defendant Serrano.

54.     Upon information and belief, Zeisloft Defendants were and are responsible for

ensuring the proper non-negligent selection, hiring, and supervision of its contractors,

employees, service persons, workmen, and/or agents.

55.     Upon information and belief, Zeisloft Defendants failed to utilize due care to

secure a competent contractor, agent, servant, workperson, and/or employee to operate its Truck.

56.     Upon information and belief, Zeisloft Defendants knew or should have known

that their failure to select a competent and careful agent, contractor, servant, workperson, and/or

employee to operate their vehicles and satisfy Zeisloft Defendants' aforementioned duties would

result in a risk of physical harm to third persons.

57.     Upon information and belief, Zeisloft Defendants failed to select, retain, contract,

hire, and/or employ persons or entities who possessed the knowledge, skill, experience, personal

15

Case ID: 240300861

characteristics, and training to operate Zeisloft Defendants' Truck as hired to do, without creating an unreasonable risk of injury to others.

58.     Upon information and belief, the carelessness and negligence of Zeisloft Defendants individually and/or by and through their agents, servants, contractors, workmen, and/or employees, consisted of the following:

a.     failing to properly and adequately supervise their agents, servants, contractors, workmen, and/or employees with regard to operation of its vehicles;

b.     failing to adequately assess its agents, servants, contractors, workmen, and/or employees driving abilities;

c.     failing to ensure that its Truck was operated properly and safely;

d.     failing to provide the proper directives, materials, instructions, or orders for the proper and safe operation of its Truck;

e.     allowing unskilled, unqualified, and/or untrained individuals and/or entities to operate its vehicles;

f.     failing to train its agents, contractors, servants, work persons, and/or employees properly;

g.     failing to hire competent agents, contractors, servants, work persons, and/or employees;

h.     failing to use due care in investigating and selecting agents, contractors, servants, work persons, and/or employees to operate its vehicles;

i.     failing to warn Plaintiff of their failure to investigate and select competent agents, contractors, servants, work persons, and/or employees;

16

Case ID: 240300861

       j.       failing to adopt, enact, employ, and enforce, proper and adequate safety programs, precautions, procedures, measures, and/or plans;

       k.       failing to comply with and confirm a history of compliance with Federal Motor Vehicle regulations, including, but not limited to, hours on duty/driving, hours not on duty/driving and maintaining adequate driver logs; and

       l.       hiring, selecting, and/or retaining incompetent and/or unskilled contractors, agents, servants, employees, and/or workmen.

59.     Upon information and belief, Zeisloft Defendants' actions or failures to act as set forth above were the factual and proximate cause of Plaintiff's substantial and severe permanent injuries and damages more fully described in Plaintiff's medical records.

**WHEREFORE**, Plaintiff demands judgment against Zeisloft Defendants individually, jointly, and/or severally for an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs, prejudgment interest, delay damages, and such other relief this Court deems appropriate.

Respectfully submitted,

**JONATHAN M. COHEN, L.L.C.**

By: ___*/s/ Jonathan M. Cohen*___
JONATHAN M. COHEN, ESQUIRE
*Attorney for Plaintiff*

Date: March 7, 2024

Case ID: 240300861

## **VERIFICATION**

Plaintiff, Heriberto Colon-Torres, verifies that the averments set forth in the Plaintiff's Civil Action Complaint are based on first-hand information information furnished to and by my counsel and obtained by him in the course of investigating this document. The language of the document is that of counsel and not the affiant. To the extent that the contents of the document are based on information furnished to the counsel and obtained by counsel during the course of this lawsuit, the affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. This Verification is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: 63-07-2024

By: _____
    HERIBERTO COLON-TORRES

Case ID: 240300861

## **VERIFICATION**

I, _Keishla Colon_ , hereby verify that I am fluent in English and Spanish and am able to translate the language in this Complaint from English to Spanish, and I have read the within Civil Action Complaint and the above verification in Spanish to Plaintiff, Heriberto Colon-Torres. This Verification is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: _03-07-2024_                              By: _Keishla Colon_

Case ID: 240300861

# EXHIBIT B



**SAINT NICK** Logistics

Services ▾    Freight Technology    About Us    Ship With Us    Haul With Us    **Contact Us**

Home ▸ About US

**Saint Nick Logistics** works for you and ensures that you are getting the best logistics service available in the United States. We are located in West Deptford Township, New Jersey and provide our logistics solutions across the Country. We are a sister company of **Zeisloft Trucking** and **Rock Products Inc** which are backed by 58 years of extensive shipper and carrier knowledge along with our boundless network of carriers. Understanding the past, delivering in the present, and innovating for the future is what separates us from the rest.

It was founded by individuals who understand the urgency for shippers to get their freight out the door and the necessity for carriers to keep their equipment loaded at the market rate. Saint Nick Logistics has a mission to take the burden of finding capacity off of shippers while helping our carrier partners keep their equipment loaded every-mile. Our associates work around the clock to make sure that you never worry about your freight again. **#NoFreightUndelivered**

Can you offer any additional services other than LTL/FTL?    +

Do you offer cross border freight.    +

Do you offer warehouse storage?    +



*TIA* Transportation Intermediaries Association

# EXHIBIT C



Services ▼    Freight Technology    About Us    Ship With Us    Haul With Us    **Contact Us**

Home ▸ FTL

## Full Truckload Shipping Services

Saint Nick Logistics provides competitive FTL rates without sacrificing exceptional service.

We pride ourselves on being an an industry leader that has 58 years of experience & relationships within the transportation industry built off the back of our sister company, **Zeisloft Trucking**.

We can guarantee that our shipments will deliver safely and promptly as we utilize our **DAT** that allows us to monitor our carriers to make sure that they are always complying with FMCSA and DOT.

We provide our FTL services coast to coast here in the United States using our network of over 500+ truckload carrier partners. The savings we transfer to our clients, the attention to detail with regards to client service, and the technology we supply to track your shipments are just a few of the incredible perks you'll experience if we have the pleasure of pushing your business forward.

**Request A Quote**

**Our competitive quotes for Full Truckload shipping services include:**

 **Flatbed**

 **Dry Van**

 **Reefer Trailers**

✅ **Specialized
(Pneumatic, Stepdeck, LowBoy)**

# EXHIBIT D



**DAT** Freight & Analytics

Products ⌄   Solutions ⌄   Resources ⌄   Contact   🔍   Login   Signup

## Billing & Payments

### Billing Information

DAT Solutions, LLC Box 3801
PO Box 783801
PHILADELPHIA, PA 19178-3801
**Phone:** (800) 547-5417

### Overnight Payments

DAT Solutions, LLC
8405 SW Nimbus Ave.
BEAVERTON, OR 97008
**Phone:** (800) 547-5417

## General Marketing, PR & Partnerships

### General Marketing Inquiries

**Phone:** (800) 547-5417
**Email:** Marketing Inquires
**Hours:** Mon.-Fri. 8 AM to 5 PM
(PST)

### Public Relations

Annabel Reeves
Corporate Communications
Manager
**Phone:** (800) 547-5417
**Email:** Media Inquires

### Partnership Inquiries

**Phone:** (800) 547-5417
**Email:** Partnership Inquires

Need an MC or DOT number?

🚛 Get your trucking authority

**Forms: Report a Bad Player**

📄 Report a Carrier, Broker, or Shipper

**Useful Tools**

🗺 Zip Zone Map

📖 Equipment Types & Classes

# EXHIBIT E





## History

**Collapse All**

### Amendment of Foreign Registration Statement - 2/8/2024

| | Field Name | Changed From | Changed To |
|---|---|---|---|
| **Amendment Type** Amendment of Foreign Registration Statement | Legal Address Country | | United States |
| **Control ID** 0013734804 | CRA Changed | Corporation Service Company 2595 Interstate Drive, Suite 103 Harrisburg, PA 17110 | United Agent Group Inc. 1001 State Street, #1400 Erie, PA 16501 |
| **Date** 2/8/2024 | | | |

### Amendment of Foreign Registration Statement - 1/29/2024

| | Field Name | Changed From | Changed To |
|---|---|---|---|
| **Amendment Type** Amendment of Foreign Registration Statement | Filing Name | Transcore CNUS, Inc. | DAT CNUS, Inc. |
| **Control ID** 0013722385 | Foreign Name | | DAT CNUS, Inc. |
| **Date** 1/29/2024 | | | |

### Initial Filing - 2/22/2021

**Amendment Type**
Initial Filing

**Control ID**
0007220758

**Date**
2/22/2021

**Effective After**
2/22/2021

# EXHIBIT F



## <u>CERTIFICATE OF SERVICE</u>

I, Steven J. Carroll, Esquire, of Jonathan M. Cohen, L.L.C., hereby certify that a true and correct copy of the foregoing Plaintiff's Motion to Remand, Proposed Order and supporting Memorandum of Law were sent to the following counsel of record via the Court's ECF system and email on May 28, 2024:

Deasey, Mahoney & Valentini, LTD.
Francis J. Deasey, Esquire
Daniel F. Donnelly, Esquire
1601 Market Street, Suite 3400
Philadelphia, Pennsylvania 19103
T: (215) 587-9400
fdeasy@dmvlawfirm.com
ddonnelly@dmvlawfirm.com
*Attorneys for Defendant, DAT Solutions, LLC*

Swartz Campbell LLC
2001 Market Street, Suite 2815
Philadelphia, PA 19103
Michael A. Cognetti, Esquire
William F. Conway, Esquire
Kristin S. Mutzig, Esquire
wconway@swartzcampbell.com
mcognetti@swartzcampbell.com
kmutzig@swartzcampbell.com
*Attorneys for Defendants, Octavio Serrano, Zeisloft Trucking, LLC, and Zeisloft Ventures*

I further certify that the foregoing was served upon the following parties via U.S. Mail:

Rock Products, Inc.
1675 Crown Point Road
West Deptford, NJ 08086

Saint Nick Logistics, LLC
c/o Rawle & Henderson, L.L.P.
Adam C. Lazarow, Esquire
725 Skippack Pike, Suite 230
alazarow@rawle.com
*Attorney for Defendant Saint Nick Logistics, LLC*

By:     */s/ Steven J. Carroll*
Steven J. Carroll, Esquire
Jonathan M. Cohen, L.L.C.

Dated: May 28, 2024