IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERIBERTO COLON-TORRES,<br>                    *Plaintiff*,<br><br>v.<br><br>OCTAVIO SERRANO,<br>ZEISLOFT TRUCKING, LLC d/b/a<br>ZEISLOFT LOGISTICS a/k/a ZEISLOFT<br>TRUCKING OF WEST DEPTFORD a/k/a<br>CHARLES D. ZEISLOFT TRUCKING,<br>ZEISLOFT VENTURES,<br>ROCK PRODUCTS, INC.,<br>SAINT NICK LOGISTICS, LLC,<br>DAT SOLUTIONS, LLC,<br>JOHN DOE, and ABC COMPANY,<br>                    *Defendants*. | Civil Action No. 5:24-cv-01745-JLS |

**DEFENDANT DAT SOLUTIONS, LLC'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant, DAT Solutions, LLC ("DAT Solutions"), by and through its attorneys, Deasey, Mahoney & Valentini, Ltd., submits this response in opposition to Plaintiff's motion to remand.

**INTRODUCTION**

Plaintiff's motion for remand centers solely on whether Defendant DAT Solutions is a citizen of Pennsylvania for purposes of diversity jurisdiction.[1] In fact, DAT is not. DAT Solutions is an LLC formed and existing under the laws of the State of Delaware with its headquarters in Beaverton, Oregon and Denver, Colorado. *See* Declaration of Joseph Doyle ¶¶ 3-4, ECF 1-6 ("Doyle Decl."). DAT Solutions has only one member: DAT CNUS, Inc., a Delaware corporation

---

[1] Plaintiff tellingly does not contest that the other requirements of 28 U.S.C. § 1332(a)(1) are met: (1) that the amount in controversy exceeds $75,000; (2) that Plaintiff (a Pennsylvania citizen) is diverse from the remaining co-defendants (all citizens of New Jersey); or (3) that the citizenship of the nominal and fictitious defendants is immaterial to the diversity analysis. *See* Notice of Removal ¶¶ 15, 18-22, 24-36, ECF 1; Pl.'s Br. Supp. Mot. to Remand, ECF 9-1.

1

with its principal place of business in Denver, Colorado. *See id.* ¶ 5; Supplemental Declaration of Joseph Doyle ¶¶ 3-5 (Exhibit A) ("Doyle Supp. Decl."). DAT Solutions is thus a citizen of the states of Delaware and Colorado. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir.2010) ("the citizenship of an LLC is determined by the citizenship of its members"). Therefore, diversity of citizenship exists such that federal jurisdiction here is proper.

Plaintiff's motion for remand does not change this calculus and instead focuses on an exception to the complete diversity requirement—fraudulent joinder—that DAT Solutions did not raise in its removal papers. Indeed, DAT Solutions does not need to allege fraudulent joinder because it has set forth sufficient facts to show complete diversity exists. Accordingly, Plaintiff's motion for remand should be denied.

## ARGUMENT

### I. REMAND IS IMPROPER BECAUSE THE COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION.

For this Court to exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), two requirements must be met: (1) an amount in controversy exceeding $75,000; and (2) diversity of citizenship between Plaintiff and Defendants. Plaintiff does not contest that the amount in controversy exceeds $75,000. Nor does Plaintiff contest that diversity of citizenship exists between him (a Pennsylvania citizen) and the remaining Defendants (all citizens of New Jersey).

Instead, Plaintiff's entire motion for remand rests on his assertion that DAT Solutions is a Pennsylvania citizen, contrary to the sworn declaration of DAT Solutions' General Counsel, Joseph Doyle. *See* Doyle Decl., ECF 1-6. DAT Solutions, however, is not in fact a citizen of Pennsylvania. It is well-settled law in the Third Circuit that "the citizenship of an LLC is determined by the citizenship of its members." *Zambelli*, 592 F.3d at 420; *see also Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (same). DAT Solutions is a single-

2

member limited liability company whose only member is DAT CNUS, Inc. ("DAT CNUS"), a Delaware corporation with a headquarters and principal place of business in Denver, Colorado. Doyle Decl. ¶ 5, ECF 1-6; Doyle Supp. Decl. ¶¶ 3-5 (Ex. A).  Accordingly, DAT Solutions is a citizen of both Delaware and Colorado and complete diversity exists for purposes of diversity jurisdiction.

Plaintiff, however, repeatedly argues that this Court lacks diversity jurisdiction because DAT Solutions has not identified *all* its "members and sub-members" or demonstrated that they are not citizens of Pennsylvania. *See* Pl.'s Br. Supp. Mot. for Remand at 8-9, 14, 21, 22, ECF 9-1 ("Pl.'s Br."). This is simply wrong.  DAT Solutions did not identify other members or sub-members (other than DAT CNUS) because none exist. Doyle Decl. ¶ 5, ECF 1-6; Doyle Supp. Decl. ¶ 3 (Ex. A).

**A.    DAT Solutions Is A Citizen Of Delaware And Colorado, Not Pennsylvania.**

A corporation is a citizen of "both its state of incorporation and the state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *Auto Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394 (3d. Cir. 2016) (citations omitted); *Johnson*, 724 F.3d at 349. DAT Solutions has shown—and a simple public records search of the Delaware Department of State's website confirms[2]—that DAT CNUS is incorporated in Delaware. Doyle Decl. ¶ 5, ECF 1-6; Doyle Supp. Decl. ¶ 2 (Ex. A).  Further, Plaintiff concedes that DAT CNUS is incorporated in Delaware.  *See*

---

[2] *See* Delaware Dep't of State, *Entity Details for DAT CNUS, Inc.* (Jun. 5, 2024), https://icis.corp.delaware.gov/ecorp/entitysearch/namesearch.aspx (Exhibit B). When analyzing the citizenship of corporations in the context of a motion to remand, district courts in the Third Circuit have taken judicial notice of the place of incorporation listed in the Delaware Department of State's online records. *See, e.g., Gentry v. Sikorsky Aircraft Corp.*, 383 F. Supp. 3d 442, 454 n.16 (E.D. Pa. 2019).

#11815989v1

Pl.'s Br. at 5 (noting that the Pennsylvania Department of State's online records reflect that "DAT CNUS, Inc. is a Foreign Business Corporation formed in Delaware").

DAT CNUS's principal place of business is Denver, Colorado.  The Supreme Court has instructed that, for diversity jurisdiction purposes, a corporation's principal place of business is its "nerve center."[3]  *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).  The "nerve center" is the place "where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id*.  A corporation has just one nerve center for all cases.  *Id*. at 93.  And, as the Supreme Court has observed, it "will typically be found at a corporation's headquarters."  *Id*. at 80-81, 92-95.

DAT CNUS has offices in Oregon and Colorado, the latter of which is the location of its corporate headquarters.  Doyle Decl. ¶ 5, ECF 1-6; Doyle Suppl. Decl. ¶¶ 5, 9-10 (Ex. A). The plurality of DAT CNUS's officers and senior management team are based in Colorado and Oregon. Doyle. Suppl. Decl. ¶ 7 (Ex. A). Like many corporations, however, some of DAT CNUS's officers and management team work remotely from other states including California, Florida, Washington, and Ohio. *Id.* But when the members of DAT CNUS's senior management team responsible for directing, controlling, and coordinating the corporation's business activities meet in person, they do so at DAT CNUS's Colorado headquarters. *Id*. at ¶ 9. This is also where most of the staff members responsible for DAT CNUS's business operations are located. *Id*. at ¶ 10. By contrast, none of DAT CNUS's officers or senior managers reside in—or work out of—Pennsylvania. *Id*.

---

[3] The *Hertz* "nerve center" test applies not only when determining the citizenship of a corporation for diversity jurisdiction purposes," but also "when determining the citizenship of a corporation for removal purposes." *Gentry v. Sikorsky Aircraft Corp.,* 383 F. Supp. 3d 442, 451 n.10 (E.D. Pa. 2019) (citations omitted).

4

at ¶ 8. Nor does DAT CNUS (or DAT Solutions) even have a physical office located in Pennsylvania. *Id.* at ¶ 6.

In sum, DAT CNUS's "nerve center" is its Colorado headquarters. DAT CNUS is thus a citizen of the states of Delaware, where it is incorporated, and Colorado, the location of its principal place of business. Since the same is true of DAT Solutions, the complete diversity requirement is satisfied and this Court has subject matter jurisdiction.

> B. **Plaintiff's Arguments That DAT CNUS Is A Pennsylvania Citizen Bely Third Circuit Law And The Facts As Plaintiff Presents Them.**

Plaintiff points to a few screenshots of DAT Solutions' website and the Pennsylvania Department of State's online records as somehow showing that DAT CNUS has "ties to Pennsylvania." *See* Pl.'s Br. at 14-15, ECF 9-1. That argument is problematic for two reasons. First, Plaintiff appears to be confusing the test for "minimum contacts" to establish personal jurisdiction over a defendant with the *Hertz* "nerve center" test for establishing citizenship for diversity jurisdiction; however, "the two analyses are separate and unrelated." *Gentry*, 383 F.Supp.3d at 451 (citations omitted). So, even if properly supported, Plaintiff's argument that DAT Solutions and DAT CNUS have "ties to Pennsylvania" falls short of showing Pennsylvania citizenship.

Second, when viewed with the proper context, Plaintiff's evidence of DAT's "ties to Pennsylvania" actually confirms that neither DAT Solutions nor DAT CNUS has a principal place of business in Pennsylvania. Plaintiff begins by noting that, on "DAT's website, the only addresses available to contact it are in Pennsylvania and Oregon." Pl.'s Br. at 4, ECF 9-1. What Plaintiff appears to be referencing is the "contact" page of DAT Solutions' website, which lists a post office box address in Philadelphia as a contact point for "billing information." *See* Ex. D, Pl.'s Br. (ECF 9-1 at 51). This is the same post office box address that Plaintiff identifies as DAT Solutions'

"principle [sic] place of business" in the Complaint.  *See id.*; Compl. ¶ 7 (alleging that DAT Solutions "maintained a principal place of business at PO Box 783801, Philadelphia, PA 19178-3801").  District courts in the Third Circuit have repeatedly affirmed the common-sense conclusion that a post office box "may not serve as a principal place of business."[4]  So even if the Philadelphia post office box belonged to DAT CNUS, it would still be insufficient proof of Pennsylvania citizenship.

Plaintiff further cites the Pennsylvania Secretary of State's website that lists DAT CNUS as a ***foreign*** business corporation.  *See* Pl.'s Br. at 14, ECF 9-1; Ex. E, Pl.'s Br. (ECF 9-1 at 53-54).  In other words, DAT CNUS "is *not* incorporated in Pennsylvania but *is* permitted to do business there." *Id.*; *see Gentry v. Sikorsky Aircraft Corp.*, 383 F. Supp. 3d 442, 456 (E.D. Pa. 2019) (citing 15 Pa.C.S. § 102 (defining a "domestic association" as an "association, the internal affairs of which are governed by the laws of this Commonwealth" and defining a "foreign association" as an "association that is not a domestic association")).  The Department of State's website merely confirms that DAT CNUS is not a Pennsylvania citizen by way of its place of incorporation.

Plaintiff likewise emphasizes that the Department of State's records identify DAT CNUS's "registered office" as being located at 1001 State Street in Erie, Pennsylvania, which is the address of a different corporation (DAT CNUS's office provider for Pennsylvania), "United Agency Group, Inc."  Pl.'s Br. at 5, 14-15, ECF 9-1; Ex. E, Pl.'s Br. (ECF 9-1 at 54); *see also* Doyle Supp.

---

[4] *See, e.g., Spencer v. Pocono Int'l Raceway, Inc.*, No. 3:12-CV-1050, 2012 WL 2050168, at *2 (M.D. Pa. June 6, 2012) ("[A] P.O. box may not serve as a principal place of business as it is not where a corporation's officers direct, control, and coordinate the corporation's activities."); *USA Pork Packers, Inc. v. W. Field Ins. Co.*, CIV.A. 3:12–0611, 2012 WL 1145002 (M.D. Pa. Apr.5, 2012) (holding that a post office box mailing address is not a principal place of business); *Smith v. Kroesen*, No. CIV.A. 10-5723 NLH, 2013 WL 6187229, at *2 (D.N.J. Nov. 26, 2013) (same).

#11815989v1

Dec. ¶ 11-13 (Ex. C) (explaining that DAT CNUS identified United Agency Group, Inc. as its registered office provider for Pennsylvania because DAT CNUS does not maintain a physical address in Pennsylvania). That is not evidence that DAT CNUS has a Pennsylvania principal place of business. Like all foreign corporations registering with the Pennsylvania Department of State, DAT CNUS is required have a "registered office address." 15 Pa.C.S. § 411(f). The registered office address cannot be a post office box—it must be an actual street address or rural route box number in Pennsylvania. 15 Pa.C.S. § 135(c)(2). So as the Department of State explains on its website, "any association *that does not have a physical location or mailing address in Pennsylvania*" (i.e., DAT CNUS) has the option of "listing a Commercial Registered Office Provider" (such as United Agency Group, Inc.) "in in lieu of providing a registered office address."[5] Thus, the fact DAT CNUS has identified United Agency Group, Inc.'s Pennsylvania address as its "registered office" is proof that DAT CNUS does not have a physical location or mailing address in Pennsylvania.

In sum, Plaintiff's motion to remand merely confirms what was already evident from DAT's removal papers and exhibits: neither DAT Solutions nor DAT CNUS are citizens of Pennsylvania and therefore complete diversity exists for purposes of federal jurisdiction.

## II. THERE IS NO NEED TO DETERMINE WHETHER DAT SOLUTIONS WAS "FRAUDULENTLY JOINED" TO THIS ACTION BECAUSE COMPLETE DIVERSITY EXISTS.

Plaintiff repeatedly argues that the Court lacks diversity jurisdiction over this case because DAT "failed to meet its heavy burden to show that it was fraudulently joined" to this action. *See* Pl.'s Br. at 1, 5-6, 10-11, 16-22, ECF 9-1. But contrary to Plaintiff's suggestion, DAT Solutions

---

[5] Pa. Dep't of State, *Commercial Registered Office Providers* (Jun. 11, 2024), https://www.dos.pa.gov/BusinessCharities/Business/Resources/Pages/Commercial-Registered-Office-Providers.aspx (Exhibit C); *see also* Pa.C.S. § 109.

7

has not asserted the fraudulent joinder exception because it already satisfied all the requirements of diversity jurisdiction.  *See* Notice of Removal, ECF 1.  And since the requirements of diversity jurisdiction have already been met, the Court "need not conduct any fraudulent joinder analysis." *See Gentry.*, 383 F. Supp. 3d at 450 n.9 (explaining that the court "need not conduct any fraudulent joinder analysis" when ruling on a motion to remand because the removing defendants "complied with the requirements for removal and satisfy the components of diversity subject matter jurisdiction").

## **CONCLUSION**

For all these reasons, Defendant DAT Solutions, LLC respectfully requests that this Court deny Plaintiff's motion to remand.

Respectfully submitted,

Dated: June 11, 2024

By: /s/ *Daniel Donnelly*
Francis J. Deasey, Esquire (Pa. ID 25699)
Daniel F. Donnelly, Esquire (Pa. ID 315309)
**DEASEY, MAHONEY & VALENTINI, LTD.**
1601 Market Street, Suite 3400
Philadelphia, Pennsylvania 19103
(215) 587-9400
fdeasey@dmvlawfirm.com
ddonnelly@dmvlawfirm.com
*Attorneys for Defendant, DAT Solutions, LLC*