UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERIBERTO COLON-TORRES, )<br>    *Plaintiff*, )<br>)<br>  v. )<br>)<br>OCTAVIO SERRANO, ZEISLOFT TRUCKING, )<br>LLC d/b/a ZEISLOFT LOGISTICS a/k/a )<br>ZEISLOFT TRUCKING OF WEST DEPFORD )<br>a/k/a CHARLES D. ZEISLOFT TRUCKING, )<br>ZEISLOFT VENTURES, ROCK PRODUCTS, )<br>INC., SAINT NICK LOGISTICS, LLC., DAT )<br>SOLUTIONS, LLC, JOHN DOE, and ABC )<br>COMPANY, )<br>    *Defendants*. ) | Case No. 5:24-CV-01745 |

**PLAINTIFF'S REPLY TO DEFENDANT DAT SOLUTIONS, LLC'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Plaintiff, Heriberto Colon-Torres ("Mr. Colon-Torres"), by and through its counsel, Jonathan M. Cohen, L.L.C., submits this Reply to Defendant, DAT Solutions, LLC's ("Defendant DAT") Response in Opposition to Plaintiff's Motion to Remand, and, thus in support of Plaintiff's Motion to Remand, avers as follows:

**I. INTRODUCTION**

Plaintiff's Motion to Remand sets forth a clear and concise argument for why the instant case was improperly removed to the United States District Court for the Eastern District of Pennsylvania and Defendant DAT submitted a Response in Opposition that show that it a diverse party. *See* Def. Resp. (Jun. 11, 2024) (ECF 12). As set forth in Plaintiff's Motion to Remand, "[w]hen a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir.

1990). Defendant DAT sets forth a factual dispute about its citizenship and argues that it only has one member (DAT CNUS), which can only be a citizen of the Colorado (where its alleged "nerve center" is located) and Delaware (where it is incorporated). *See* ECF 12 at *1. To support removal, Defendant DAT submitted a Declaration and Supplemental Declaration of its general counsel that dictates the aforementioned points, but, even if this Court finds that this Declaration is permissible, then Defendant DAT still fails to conclusively establish that it is a diverse party, as required by this Court. *Id.*

In its Response, Defendant DAT argues that doctrine of fraudulent joinder does not apply because Defendant DAT is a diverse party; however, this factual dispute assumes its own validity. *Id.* at *2. In other words, Plaintiff's Motion to Remand argues that Defendant DAT is a non-diverse party, and, therefore, Defendant DAT must meet a heavy burden of persuasion to show that it was fraudulently joined. Defendant DAT's Response states "DAT Solutions does not need to allege fraudulent joinder because it has set forth sufficient facts to show complete diversity exists." *Id.* Because Plaintiff sufficiently pleaded that Defendant DAT is a citizen of Pennsylvania and Defendant DAT has not sufficiently pleaded that it, its members, or its sub-members are diverse, this Court must move on to the next phase of the relevant analysis to determine whether Defendant DAT was fraudulently joined. *See Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 31 (3d Cir. 1985). Defendant DAT's Response sidesteps the first part of this analysis, i.e., establishing complete diversity, and then assumes that diversity is established (based on its own belief), to ignore its heavy burden required to show that Defendant DAT was fraudulently joined. Essentially, Defendant DAT tries to avoid the pitfall of its own argument—that Defendant DAT is a Pennsylvania citizen and cannot suggest otherwise.

Defendant DAT failed to show that it was a non-diverse party in its initial Notice of Removal, and still fails to meet its heavy burden to show that it was fraudulently joined. *See* ECF 1-7; 12. As set forth in Plaintiff's Motion, Defendant DAT's "sworn declaration" of its General Counsel, Joseph Doyle is insufficient to show that it is a diverse party and Defendant DAT's supplemental Declaration by Mr. Doyle merely restates the same thing. ECF 12. Defendant DAT asserted in its Removal and reiterates in its Response that Mr. Doyle's Declaration confirms that the citizenship of DAT Solutions, LLC and DAT CNUS, Inc. is limited to the states of Delaware, Oregon and Colorado. Again, a blanket assertion that Defendant DAT only has one member and that member (DAT CNUS) is a citizen of only Colorado and Delaware, is not dispositive evidence that can establish, with certainty, that Defendant DAT is a diverse party for diversity jurisdiction purposes. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992):

> [I] there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.

*See Batoff*, 977 F.2d at 113 (*quoting Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983); *see also Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 113 (3d Cir. 1990). Plaintiff agrees with Defendant that "[i]t is well-settled law in the Third Circuit that "the citizenship of an LLC is determined by the citizenship of its members." *Zambelli*, 592 F.3d at 420; *see also Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). However, Defendant DAT's proffered Declarations from Mr. Doyle do not establish that there is no reasonable basis in fact or colorable ground supporting the claim against Defendant DAT.

Considering Defendant DAT's Notice of Removal and Response, still little is known about Defendant DAT's purported sole member, DAT CNUS. Mr. Doyle's Declaration fails to identify any sub-members. *See* ECF 12. Defendant DAT states in its Response that "DAT Solutions did not

3

identify other members or sub-members (other than DAT CNUS) because none exist." *Id.* at*3. However, Defendant DAT bases this assertion on the Declaration of Mr. Doyle which *does not* do anything more than identify one member (DAT CNUS) and then state the citizenship test for corporations. *Id.* at *1-2. In other words, Defendant DAT's Response argues that no sub-members exist because Mr. Doyle does not identify any sub-members in his declaration. *Id.* Upon review of Defendant DAT's Response, it is glaring what Mr. Doyle does not say in his Supplemental Declaration, that Defendant DAT has no sub-members. *Id.* at *2.

Further, Plaintiff's Motion to Remand is not against the grain of *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010), or any other case law cited within Defendant DAT's Reponse. Pl.'s Motion to Remand (ECF 9). While Defendant DAT asserts that it cannot be a citizen of Pennsylvania because it is a citizen of two other states already, this assertion falls short of sufficient proof that it is a diverse party. ECF 12. Plaintiff correctly asserted in his Complaint that Defendant DAT is a Pennsylvania citizen, which Defendant DAT's website confirms, and Defendant DAT has yet to present a grounded argument that its Pennsylvania citizenship is impossible to establish. The reason that "ties to Pennsylvania" were referenced in Plaintiff's Motion was to show that a good faith basis existed to defend against a fraudulent joinder claim. *See* ECF 9. Defendant DAT purports that its "only member," DAT CNUS, has employees, officers, and a management team that spans across the United States, "including California, Florida, Washington, and Ohio." ECF 12 at *4. According to Defendant DAT, DAT CNUS's senior management meets at its Colorado headquarters. *Id.* It appears that Defendant DAT worked hard to make sure that it could do business in Pennsylvania while avoiding answering for its negligence in Pennsylvania. Despite spaning across the United States, DAT CNUS is allegedly the only member of Defendant DAT and has registered to do business in one state, Pennsylvania. *See* ECF 9. Mr. Doyle's Declaration that

4

Defendant DAT's principal place of business is not in Pennsylvania does not negate the fact that Defendant DAT fails to establish diversity and the Third Circuit would agree. *See Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 31 (3d Cir. 1985) ("[W]e have no trouble in concluding that the Doe allegations here are sufficient on their face to defeat diversity jurisdictions."). In *Abels*, the Third Circuit held that the Doe defendants named in the subject complaint were not mere phantoms who "live not and are accused of nothing." *Id.* at 31-2. Like the plaintiff who sufficiently pleaded the citizenship of the Doe defendants in *Abels*, Plaintiff in the instant case has sufficiently pleaded that Defendant DAT is a citizen of Pennsylvania. And, like the Third Circuit stated in the *Abels*' opinion, the next phase of the Court's analysis after finding that the instant Plaintiff sufficiently pleaded the citizenship of the non-diverse Defendant DAT, this Court "must look beyond the allegations of plaintiffs' complaint," and determine whether the non-diverse party was fraudulently joined. *Id.* at 32. *Citing Goldberg v. CPC International*, 495 F.Supp.233, 239 (N.D.Cal. 1980) ("Courts have found joined to be **fraudulent** where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendants, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment."). In the instant case, Plaintiff has every intention of pursuing a claim against Defendant DAT, which Plaintiff avers was responsible for putting a reckless driver on Pennsylvania's roadways, who then caused the subject accident and Mr. Colon-Torres' severe and permanent injuries. *See* ECF 9.

      Plaintiff's Motion finds further support in the opinion by the United States District Court for the Eastern District of Pennsylvania in *Benjamin v. JBS S.A.*, 516 F.Supp.3d 463, 473 (E.D.Pa. 2021). In *Benjamin*, the defendants asked the court to look beyond the facts alleged in the Complaint and consider documents and declarations they have provided, to which the *Benjamin* court stated, "[w]e seriously question whether we can consider those documents as they do not fall

5

under the types of permissible evidence discussed in *Briscoe* and the Plaintiff disputes that Souderton was Enock's employer." *Id.* at 473-74. Hypothetically accepting that the presentation of outside evidence submitted by the defendants in *Benjamin* was permissible, the Eastern District held that the documents provided by the defendants (i.e., a W-2 form, a residency certification form, a paystub, and the collective bargaining agreement between defendant Sauderton and its union identifying plaintiff Enock Benjamin as his employer) was still insufficient to "determine 'with complete certainty'—or rather, with any certainty—which Defendant employed Enock." *Id.* at 474. The *Benjamin* court found that the defendants' argument depended on accepting the defendants' factual premise which remained disputed. *Id.* In the instant case, Defendant DAT asks this Court to find that it has conclusively proven that it is a diverse party in the same way that this Court refused to do for the defendant in *Benjamin* less than four years ago.

      Defendant DAT's Reponse is absent any argument to support that it was fraudulently joined and shortsightedly claims that a fraudulent joinder argument is unnecessary because complete diversity was already satisfied by the submission of Mr. Doyle's Declaration. *See* ECF 12 at *7-8. Defendant DAT probably knows that fraudulent joinder bears a heavy burden of persuasion in demonstrating that a resident defendant was fraudulently joined. *See Moorco Intern., Inc. v. Elsag Bailey Process Automation, N.V.*, 881 F.Supp. 1000, 1003 (E.D.Pa. 1995). In sum, Plaintiff has properly pleaded that Defendant DAT is a citizen of Pennsylvania, and Defendant DAT's Response in Opposition to Plaintiff's Motion to Remand fails to establish with any certainty that it is a diverse party and fails to even argue that it was fraudulently joined, which completely ignores the anaylsis set forth by this Court:

> First we must ask whether, on the face of the complaint, there are sufficient allegations concerning their identity and conduct to justify consideration of their citizenship. Second, we must look beyond the face of the complaint for indicia of fraudulent joinder.

under the types of permissible evidence discussed in *Briscoe* and the Plaintiff disputes that Souderton was Enock's employer." *Id.* at 473-74. Hypothetically accepting that the presentation of outside evidence submitted by the defendants in *Benjamin* was permissible, the Eastern District held that the documents provided by the defendants (i.e., a W-2 form, a residency certification form, a paystub, and the collective bargaining agreement between defendant Sauderton and its union identifying plaintiff Enock Benjamin as his employer) was still insufficient to "determine 'with complete certainty'—or rather, with any certainty—which Defendant employed Enock." *Id.* at 474. The *Benjamin* court found that the defendants' argument depended on accepting the defendants' factual premise which remained disputed. *Id.* In the instant case, Defendant DAT asks this Court to find that it has conclusively proven that it is a diverse party in the same way that this Court refused to do for the defendant in *Benjamin* less than four years ago.

Defendant DAT's Reponse is absent any argument to support that it was fraudulently joined and shortsightedly claims that a fraudulent joinder argument is unnecessary because complete diversity was already satisfied by the submission of Mr. Doyle's Declaration. *See* ECF 12 at *7-8. Defendant DAT probably knows that fraudulent joinder bears a heavy burden of persuasion in demonstrating that a resident defendant was fraudulently joined. *See Moorco Intern., Inc. v. Elsag Bailey Process Automation, N.V.*, 881 F.Supp. 1000, 1003 (E.D.Pa. 1995). In sum, Plaintiff has properly pleaded that Defendant DAT is a citizen of Pennsylvania, and Defendant DAT's Response in Opposition to Plaintiff's Motion to Remand fails to establish with any certainty that it is a diverse party and fails to even argue that it was fraudulently joined, which completely ignores the anaylsis set forth by this Court:

> First we must ask whether, on the face of the complaint, there are sufficient allegations concerning their identity and conduct to justify consideration of their citizenship. Second, we must look beyond the face of the complaint for indicia of fraudulent joinder.

*See Abels*, 770 F.2d at 30; *see also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992), citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 113 (3d Cir. 1990).

## CONCLUSION

Based on the aforementioned, Plaintiff Heriberto Colon-Torres respectfully requests that this Court grant Plaintiff's Motion to Remand.

Respectfully submitted,

**JONATHAN M. COHEN, L.L.C.**

By: */s/ Steven J. Carroll*
Steven J. Carroll, Esquire
Jonathan M. Cohen, Esquire

Dated: June 18, 2024