UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERIBERTO COLON-TORRES,  :<br>Plaintiff,    :<br>                        :<br>v.                      :<br>                        :<br>OCTAVIO SERRANO, ZEISLOFT TRUCKING, :<br>LLC d/b/a ZEISLOFT LOGISTICS a/k/a :<br>ZEISLOFT TRUCKING OF WEST DEPTFORD :<br>a/k/a/ CHARLES D. ZEISLOFT TRUCKING, :<br>ZEISLOFT VENTURES, ROCK PRODUCTS, :<br>INC., SAINT NICK LOGISTICS, LLC, DAT :<br>SOLUTIONS, LLC, JOHN DOE, and ABC :<br>COMPANY,                :<br>Defendants.    : | Case No. 5:24-CV-01745 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT SAINT NICK
LOGISTICS, LLC's RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff, Heriberto Colon-Torres, ("Mr. Colon-Torres"), by and through his attorneys, Jonathan M. Cohen, L.L.C., hereby submits this Response in Opposition to Defendant Saint Nick Logistics, L.L.C.'s Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint, and in support of the instant Response, in accordance with Local Rule 7.1(c) of the District Court of the Eastern District of Pennsylvania, hereby submits an annexed Memorandum of Law, and respectfully avers as follows:

**RESPONSE**

1. The averments contained in Paragraph #1 are admitted.

2. The averments contained in Paragraph #2 are admitted.

3. The averments contained in Paragraph #3 are denied as non-factual averments and constitute conclusions of law to which no response is required. By way of further response, on March 9, 2022, around 6:00 PM in Pottstown, Pennsylvania, Plaintiff, Heriberto Colon-Torres

("Mr. Colon-Torres"), was driving on Route 422 East in his blue 1994 Honda Civic in the right lane of travel, when, without warning, Octavio Serrano ("Defendant Serrano"), who was in the left lane of travel, made a lane change from the left lane into Mr. Colon-Torres' (right lane) lane of travel, causing a violent collision. *See* Complaint (March 7, 2024), attached hereto as Exhibit "A" at ¶¶ 21-25. Defendant Serrano was operating a Mack CH613 semi-trailer truck with an attached dual rear axle trailer, when he caused Mr. Colon-Torres to lose control of his Honda Civic, crash into and bounce off the median, and then shoot into the right lane and collide with the side of Defendant Serrano's semi-trailer truck. *Id.* at ¶¶ 26-27. Mr. Colon-Torres, trapped in his crushed Honda, was dragged for several hundred feet before their vehicles came to a rest. *Id.*

    4.    The averments contained in Paragraph #4 are admitted.

    5.    The averments contained in Paragraph #5 are admitted. By way of further response, Plaintiff's Complaint asserts claims against Octavio Serrano, Zeisloft Trucking, LLC d/b/a Zeisloft Logistics a/k/a Zeisloft Trucking of West Deptford a/k/a/ Charles D. Zeisloft Trucking, Zeisloft Ventures, Rock Products, Inc., Saint Nick Logistics, LLC ("Defendant SNL"), DAT Solutions, LLC, John Doe, and ABC Company. *See* Ex. A.

    6.    The averments contained in Paragraph #6 are admitted.

    7.    The averments contained in Paragraph #7 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, Plaintiff's Complaint correctly identified Defendant SNL as a "corporation, partnership, limited liability company, or other entity organization" subject to jurisdiction in Pennsylvania. *See* Ex. A at ¶ 6.

    Further, Plaintiff's Complaint described that the named Defendant entities "may be collectively referred to as 'Zeisloft Defendants' for the entirety of the Complaint." *Id.* at ¶ 9. Defendant SNL claims on its website that it "pride[s] [itself] on being an industry leader that has

58 years of experience & relationship within the transportation industry built off the back of *our sister company, Zeisloft Tucking*," and that it "guarantee[s] that [its] shipments will deliver safely and promptly as [it] *utilize[s] [its] DAT* that allows [it] to monitor [its] carriers to make sure that they are always complying with FMCSA and DOT" (emphasis added). *See* Motion to Remand (May 28, 2024), ECF 9-1. On another page of Defendant SNL's website, it claims, "*We are a sister company of Zeisloft Trucking and Rock Products Inc* which are backed by 58 years of extensive shipper and carrier knowledge along with our boundless network of carriers" (emphasis added). *See Id.* Further, Zeisloft Ventures stated on its website, (as of March 1, 2024), that Chuck Zeisloft III "joined the family business and began to scale the existing business *while also providing logistics solutions through Saint Nick Logistics*" (emphasis added). Zeisloft Ventures website also described itself as a "horizontally integrated holding company" and listed its businesses as Zeisloft Trucking, Saint Nick Logistics and Rock Products.

      A sister company, as Defendant SNL describes itself to be, is a subsidiary that is related to other subsidiaries because they are owned by the same parent company. In this case, the relevant parent company would be Zeisloft. Due to the Defendant entities all being owned by the same parent company, Plaintiff naturally referred to the Defendant entities collectively as "Zeisloft Defendants" and collectively claimed vicariously liability, negligent entrustment, and negligent hiring and supervision as to the Defendant entities. *See* Ex. A. at ¶ 9 and Counts II-IV. Thus, Plaintiff pleaded accordingly when he stated in the Complaint:

> All all times relevant hereto, Zeisloft Defendants were corporations or other jural entities which acted by or through their subsidiaries and/or employees and/or agents acting within the course and scope of their employment and/or agency.

*See* Ex. A at ¶ 12. Plaintiff's Complaint states that, "all Defendants owned, managed, directed, and controlled all other Defendants, and the business of all Defendants was a necessary and

3

indispensable part of the business of all other Defendants." *Id.* at ¶ 11. Plaintiff's Complaint also identifies the relationship between the defendant driver, Defendant Serrano, and the defendant entities and described that this accident occurred within the scope of Defendant Serrano's employment or agency with the Defendant entities:

> At all times relevant hereto, Defendant Serrano was acting with the express permission of and/or as an agent, workman, and/or employee on behalf [of] Zeisloft Defendants, in the course, scope, and authority of the relevant existing agency relationships among and between them.

*Id.* at ¶ 15. In the next paragraph, Plaintiff's Complaint pleaded the conduct on the part of the Defendant entities that support this cause of action:

> At all times relevant hereto, Zeisloft Defendants acted and/or failed to act, both individually and by and through their actual and/or ostensible agency, servant, workman, and/or employee Defendant Serrano, who was, at all times relevant hereto, acting in the course and scope of the employment or other agency relationship with and on behalf of Zeisloft Defendants.

*Id.* at ¶ 16. Additionally, Plaintiff's Complaint specifically stated that "Plaintiff intends each and every paragraph of this Complaint, even if not so specifically stated, even if not so specifically stated, to be directed to each of the Defendants whether they were acting individually and/or jointly and severally." *Id.* at ¶ 18.

    8.    The averments contained in Paragraph #8 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, Plaintiff's Complaint correctly identified Defendant SNL as a "corporation, partnership, limited liability company, or other entity organization" subject to jurisdiction in Pennsylvania. *See* Ex. A at ¶ 6. By way of further response, please see Plaintiff's Response #7 above.

    9.    The averment contained in Paragraph #9 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, Plaintiff's Complaint correctly identified Defendant SNL as a "corporation, partnership, limited liability

company, or other entity organization" subject to jurisdiction in Pennsylvania. *See* Ex. A at ¶ 6. By way of further response, please see Plaintiff's Response #7 above.

10. The averments contained in Paragraph #10 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, Plaintiff's Complaint stated that, "all Defendants owned, managed, directed, and controlled all other Defendants, and the business of all Defendants was a necessary and indispensable part of the business of all other Defendants." *Id.* at ¶ 11. By way of further response, please see Plaintiff's Response #7 above.

11. The averment contained in Paragraph #11 is denied as a non-factual averment and conclusion of law. By way of further response, to survive a motion to dismiss brought under Rule 12(b)(6) of the Fed.R.Civ.P., "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). "[I]n most cases, motions to dismiss are limited to the purported deficiencies of a plaintiff's communication of its allegations in the complaint – in other words, the adequacy of the notice." *Brown v. Gov't of District of Columbia*, 390 F.Supp.3d 114, 123 (D.D.C. 2019); *accord Bartol v. Barrowclough*, 251 F.Supp.3d 855, 859 (E.D. Pa. 2017) (a plaintiff's complaint must "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.").

Defendant SNL had ample notice to the claims against it. For Count II, Plaintiff specifically claimed that the Zeisloft Defendants, including Defendant SNL, concomitantly were "in an employee-employer relationship, or [had as a] workman or agent" Defendant Serrano, who "negligently, carelessly and/or recklessly operated Zeisloft Defendant's truck in the course and scope of Zeisloft Defendants' employment, or while in the course and scope of acting as an

agent or workman for Zeisloft Defendants," which "was the proximate cause of Plaintiff's severe and permanent injuries." *See* Ex. A at ¶ 42. For Count III, Plaintiff specifically claimed that the Zeisloft Defendants, including Defendant SNL, concomitantly, "by and through their agents, servants, contractors, workmen and/or employees":

    a.      fail[ed] to adequately investigate or assess the driving competency and/or qualification, expertise or level of expertise of Defendant Serrano, whom they permitted to operate the Truck;

    b.      fail[ed] to exercise reasonable control over the Truck with respect to the manner in which the Truck was operated;

    c.      permitt[ed] the Truck to be operated by a person whom they knew or should have known did not possess the requisite, proper or adequate driving skills to safely operate said Truck;

    d.      fail[ed] to reasonably, properly or adequately supervise Defendant Serrano;

    e.      fail[ed] to reasonably and/or properly monitor the safe driving abilities of Defendant Serrano;

    f.      allow[ed] Defendant Serrano to operate and/or drive the Truck outside of the applicable aforementioned sections of the Pennsylvania Motor Vehicle Code; and

    g.      fail[ed] to comply with and confirm a history of compliance with Federal Motor Vehicle regulations, including, but not limited to, hours on duty/driving, hours not on duty/driving and/or maintaining adequate driver logs.

*See* Ex. A at ¶ 45. For Count IV, Plaintiff specifically claimed that the Zeisloft Defendants, including Defendant SNL, concomitantly, "through their agents, servants, contractors, workmen, and/or employees":

    a.      fail[ed] to properly and adequately supervise their agents, servants, contractors, workmen, and/or employees with regard to operation of its vehicles;

    b.      fail[ed] to adequately assess its agents, servants, contractors, workmen, and/or employees driving abilities;

    c.      fail[ed] to ensure that its Truck was operated properly and safely;

    d.      fail[ed] to provide the proper directives, materials, instructions, or orders for the proper and safe operation of its Truck;

    e.      allow[ed] unskilled, unqualified, and/or untrained individuals and/or entities to operate its vehicles;

    f.      fail[ed] to train its agents, contractors, servants, work persons, and/or employees properly;

      g.      fail[ed] to hire competent agents, contractors, servants, work persons, and/or employees;
      h.      fail[ed] to use due care in investigating and selecting agents, contractors, servants, work persons, and/or employees to operate its vehicles;
      i.      fail[ed] to warn Plaintiff of their failure to investigate and select competent agents, contractors, servants, work persons, and/or employees;
      j.      fail[ed] to adopt, enact, employ, and enforce, proper and adequate safety programs, precautions, procedures, measures, and/or plans;
      k.      fail[ed] to comply with and confirm a history of compliance with Federal Motor Vehicle regulations, including, but not limited to, hours on duty/driving, hours not on duty/driving and maintaining adequate driver logs; and
      l.      hir[ed], select[ed], and/or retain[ed] incompetent and/or unskilled contractors, agents, servants, employees, and/or workmen.

*See* Ex. A at ¶ 58. Thus, since Plaintiff made such claims against Zeisloft Defendants concomitantly, Defendant SNL was put on adequate notice of every piece of Counts II, III, and IV of Plaintiff's Complaint.

      12.      The averment contained in Paragraph #12 is admitted in part and denied in part. By way of further response, it is admitted that Charles Zeisloft, III, provided an Affidavit to accompany Defendant SNL's Motion. It is specifically denied that Charles Zeisloft, III's Affidavit in any way should support Defendant SNL's request to be dismissed. At this stage, Plaintiff need not provide evidence that proves Defendant SNL committed every action claimed against them (*i.e.*, the actions laid out in Counts II, III, and IV of the Complaint). Instead, as previously mentioned, "a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips v. County of Allegheny*, 515 F. 3d 224, 234 (3d Cir. 2009) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 (3d Cir. 2002). (citations omitted). As such, the Affidavit of Charles Davis Zeisloft III holds no merit in the current matter of whether the claims against Defendant SNL should be dismissed, and the Court

should not take the affidavit into consideration when ruling on Defendant SNL's 12(b)(6) Motion to Dismiss Plaintiff's Complaint.

13. The averments contained in Paragraph #13 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, please see Plaintiff's Response #12 above.

14. The averments contained in Paragraph #14 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, Plaintiff executed a well-pleaded Complaint that correctly identified Defendant SNL's relationship with the other named defendants and sufficiently alleged vicarious liability, negligent entrustment, and negligent hiring and supervision against Defendant SNL. *See* Ex. A.

15. The averments contained in Paragraph #15 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, "a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips v. County of Allegheny*, 515 F. 3d 224, 234 (3d Cir. 2009) (citations omitted).

16. The averments contained in Paragraph #16 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, "the pleading standard Rule 8 announces does not require 'detailed factual allegations.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 L. Ed.2d 868 (2009) (*citing* Twombly, 550 U.S. at 555). Further, "a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but

instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips v. County of Allegheny*, 515 F. 3d 224, 234 (3d Cir. 2009) (citations omitted).

17. The averments contained in Paragraph #17 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, "a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips v. County of Allegheny*, 515 F. 3d 224, 234 (3d Cir. 2009) (citations omitted).

18. The averments contained in Paragraph #18 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, Plaintiff's Complaint does not contain mere conclusions, and thus, the law that moving Defendant cited in Paragraph #18 is inapplicable. However, it is applicable that, in evaluating a Rule 12(b)(6) motion, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F. 3d 224, 233 (3d Cir. 2009) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 (3d Cir. 2002).

19. The averments contained in Paragraph #19 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, please see Plaintiff's Response #18 above.

20. The averments contained in Paragraph #20 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, it is

specifically denied that Plaintiff's Complaint included a mere formulaic recitation of the elements of a cause of action and naked assertions of facts devoid of further factual enhancement. *See* Ex. A.

21. The averments contained in Paragraph #21 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, Mr. Colon-Torres' Complaint does not contain mere conclusory pleadings, and, pursuant to the law that Defendant SNL cited in Motion, the "court should assume their veracity." *Santiago v. Warminster township*, 639 F.3d 121, 130 (3d Cir. 2010) (*quoting Iqbal*, 556 U.S. 675, 679).

22. The averments contained in Paragraph #22 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, it is specifically denied that Plaintiff's Complaint does not sufficiently allege Claims II through IV in accordance with *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

23. The averments contained in Paragraph #23 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, Plaintiff's Complaint sets forth facts that show he is entitled to relief from Defendant SNL. More specifically, Plaintiff's Complaint identified the relationship between Defendant Serrano and the Defendant entities and stated that this accident occurred within the scope of Defendant Serrano's employment or agency with the Defendant entities:

> At all times relevant hereto, Defendant Serrano was acting with the express permission of and/or as an agent, workman, and/or employee on behalf [of] Zeisloft Defendants, in the course, scope, and authority of the relevant existing agency relationships among and between them.

*See* Ex. A. at ¶ 15. In the next paragraph, Plaintiff's Complaint also pleaded the conduct on the part of the Defendant entities that support this cause of action:

> At all times relevant hereto, Zeisloft Defendants acted and/or failed to act, both individually and by and through their actual and/or ostensible agency, servant, workman, and/or employee Defendant Serrano, who was, at all times relevant hereto, acting in the course and scope of the employment or other agency relationship with and on behalf of Zeisloft Defendants.

24. The averments contained in Paragraph #24 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, a court's judicial experience and common sense should lead to the determination that Plaintiff's Complaint has the requisite plausibility needed to survive a Motion to Dismiss.

25. The averments contained in Paragraph #25 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, it is specifically denied that Plaintiff's Complaint contained merely conclusory allegations.

26. The averments contained in Paragraph #26 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, Plaintiff's Complaint described that the named Defendant entities "may be collectively referred to as 'Zeisloft Defendants' for the entirety of the Complaint." *See* Ex. A. at ¶ 9.

27. The averments contained in Paragraph #27 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, Plaintiff's Complaint correctly identified Defendant SNL as a "corporation, partnership, limited liability company, or other entity organization" subject to jurisdiction in Pennsylvania. *See* Ex. A. at ¶ 6. Further, Plaintiff's Complaint described that the named Defendant entities "may be collectively referred to as 'Zeisloft Defendants' for the entirety of the Complaint." *Id.* at ¶ 9.

28. The averments contained in Paragraph #28 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, it is specifically denied that Plaintiff's Complaint contained merely conclusory allegations.

29.     The averments contained in Paragraph #29 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, Defendant SNL had ample notice to the claims against it. For Count II, Plaintiff specifically claimed that the Zeisloft Defendants, including Defendant SNL, concomitantly were "in an employee-employer relationship, or [had as a] workman or agent" Defendant Serrano, who "negligently, carelessly and/or recklessly operated Zeisloft Defendant's truck in the course and scope of Zeisloft Defendants' employment, or while in the course and scope of acting as an agent or workman for Zeisloft Defendants," which "was the proximate cause of Plaintiff's severe and permanent injuries." *See* Ex. A. at ¶ 42. For Count III, Plaintiff specifically claimed that the Zeisloft Defendants, including Defendant SNL, concomitantly, "by and through their agents, servants, contractors, workmen and/or employees," failed in multiple aspects to prevent the crash. *See Id.* at ¶ 45. For Count IV, Plaintiff specifically claimed that the Zeisloft Defendants, including Defendant SNL, concomitantly, "through their agents, servants, contractors, workmen, and/or employees," failed to prevent Defendant Serrano from causing the crash. *See Id.* at ¶ 58. Since Plaintiff made such claims against Zeisloft Defendants concomitantly, Defendant SNL was put on adequate notice of every part of Counts II, III, and IV of Plaintiff's Complaint.

30.     The averments contained in Paragraph #30 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). By way of further response, please see Plaintiff's Response #29 above.

31. The averments contained in Paragraph #31 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, please see Plaintiff's Response #29 above.

32. The averments contained in Paragraph #32 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, please see Plaintiff's Response #29 above.

33. The averments contained in Paragraph #33 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, please see Plaintiff's Response #29 above.

34. The averment contained in Paragraph #34 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, it is specifically denied that Plaintiff's Complaint requires pleading with more specificity. Further, "a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips v. County of Allegheny*, 515 F. 3d 224, 234 (3d Cir. 2009) (citations omitted).

35. The averment contained in Paragraph #35 are denied as non-factual averments and conclusions of law to which no response is required. By way of further response, it is specifically denied that Defendant Saint Nick Logistics, LLC's Motion to Dismiss should be granted.

**WHEREFORE**, Plaintiff Heriberto Colon-Torres respectfully requests this Honorable Court to enter an Order in the form proposed denying Defendant Saint Nick, L.L.C.'s Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint.

                                              Respectfully submitted,

                                              **JONATHAN M. COHEN, L.L.C.**

**BY:**    */s/ Steven J. Carroll*
          **Steven J. Carroll, Esquire**
          **Jonathan M. Cohen, Esquire**
          *Attorneys for Plaintiff*

**Date: July 8, 2024**