UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERIBERTO COLON-TORRES, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 5:24-CV-01745 |
| : | |
| OCTAVIO SERRANO, ZEISLOFT TRUCKING, : | |
| LLC d/b/a ZEISLOFT LOGISTICS a/k/a : | |
| ZEISLOFT TRUCKING OF WEST DEPTFORD : | |
| a/k/a/ CHARLES D. ZEISLOFT TRUCKING, : | |
| ZEISLOFT VENTURES, ROCK PRODUCTS, : | |
| INC., SAINT NICK LOGISTICS, LLC, DAT : | |
| SOLUTIONS, LLC, JOHN DOE, and ABC : | |
| COMPANY, : | |
|     Defendants. : | |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT SAINT NICK
LOGISTICS, LLC's RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**INTRODUCTION**

On March 9, 2022, Mr. Colon-Torres was driving his blue 1994 Honda Civic, traveling Eastbound in the right lane of Route 422 in Pottstown, Pennsylvania. *See* Plaintiffs' Complaint at ¶¶ 21, 24, attached hereto as "Exhibit A." Defendant Serrano was operating a 2001 white Mack truck registered to Defendant Zeisloft, driving Eastbound in the left lane of Route 422, a dangerously short distance behind Mr. Colon-Torres' vehicle. *Id.* at ¶¶ 22-23. Defendant Serrano initiated a lane change from the left lane into the right lane of Route 422 (Mr. Colon-Torres' lane of travel) while driving extremely closely to Mr. Colon-Torres' Honda Civic. *Id.* at ¶ 25. In order to avoid a crash when Defendant Serrano caused the semi-trailer truck to come very close to the back of his Honda Civic, Mr. Colon-Torres veered his Honda Civic into the left lane, colliding with the median wall and bouncing back into the right lane where Mr. Colon-Torres' Honda Civic violently impacted the approximate midpoint of the truck. *Id.* at ¶¶ 25-27. Mr. Colon-

Torres suffered severe, permanent injuries after his Honda Civic violently impacted Defendant Serrano's semi-trailer truck several times and after his Honda Civic was subsequently dragged several hundred feet by Defendant Serrano's semi-trailer truck. *Id.* at ¶¶ 21-37. The Police Report from the crash identified the semi-truck trailer as being registered to Zeisloft Trucking. *Id.* at ¶¶ 28-33. On or about April 25, 2022, Defendant Serrano pleaded guilty to a violation of Pa. C.S.A. § 3334(a).[1] *Id.* at ¶¶ 28-30.

Due to the crash that was caused by the negligence of all Defendants, Mr. Colon-Torres suffered serious and permanent injuries, including a traumatic brain injury, rib and sternal fractures, and other severe contusions and hematomas. *Id.* at ¶ 36. Mr. Colon-Torres had a sizable portion of his skull removed to address a subdermal hematoma, and he had to endure additional fixations and neurological procedures. *Id.* The prognosis for Mr. Colon-Torres includes ongoing medical treatments, surgeries, and physical therapy. *Id.*

On March 7, 2024, Mr. Colon-Torres filed a personal injury action in the Court of Common Pleas of Philadelphia County against Defendant Serrano, Zeisloft Trucking, LLC, d/b/a Zeisloft Logistics a/k/a Zeisloft Trucking a/k/a Zeisloft Trucking of West Deptford a/k/a Charles D. Zeisloft Ventures ("Defendant Zeisloft"), Rock Products, Inc., Saint Nick Logistics, LLC ("Defendant SNL"), and DAT Solutions, LLC. *See Id.* On April 25, 2024, Defendant DAT Solutions, LLC filed a Notice of Removal to which Plaintiff filed a Motion to Remand.[2] *See*

---

[1] Pa. C.S.A. § 3334(a), titled "Turning movements and required signals," provides, in pertinent part:

> Upon a roadway no person shall turn a vehicle or move from one traffic lane to another or enter the traffic stream from a parked position unless and until the movement can be made with reasonable safety nor without giving an appropriate signal in the manner provided in this section.

[2] Defendant SNL's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint should not be ruled upon until Plaintiff's Motion to Remand is ruled upon. This Court has routinely determined that subject matter jurisdiction must be established as a threshold matter prior to ruling on the merits of a Rule 12(b)(6) motion. *See Ahern v. BJ's Wholesale Club, Inc.*, 19-3012, 2020 WL 1308216 at *3 (E.D. Pa. March 18, 2020) (citing 5B Wright and A. Miller, Federal Practice and Procedure § 1350, n. 39 (2009)) ("While Defendant's argument may be appropriate for a Rule 12(b)(6) motion to dismiss analysis, that issue cannot be considered until [the court] consider[s] whether [the court] has

Notice of Removal (April 25, 2024), ECF 1. *See also* Motion to Remand (May 28, 2024), ECF 9, ECF 9-1, 9-2.

On June 24, 2024, Defendant SNL filed the instant Motion to Dismiss. *See* Motion to Dismiss (June 24, 2024), ECF 14. Defendant SNL's Motion inexplicably argues that Plaintiff's Complaint made conclusory allegations about each of the defendant entities. Defendant SNL's Motion is a poor attempt to disassociate Defendant SNL from the other Defendants, which is based on anecdotal evidence that argues Defendant SNL is not liable because it is not associated with the other Defendants. However, the facts presented in Plaintiff's Complaint, which must be accepted as true, clearly show that Defendant SNL is a sister-company of the registered owner of the vehicle (Defendant Zeisloft Trucking), which was based on Defendant SNL's own admission on its website. *See* Motion to Remand (May 28, 2024), ECF 9-1. It its Motion, Defendant SNL argues that Plaintiff did not specify which of the Defendants are actually responsible for the alleged acts or omissions, and, therefore, Defendant SNL should be dismissed from the case. Mr. Colon-Torres executed a well-pleaded Complaint that correctly identified Defendant SNL's relationship with the other named Defendants and sufficiently alleged vicarious liability, negligent entrustment, and negligent hiring and supervision against Defendant SNL. *See* Ex. A For the reasons set forth below, Defendant SNL's 12(b)(6) Motion to Dismiss should be denied.

## **QUESTIONS PRESENTED**

1. Whether this Court should delay ruling on Defendant SNL's Motion to Dismiss pending the Court's decision on Plaintiff's Motion to Remand?
   **Suggested Answer:   Yes.**

2. Whether this Court, if it ever must rule on Moving Defendant's Motion to

---

subject-matter jurisdiction over this case. In order to discern whether jurisdiction exists, [the court] must consider whether Defendants have met their more difficult burden of not just proving that the claims against [Plaintiff] are implausible under a 12(b)(6) standard, but that the claims are not 'colorable' such that [Plaintiff] was 'fraudulently joined' as a defendant. Only if Defendants prove fraudulent joinder may [the court] disregard [Plaintiff]'s citizenship and exercise diversity jurisdiction over this case.").

Dismiss, should find that, where Plaintiff's 17-page Complaint properly avers that Defendant SNL facilitated or failed to prevent the negligent use of the vehicle driven by Defendant Serrano and registered to Defendant Zeisloft, all of which must be taken as true when deciding Moving Defendant's instant Motion, Plaintiff's claims against Defendant SNL are well-pleaded within Plaintiff's Complaint, and should therefore deny Defendant SNL's Motion to Dismiss?
**Suggested Answer: Yes.**

## PROCEDURAL HISTORY

On March 9, 2024, Mr. Colon-Torres filed a civil action Complaint in the Court of Common Pleas of Philadelphia County. *See* Ex. A. This personal injury case was removed to this Court on April 25, 2024. *See* ECF 1. Plaintiff filed a Motion to Remand on May 28, 2024, which this Court has yet to rule on. *See* ECF 9, ECF 9-1, ECF 9-2. On June 24, 2024, Defendant SNL filed the subject 12(b)(6) Motion to Dismiss. In opposition to moving Defendant's Motion, Plaintiff submits the instant Response in Opposition and supporting Memorandum of Law.

## STATEMENT OF RELEVANT FACTS

This is a negligence action against the above-captioned Defendants which were responsible for the motor vehicle accident that occurred on March 9, 2022, which caused severe, permanent injuries to Plaintiff, Mr. Heriberto Colon-Torres. At dust, on March 9, 2022, Mr. Colon-Torres was driving his blue 1994 Honda Civic, traveling Eastbound in the right lane of Route 422 in Pottstown, Pennsylvania. *See* Ex. A at ¶¶ 21, 24. At the same time, Defendant Serrano was operating a 2001 white Mack truck registered to Defendant Zeisloft; Defendant Serrano was driving on the same road and in the same direction (eastbound) as Mr. Colon-Torres, and Defendant Serrano was driving dangerously close behind Mr. Colon-Torres' Honda. *Id.* at ¶¶ 22-23. While extremely nearly touching the rear of Mr. Colon-Torres' Honda, Defendant Serrano changed lanes (from the left lane into the right lane of Route 422). *Id.* at ¶ 25. To avoid a crash caused by the dangerous operation of the semi-truck driven by Defendant Serrano, Mr. Colon-

4

Torres tried to maneuver his Honda Civic away from Defendant Serrano. *Id.* at ¶ 25-27. Mr. Colon-Torres veered his Honda into the left lane, but, to no fault of his own, he was unable to maintain control of the vehicle and collided with the median wall, then bounced back into the right lane where Mr. Colon-Torres' Honda violently impacted the approximate midpoint of the Defendant Zeisloft's semi-truck driven by Defendant Serrano. *Id.* at ¶¶ 25-27. Mr. Colon-Torres suffered severe, permanent injuries as result of the collision; his Honda Civic violently impacted the highway median and Defendant Serrano's semi-trailer truck several times before the Honda was dragged several hundred feet by Defendant Serrano's semi-trailer truck. *Id.* at ¶¶ 21-37.

## APPLICABLE LAW

### I. THE COURT SHOULD DELAY RULING ON DEFENDANT SNL'S MOTION TO DISMISS UNTIL AFTER RULING ON PLAINTIFF'S MOTION TO REMAND

A Fed.R.Civ.P. 12(b)(6) motion to dismiss analysis is premature when subject-matter jurisdiction remains at issue. *See Ahearn v. BJ's Wholesale Club Inc.*, 19-3012, 2020 WL 1308216 at *3 (E.D. Pa. March 18, 2020) ("While Defendant's argument may be appropriate for a Rule 12(b)(6) motion to dismiss analysis, that issue cannot be considered until [the court] consider[s] whether [the court] has subject-matter jurisdiction over this case."); *see also Harris v. Miller's Ale House, Inc.*, No. 23-03349, 2023 WL 7544998 at *3 n.1 (E.D. Pa. Nov. 13, 2023) ("This Court agrees with the analysis in *Ahearn* […].").

Based on the Federal District Court for Eastern District of Pennsylvania's consistent findings that subject-matter jurisdiction must be established before a Rule 12(b)(6) analysis is appropriate, Plaintiff respectfully requests for the Court to delay ruling on the subject Motion until ruling on Plaintiff's Motion to Remand.

II. **IF PLAINTIFF'S MOTION TO REMAND IS DENIED, THEN THE COURT SHOULD DENY DEFENDANT SNL'S 12(b)(6) MOTION BECAUSE PLAINTIFF'S COMPLAINT IS WELL-PLEADED IN ACCORDANCE WITH FED.R.CIV.P. 8(a) AND SUFFICIENTLY PLEADED NEGLIGENT ENTRUSTMENT, VICARIOUS LIABILITY, AND NEGLIGENT HIRING AND SUPERVISION IN COUNTS II, III, AND IV, RESPECTIVELY, AGAINST DEFENDANT SNL**

Pursuant to Rule 8 of the Fed.R.Civ.P., a pleading that states a claim for relief must contain (1) a short and plain statement of the ground for the court's jurisdiction…; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. *See* Fed.R.Civ.P. Rule 8(a). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion to dismiss brought under Rule 12(b)(6) of the Fed.R.Civ.P., "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). "[I]n most cases, motions to dismiss are limited to the purported deficiencies of a plaintiff's communication of its allegations in the complaint – in other words, the adequacy of the notice." *Brown v. Gov't of District of Columbia*, 390 F.Supp.3d 114, 123 (D.D.C. 2019); *accord Bartol v. Barrowclough*, 251 F.Supp.3d 855, 859 (E.D. Pa. 2017) (a plaintiff's complaint must "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.").

In evaluating a Rule 12(b)(6) motion, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v.*

6

*County of Allegheny*, 515 F. 3d 224, 233 (3d Cir. 2009) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 (3d Cir. 2002). In *Phillips*, the Third Circuit clarified the Supreme Court's standard in *Twombly*, holding, "[A] claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234 (citations omitted). Precisely put, "there must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation." *Id.* at 234-35. Further, "it is well established that the Court's analysis of any applicable defenses advanced in opposition to claims that have been properly pleaded are to be reserved for later stages of the litigation" if the evaluation of those defenses "require[s] further factual development." 390 F.Supp.3d 114, 123 (D.D.C. 2019); *accord* 251 F.Supp.3d 855, 859 (E.D. Pa. 2017).

Defendant SNL presents a vague and ineffectual legal argument in its Memorandum of Law in support of its Motion to Dismiss. Defendant SNL states:

> The non-specific allegations in Plaintiff's Complaint consist of legal conclusions and baseless allegations that are directed to numerous parties without parsing out, in any capacity, the role any individual party played, <u>if any</u>, in this incident. Such a scenario leaves Moving Defendant, SNL, without fair notice and unable to determine what claims are being asserted against it, for an accident it had no involvement in, and thus leaves SNL with no proper way to defend itself in this action as required by *Iqbal* and *Twombly*. Accordingly, Plaintiff's Complaint should be dismissed as to SNL due to a lack of sufficiency of the factual allegations contained in the Complaint, as required by the Federal Rules.

*See Id.* at 5. Defendant SNL fails to point out that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" and fails to identify any "legal conclusions" or "baseless allegations" that it claims to exist in Plaintiff's Complaint. *See Id.*

7

Defendant SNL's cites to *Santiago v. Warminster Twp.*, 629 F.3d 121 (3d Cir. 2010) but fails to apply *Santiago* to the facts of the instant case and fails to discuss the relevant test the Third Circuit applies to determine the sufficiency of pleadings:

> To determine the sufficiency of a complaint under the pleading regime established by those cases, a court must take three steps: First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

(internal citations omitted) (*quoting Iqbal*, 556 U.S. at 675, 679). Defendant SNL fails to explain how *Santiago* or *Iqbal* apply to Plaintiff's Complaint, likely because applying the law (instead of merely citing it) would prove Plaintiff sufficiently pleaded his claims against Defendant SNL. Unlike Defendant SNL, Plaintiff can apply the tests dictated within the cases cited by Defendant SNL and show that Plaintiff's Complaint was sufficiently pleaded.

Plaintiff provides specific factual assertions to support each claim in their pleadings which fulfill the first prong of the *Iqbal* test. As to the claim respondeat superior/vicarious liability, Plaintiff must prove that (1) the wrongful act was committed by an employee or other agent of the named defendants and (2) the employee or other agent was acting within the scope of their employment or agency when the wrongful act was committed. *Johnson v. Glenn Sand & Gravel*, 308 Pa.Super. 22, 25, 453 A.2d 1048, 1050 (1982). Plaintiffs' Complaint does not depend on mere conclusory allegations and, therefore, none of Plaintiffs' allegations should be omitted per *Iqbal*. *Id.* The plausibility of Plaintiff's Complaint pertaining to Claim II are clearly identified in ¶¶ 42-43, which state:

> 42. The aforesaid collision resulted from the negligence, carelessness, and recklessness of Defendant Serrano, who, at all times relevant hereto:
>     a.     was in an employee-employer relationship with, or a workman or agent for, Zeisloft Defendants;

  b.  negligently, carelessly, and/or recklessly operated Zeisloft Defendants' truck in the course and scope of Zeisloft Defendants' employment, or while in the course and scope of acting as an agent or workman for Zeisloft Defendants; and

  c.  was the proximate cause of Plaintiff's severe and permanent injuries more fully set forth herein.

43. As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendant Serrano while in the course and scope of employment by, or while an agent or workman for Zeisloft Defendants, Plaintiff was caused to sustain severe and permanent injuries as set forth in the foregoing paragraphs.

*See Id.* The third prong of the *Iqbal* test declares that all other well-pleaded allegations, whose veracity must be assumed, should be used to determine whether the pleader is entitled to relief. Plaintiff's Complaint alleged that Defendant Serrano was in control of a 2001 white Mack truck with the license plate number NJAX748H, Defendant Serrano was driving extremely close to Mr. Colon-Torres, Defendant Serrano pleaded guilty to a violation of 75 Pa.C.S.A. Vehicles § 334(a), the semi-truck that Defendant Serrano controlled was owned by Zeisloft Defendants, and Defendant SNL is a sister company of Defendant Zeisloft Trucking that is integrated into Zeisloft's trucking business, which, based on the nature of this relationship, satisfied the pleading standards of Rule 8. *See* Ex. A at ¶¶ 22, 26, 29-30, 34. All of these allegations constitute legally sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1940 (2009). Since there exist no other "obvious alternative explanations," as to the claim of respondeat superior/vicarious liability, Plaintiff has "nudged [his] claims across the line from conceivable to plausible." *See Iqbal*, 556 U.S. at 682.

  As to the claim of negligent entrustment, Plaintiff must sufficiently allege (and prove at trial) that (1) the driver of a vehicle was negligent in operating the vehicle, (2) the named defendants owned the vehicle operated by the driver or had possession of the vehicle operated by the driver with the owner's permission, (3) that the named defendants knew or should have

9

known that the driver was incompetent or unfit to drive the vehicle, (4) that the named defendants permitted the driver to drive the vehicle, and (5) that the driver's incompetence or unfitness to drive was a substantial factor in causing harm to the plaintiff. *See Spencer v. Johnson*, 2021 PA Super 48, 249 A.3d 529 (Pa. Super. Ct. 2021). Plaintiffs' Complaint is also well-pleaded pertaining to Count III against Defendant SNL at ¶¶ 45-46, which state:

> 45.   Upon information and belief, the negligence, carelessness and/or recklessness of Zeisloft Defendants, by and through their agents, servant, contractors, workmen and/or employees, consisted, *inter alia*, of the following:
>   a. failing to adequately investigate or assess the driving competency and/or qualification, expertise or level of expertise Defendant Serrano, whom they permitted to operate the Truck;
>   b. failing to exercise reasonable control over the Truck with respect to the manner in which the Truck was operated;
>   c. permitting the Truck to be operated by a person whom they knew or should have known did not possess the requisite, proper or adequate driving skills to safely operate said Truck;
>   d. failing to reasonably, properly or adequately supervise Defendant Serrano;
>   e. failing to reasonably and/or properly monitor the safe driving abilities of Defendant Serrano;
>   f. allowing Defendant Serrano to operate and/or drive the Truck outside of the applicable aforementioned sections of the Pennsylvania Motor Vehicle Code; and
>   g. failing to comply with and confirm a history of compliance with Federal Motor Vehicle regulations including, but not limited to, hours on duty/driving, hours not on duty/driving and/or maintaining adequate driver logs.
>
> 46.   As a direct and consequential result of the negligent, careless and/or reckless conduct of Zeisloft Defendants, Plaintiff suffered various serious and permanent personal injuries more fully stated within Plaintiff's medical record.

The *Iqbal* test further declares that all other well-pleaded allegations, whose veracity must be assumed, should be used to determine the plausibility that the pleader is entitled to relief, again, supports the sufficiency of Plaintiff's pleading. Plaintiff's Complaint alleged that Defendant Serrano was in control of a 2001 white Mack truck with the license plate number NJAX748H,

10

Defendant Serrano's operation of the truck was in violation of traffic laws and was a reckless disregard of the safety of other motorists, the subject semi-truck was owned by Defendant Zeisloft Trucking, and Defendant SNL avers itself as the sister-company integrated in Defendant Zeisloft Trucking's trucking business. *See* Ex. A at ¶¶ 22, 26, 29-31, 34. All of these allegations constitute legally sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1940 (2009). It is unnecessary at the pleading stage for Plaintiff to include in his Complaint the intricacies of Defendants Zeisloft Trucking and Defendant SNL's trucking operation to otherwise rule out all other alternative explanations, which, *Iqbal* stated must be "obvious alternative explanations." *Id.* at 682.

As to the claim of negligent hiring and supervision, Plaintiff must sufficient allege (and prove at trial) that (1) the employer defendants did not exercise reasonable care in hiring the employee, (2) the employee had dangerous tendencies or was incompetent for the job in question, (3) the employee's dangerous tendencies or incompetence would have been apparent to the employer had it exercised reasonable care, (4) as a result of the defendant employers' failure to exercise reasonable care, the plaintiff suffered injury, and (5) the defendant employers' negligent retention of the employee was the proximate cause of the plaintiff's injuries. *See Brezenski v. World Truck Transfer, Inc.,* 755 A.2d 36 (Pa. Super. Ct. 2000). Here, Plaintiff's Complaint sufficiently pleaded that Defendant Serrano recklessly operated the subject semi-truck, pleaded guilty to violations of Pennsylvania's Motor Vehicle Code and Defendant Serrano's operation of the vehicle is what caused the crash. In other words, Plaintiff sufficiently pleaded that Defendants Zeisloft and SNL should not have hired Defendant Serrano to drive for their business and should have prevented Defendant Serrano from operating its trucks. Accepting

Plaintiff's allegations as true, which is necessary, it is more than plausible that Defendant Serrano was incompetent to drive a semi-truck, and Defendant SNL (who avers to be responsible for safe delivery of Zeisloft-facilitated shipments) should have prevented Defendant Serrano from operating the subject semi-truck. It is unlikely, if not impossible, for Plaintiff to know all of the ins-and-outs of Defendant SNL's hiring and supervision process to plead with more specificity a negligent hiring, supervision, retention claim.

Plaintiff's Complaint pleaded a factual basis – which must be accepted as true – that warrants further litigation of this case beyond the current pleadings. In its Motion, Defendant SNL also inexplicably argues that Plaintiff's Complaint did not sufficiently distinguish the negligent conduct between each Defendant. Defendant SNL's argument fails to account for the fact that Plaintiff's Complaint alleged Counts II, III, and IV against all Defendant entities. In other words, Defendant SNL's argument relies on its own, conjured assumption that less than all three of Counts II-IV were alleged against it. Defendant SNL argues that it is "without fair notice and unable to determine what claims are being asserted against it, for an accident it had no involvement in, and thus leaves SNL with no proper way to defendant itself in this action as required by *Iqbal* and *Twombly*." (Memo at 5). No clarification is needed—the face of Plaintiff's Complaint properly identified Defendant SNL as a "corporation, partnership, limited liability company, or other entity organization" subject to jurisdiction in Pennsylvania, and Plaintiff naturally combined Defendant SNL with the other Zeisloft Defendants and alleged Counts II-IV against it. *See* Ex. A at ¶ 6. Defendant SNL states in its Motion to Dismiss that, "In the instant matter, Plaintiff merely makes conclusory allegations about each of the non-driver Defendants, as a group, without specifying which of the Defendants are actually responsible for the alleged acts or omissions." *See* Defendant SNL's Memorandum of Law in Support of Its Rule 12(b)(6)

Motion to Dismiss Plaintiff's Complaint (June 24, 2024), ECF 14, at 4. Defendant SNL's Motion also asserts, "Plaintiff's complaint improperly lumps each of the named non-driver Defendants together without identifying any specific involvement SNL had as related to this incident." *See Id.*

Such claims are meritless since Plaintiff's well-pleaded Complaint identified Defendant SNL as what it is, a sister-company of Defendant Zeisloft Trucking, LLC. If Defendant SNL is not a sister-company of Defendant Zeisloft, then Defendant SNL falsely claims otherwise on its own website, which states that it "pride[s] [itself] on being an industry leader that has 58 years of experience & relationship within the transportation industry built off the back of *our sister company, Zeisloft Tucking*," and that it "guarantee[s] that [its] shipments will deliver safely and promptly as [it] *utilize[s] [its] DAT* that allows [it] to monitor [its] carriers to make sure that they are always complying with FMCSA and DOT" (emphasis added). *See* Motion to Remand (May 28, 2024), ECF 9-1. And again, on a different page of Defendant SNL's website, it claims, "*We are a sister company of Zeisloft Trucking and Rock Products Inc* which are backed by 58 years of extensive shipper and carrier knowledge along with our boundless network of carriers" (emphasis added). *See Id.* Further, Zeisloft Ventures stated on its website on March 1, 2024, that Chuck Zeisloft III "joined the family business and began to scale the existing business *while also providing logistics solutions through Saint Nick Logistics*" (emphasis added). This same Zeisloft Ventures' website also described itself as a "horizontally integrated holding company" and listed its businesses as Zeisloft Trucking, Saint Nick Logistics and Rock Products. *See Id.* This website has since been taken down. *See* Zeisloft Site Error, attached hereto as Exhibit "B."

A sister company, as Defendant SNL describes itself to be, is a subsidiary that is related to other subsidiaries because they are owned by the same parent company. In this case, the

13

relevant parent company would be Zeisloft Trucking, LLC and Zeisloft Ventures. Due to the Defendant entities' published statements that they share a parent company, Plaintiff naturally (and properly) referred to the Defendant entities collectively as "Zeisloft Defendants" and claimed vicariously liability, negligent entrustment, and negligent hiring and supervision as to each Defendant entity. *See* Ex. A. at ¶ 9 and Counts II-IV. Thus, Plaintiff pleaded accordingly when he stated in the Complaint:

> All all times relevant hereto, Zeisloft Defendants were corporations or other jural entities which acted by or through their subsidiaries and/or employees and/or agents acting within the course and scope of their employment and/or agency.

*See* Ex. A at ¶ 12. Plaintiff's Complaint also identified the relationship between the defendant driver, Defendant Serrano, and the defendant entities and described that this accident occurred within the scope of Defendant Serrano's employment or agency with the Defendant entities:

> At all times relevant hereto, Defendant Serrano was acting with the express permission of and/or as an agent, workman, and/or employee on behalf [of] Zeisloft Defendants, in the course, scope, and authority of the relevant existing agency relationships among and between them.

*Id.* at ¶ 15. Plaintiff's Complaint also accounted for the cooperation that existed between the Defendant entities and stated that, "all Defendants owned, managed, directed, and controlled all other Defendants, and the business of all Defendants was a necessary and indispensable part of the business of all other Defendants." *Id.* at ¶ 11. Plaintiff's Complaint stated further:

> At all times relevant hereto, Zeisloft Defendants acted and/or failed to act, both individually and by and through their actual and/or ostensible agency, servant, workman, and/or employee Defendant Serrano, who was, at all times relevant hereto, acting in the course and scope of the employment or other agency relationship with and on behalf of Zeisloft Defendants.

*Id.* at ¶ 16. The above-cited portions of Plaintiff's Complaint are straightforward, and, even if there was any confusion on the part of its reader, Plaintiff's Complaint specifically stated that

14

"Plaintiff intends each and every paragraph of this Complaint, even if not so specifically stated, to be directed to each of the Defendants, even if not so specifically stated, to be directed to each of the Defendants whether they were acting individually and/or jointly and severally." *Id.* at ¶ 18.

Defendant SNL had ample notice of the claims against it. For Count II, Plaintiff specifically claimed that the Zeisloft Defendants, including Defendant SNL, concomitantly were "in an employee-employer relationship, or [had as a] workman or agent" Defendant Serrano, who "negligently, carelessly and/or recklessly operated Zeisloft Defendant's truck in the course and scope of Zeisloft Defendants' employment, or while in the course and scope of acting as an agent or workman for Zeisloft Defendants," which "was the proximate cause of Plaintiff's severe and permanent injuries." *See* Ex A at ¶ 42. For Count III, Plaintiff specifically claimed that the Zeisloft Defendants, including Defendant SNL, concomitantly, "by and through their agents, servants, contractors, workmen and/or employees":

 a. fail[ed] to adequately investigate or assess the driving competency and/or qualification, expertise or level of expertise of Defendant Serrano, whom they permitted to operate the Truck;
 b. fail[ed] to exercise reasonable control over the Truck with respect to the manner in which the Truck was operated;
 c. permitt[ed] the Truck to be operated by a person whom they knew or should have known did not possess the requisite, proper or adequate driving skills to safely operate said Truck;
 d. fail[ed] to reasonably, properly or adequately supervise Defendant Serrano;
 e. fail[ed] to reasonably and/or properly monitor the safe driving abilities of Defendant Serrano;
 f. allow[ed] Defendant Serrano to operate and/or drive the Truck outside of the applicable aforementioned sections of the Pennsylvania Motor Vehicle Code; and
 g. fail[ed] to comply with and confirm a history of compliance with Federal Motor Vehicle regulations, including, but not limited to, hours on duty/driving, hours not on duty/driving and/or maintaining adequate driver logs.

*See* Ex. A at ¶ 45. For Count IV, Plaintiff specifically claimed that the Zeisloft Defendants, including Defendant SNL, concomitantly, "through their agents, servants, contractors, workmen, and/or employees":

    a.    fail[ed] to properly and adequately supervise their agents, servants, contractors, workmen, and/or employees with regard to operation of its vehicles;
    b.    fail[ed] to adequately assess its agents, servants, contractors, workmen, and/or employees driving abilities;
    c.    fail[ed] to ensure that its Truck was operated properly and safely;
    d.    fail[ed] to provide the proper directives, materials, instructions, or orders for the proper and safe operation of its Truck;
    e.    allow[ed] unskilled, unqualified, and/or untrained individuals and/or entities to operate its vehicles;
    f.    fail[ed] to train its agents, contractors, servants, work persons, and/or employees properly;
    g.    fail[ed] to hire competent agents, contractors, servants, work persons, and/or employees;
    h.    fail[ed] to use due care in investigating and selecting agents, contractors, servants, work persons, and/or employees to operate its vehicles;
    i.    fail[ed] to warn Plaintiff of their failure to investigate and select competent agents, contractors, servants, work persons, and/or employees;
    j.    fail[ed] to adopt, enact, employ, and enforce, proper and adequate safety programs, precautions, procedures, measures, and/or plans;
    k.    fail[ed] to comply with and confirm a history of compliance with Federal Motor Vehicle regulations, including, but not limited to, hours on duty/driving, hours not on duty/driving and maintaining adequate driver logs; and
    l.    hir[ed], select[ed], and/or retain[ed] incompetent and/or unskilled contractors, agents, servants, employees, and/or workmen.

*See* Ex. A at ¶ 58. Defendant SNL was put on adequate notice of every piece of Counts II, III, and IV of Plaintiff's Complaint the day it was served. The facts pleaded in Plaintiff's Complaint are simple: Defendant Serrano negligently operated a semi-trailer truck registered to Zeisloft Trucking in the course and scope of his employment or as an agent for the Defendant entities, individually or jointly. On its face, Plaintiff's Complaint identified Defendant SNL as either facilitating or failing to prevent the negligent operation of Defendant Zeisloft Trucking's truck by Defendant Serrano. Defendant SNL's Motion argues that the allegations pleaded in

Plaintiff's Complaint (which were just described in two sentences) was too difficult to comprehend and unfairly put Defendant SNL in a position where it cannot know how to defend itself. Certainly, Defendant SNL, a corporate entity, is sophisticated enough to understand Plaintiff's three claims against it, and its Motion is an attempt to obfuscate a straightforward MVA complaint.

By demanding that Plaintiff's Complaint be more specific, Defendant SNL essentially demands that Plaintiff prove his case at the initial pleading stage. Plaintiff need not provide evidence that proves Defendant SNL committed every action claimed against them (*i.e.*, the actions laid out in Counts II, III, and IV of the Complaint). Instead, as previously mentioned, "a claim requires a complaint with enough factual matter (taken as true) to suggest the required elements. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips v. County of Allegheny*, 515 F. 3d 224, 234 (3d Cir. 2009) (citations omitted). In all, Defendant SNL's Motion is an attempt to move the goal posts with unsupported citations of *Iqbal* and *Twombly* without providing any application to the case at hand.

In sum, moving Defendant's Motion to Dismiss is misplaced, ungrounded in fact, and unsupported by law. Defendant SNL was collectively referred to within Plaintiff's Complaint with the other Defendant entities, which Plaintiff is not prohibited from doing. Plaintiff's Complaint, and its collective referral of Defendant SNL with the other Defendant entities, gave Defendant SNL adequate notice of the claims against it and followed all other pleading guidelines set forth by Fed.R.Civ.P. Rule 8, *Twombly*, *Iqbal* and their progeny. As such, Plaintiff

successfully stated a claim upon which relief may be granted and Defendant SNL must defend the subject Claims pleaded against it.

**WHEREFORE**, if Plaintiff's Motion to Remand this case is denied, and this Court must rule on Defendant Saint Nick Logistics' 129(b)(6) Motion to Dismiss Plaintiff's Complaint, the Plaintiff respectfully requests this Honorable Court deny the moving Defendant's Motion.

                          Respectfully submitted.

                          **JONATHAN M. COHEN, L.L.C.**

**BY:**    **/s/ Steven J. Carroll**
               **Steven J. Carroll, Esquire**
               **Jonathan M. Cohen, Esquire**
               *Attorneys for Plaintiff*

**Date: July 8, 2024**