**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HERIBERTO COLON-TORRES, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 5:24-CV-01745 |
| | ) | |
| OCTAVIO SERRANO, ZEISLOFT TRUCKING, | ) | |
| LLC d/b/a ZEISLOFT LOGISTICS a/k/a | ) | |
| ZEISLOFT TRUCKING OF WEST DEPFORD | ) | |
| a/k/a CHARLES D. ZEISLOFT TRUCKING, | ) | |
| ZEISLOFT VENTURES, ROCK PRODUCTS, | ) | |
| INC., JOHN DOE, and ABC COMPANY, | ) | |
| | ) | |
| | ) | |
| *Defendants*. | ) | |

## AMENDED COMPLAINT - CIVIL ACTION

## THE PARTIES

1.      Plaintiff, Heriberto Colon-Torres (hereinafter "Plaintiff"), is an adult individual who, at all times relevant hereto, resided at 212 North Front Street, Reading, Pennsylvania 19601.

2.      Defendant Octavio Serrano (hereinafter "Defendant Serrano"), is an adult individual who, at all times relevant hereto, resided at 387 East Cornell Street, Vineland, New Jersey 08360.

3.      At all times relevant hereto, Defendant Zeisloft Trucking, L.L.C., d/b/a Zeisloft Logistics a/k/a Zeisloft Trucking a/k/a Zeisloft Trucking of West Deptford a/k/a Charles D. Zeisloft Trucking ("Defendant Zeisloft Trucking"), was a corporation, partnership, limited partnership, limited liability company, or other entity organization and maintained a principle place of business at 1699 Crown Point Road, West Deptford, PA 08086, and conducted regular

and continuous business within the City and County of Philadelphia and the Commonwealth of Pennsylvania.

4.    At all times relevant hereto, Defendant Zeisloft Ventures is a corporation, partnership, limited partnership, limited liability company, or other entity organization and maintained a principal place of business at 1699 Crown Point Road, West Deptford, PA 08086, and conducted regular and continuous business within the City and County of Philadelphia and the Commonwealth of Pennsylvania.

5.    At all times relevant hereto, Defendant Rock Products, Inc. ("Defendant Rock Products"), is a corporation, partnership, limited partnership, limited liability company, or other entity organization and maintained a principal place of business at 1675 Crown Point Road, West Deptford, PA 08086, and conducted regular and continuous business within the City and County of Philadelphia and the Commonwealth of Pennsylvania.

6.    Defendants named in paragraphs three (3) through eight (5) above may be collectively referred to as "Zeisloft Defendants" for the entirety of the Complaint.

7.    At all times relevant hereto, Defendant ABC Company is the fictitious name of an unknown business entity with an unknown address of service that was an owner, maintainer, possessor, and/or otherwise legally responsible for the care, custody, control, and safety of the Zeisloft Defendants' vehicle on March 9, 2022.

8.    Defendant John Doe is the fictious name of an unknown individual with an unknown address of service that was an owner, maintainer, possessor, and/or otherwise legally responsible for the care, custody, control and safety of the Zeisloft Defendants' vehicle on March 9, 2022.

9.      Defendants named in paragraphs two (2) through ten (8) above may be collectively referred to as "Defendants" for the entirety of this Complaint, and at all times relevant hereto, all Defendants named in this Complaint engaged in systematic, continuous, and regular business in the Commonwealth of Pennsylvania, and continuously and regularly conducted a substantial part of their regular business in the City and County of Philadelphia; and at all times relevant hereto, all Defendants owned, managed, directed, and controlled all other Defendants, and the business of all Defendants was a necessary and indispensable part of the business of all other Defendants.

10.     At all times relevant hereto, Zeisloft Defendants were corporations or other jural entities which acted by or through their subsidiaries and/or employees and/or agents acting within the course and scope of their employment and/or agency.

11.     At all times relevant hereto, Plaintiff was the owner and operator of a 1994 Blue Honda Civic, baring VIN # JHMEG1141RS004521.

12.     At all times relevant hereto, Defendant Zeisloft was the owner of a 2001 white Mack truck, model CH613, baring VIN # 1M1AA14Y31W136905.

13.     At all times relevant hereto, Defendant Serrano was acting with the express permission of and/or as an agent, work person, and/or employee on behalf Zeisloft Defendants, in the course, scope, and authority of the relevant existing agency relationships among and between them.

14.     At all times relevant hereto, Zeisloft Defendants acted and/or failed to act, both individually and by and through their actual and/or ostensible agent, servant, work person, and/or employee Defendant Serrano, who was, at all times relevant hereto, acting in the course and

scope of the employment or other agency relationship with and on the behalf of Zeisloft Defendants.

15.    At all times relevant hereto, Zeisloft Defendants presented, represented, and held out Defendant Serrano as an agent, servant, and/or employee of Zeisloft Defendants, and/or others such that a reasonable person would conclude that Defendant Serrano was, in fact, the agent, servant, and/or employee of Zeisloft Defendants.

16.    At all times relevant hereto, Zeisloft Defendants, were and are vicariously liable for the actions or inactions of their agent, servant, work person, contactor, and/or employee, Defendant Serrano, and accordingly, Plaintiff intends each and every paragraph of this Complaint, even if not so specifically stated, to be directed to each of the Defendants whether they were acting individually and/or jointly and severally.

17.    Zeisloft Defendants are directly and vicariously liable to Plaintiff for the negligence, carelessness, recklessness, and/or wrongful acts or omissions of persons and/or entities whose conduct was under their control, or right to control, and which conduct directly and proximately caused Plaintiff's injuries and damages.

18.    At all times relevant hereto, Defendant Zeisloft Trucking, individually and/or jointly, was responsible, whether solely or along with others, for the selection, investigation, qualifications, certification, monitoring, control or right to control, direction, hiring, and/or retention of Defendant Serrano for the specific purpose of controlling and operating the 2001 white Mack truck owned by Defendant Zeisloft Trucking.

19.    Defendant Zeisloft Trucking is directly and vicariously liable to Plaintiff for the negligence, carelessness, recklessness, and/or wrongful acts or omissions of persons and/or

entities whose conduct was under its control, or right to control, and which conduct directly and proximately caused Plaintiff's injuries and damages.

20.    At all times relevant hereto, Defendant Zeisloft Ventures was the parent company of Defendants, Zeisloft Trucking and Rock Products, and was vicariously liable for the negligence, carelessness, recklessness, and/or wrongful acts or omissions of persons and/or entities whose conduct was under its control, or right to control, and which conduct directly and proximately caused Plaintiff's injuries and damages.

21.    At all times relevant hereto, Defendant Zeisloft Ventures, individually and/or jointly, was responsible, whether solely or along with others, for the selection, investigation, qualifications, certification, monitoring, control or right to control, direction, hiring, and/or retention of Defendant Serrano for the specific purpose of controlling and operating the 2001 white Mack truck owned by Defendant Zeisloft Trucking.

22.    At all times relevant hereto, Defendant Rock Products worked in concert with Defendant Zeisloft Trucking and was essential to the function and operation of Defendant Zeisloft Trucking's commercial trucking business, including but not limited to the supervision, control, monitoring, and directing of Defendant Zeisloft Trucking's vehicles.

23.    At all times relevant hereto, Defendant Rock Products, individually and/or jointly, was responsible, whether solely or along with others, for the selection, investigation, qualifications, certification, monitoring, control or right to control, direction, hiring, and/or retention of Defendant Serrano for the specific purpose of controlling and operating the 2001 white Mack truck owned by Defendant Zeisloft Trucking.

## JURISDICTION AND VENUE

24.     This action arises from a motor vehicle accident that occurred on March 9, 2022, in Pottstown, Pennsylvania. This Court has subject matter jurisdiction under 28 U.S.C. §1332(a)(1).[1]

25.     Defendants, Zeisloft Trucking, Zeisloft Ventures, and Rock Products, consented to both specific and general personal jurisdiction in this Court.[2] Defendants, Zeisloft Trucking, Zeisloft Ventures, and Rock Products, consented to general personal jurisdiction in this Court by engaging in systematic and continuous contacts with Pennsylvania.[3] Defendants, Zeisloft Trucking, Zeisloft Ventures, and Rock Products, are subject to specific personal jurisdiction pursuant to Pennsylvania's Long-Arm Statute.[4] the tortious conduct that caused Plaintiff's harm, which is the factual basis giving rise to the instant Complaint.

26.     Venue is proper in this Court because a substantial part of the events giving rise to this action occurred in this district. 28 U.S.C. § 1391(b)(2).

---

[1] On March 7, 2025, the Court entered an Order (Docket No. 28) denying Plaintiff's Motion to Remand (Docket No. 9) and granting Defendant DAT Solutions' Motion to Dismiss (Docket No. 7) and Defendant Saint Nick Logistics Motion to Dismiss (Docket No. 14). *See* Order at ECF 28 (March 7, 2025). The Court further ordered Plaintiff to file an Amended Complaint (Docket No. 28). *See Id.*

[2] Plaintiff's initial Complaint was filed in the Pennsylvania Court of Common Pleas in Philadelphia County on March 7, 2025; Plaintiff's Complaint was served upon Defendants, Zeisloft Trucking, Zeisloft Ventures, Octavio Serrano, and Rock Products, on March 14, 2024. *See Colon-Torres v. Serrano, et al.* (Case No. 240300861). Neither Defendants, Zeisloft Trucking, Zeisloft Ventures, Octavio Serrano, nor Rock Products filed a pleading responsive to Plaintiff's Complaint. *See Id.*

[3] Zeisloft Trucking, LLC, has admitted in verified pleadings in this Court that they "conducted regular business within the City and County of Philadelphia and Commonwealth of Pennsylvania." *See* Answer of Defendants Felipe Echevarria and Zeisloft Trucking, LLC, with New Matter and New Matter in the Nature of a Counterclaim for Contribution Addressed to Plaintiff Debra A. Downing, Case No. 2203029824, filed in the Philadelphia County Court of Common Pleas; *see also* www.Zeislofttrucking.com/locations (stating Zeisloft Trucking has "Domiciles" in Nazareth, Pennsylvania); *see also https://www.rockproductsinc.com/services/freight-services/* (stating that Rock Products provides freight services in "New Jersey, Pennsylvania, And Delaware").

[4] This case arises from a motor vehicle accident that occurred in Pottstown, Pennsylvania, which was caused by the tortious conduct of Defendants, Zeisloft Trucking, Zeisloft Ventures, Octavio Serrano, and Rock Products, committed within the Commonwealth of Pennsylvania. *See* 42 Pa.C.S.A. § 5322(a)(3); *see also* 42 Pa.C.S.A. § 5322(a)(1)(i)-(iv).

## OPERATIVE FACTS

27.     On or about March 9, 2022, at around 6:14 p.m., Plaintiff Heriberto Colon-Torres ("Plaintiff") was the licensed owner and operator of a 1994 Blue Honda Civic ("Honda") traveling Eastbound on Route 422, mile-marker 422, Pottstown, Pennsylvania.

28.     At the aforementioned time and place, Defendant Serrano was the licensed operator of a 2001 white Mack truck, baring license plate number NJ AX748H ("subject truck"), owned by Defendant Zeisloft, traveling eastbound behind Plaintiff.

29.     At the aforementioned time and place, trailing the subject truck was a duel rear axle semi-trailer, bearing license plate number NJ TJV89F ("Trailer"), owned by Defendant Zeisloft.

30.     Upon information and belief, and at the aforementioned time and place, Plaintiff was traveling in the right lane of Route 422 Eastbound.

31.     Upon information and belief, and at the aforementioned time and place, Defendant Serrano initiated a lane change of the subject truck from the left lane into the right lane of Route 422 Eastbound.

32.     Upon information and belief, and at the aforementioned time and place, Defendant Serrano was operating the subject truck in a careless and reckless manner, driving extremely close to Plaintiff.

33.     Upon information and belief, at the aforementioned time and place, and as a result of the careless and reckless driving of Defendant Serrano, in order to avoid a collision Plaintiff veered his Honda to the left, crossing into the left lane, impacting the median wall, and then crossed back to the right, impacting the approximate midpoint of the subject truck.

34.     According to the March 9, 2022, Police Report, that purports to document collected facts and circumstances regarding the subject incident, Defendant Serrano stated that Plaintiff's Honda was "behind him when it lost control and indicated he observed this in his mirror;" this version of events was directly contradicted by eyewitness Stephanie Paoculli and by the images taken of the accident and recorded by the dashcam mentioned in paragraph 32.

35.     According to the Police Report, an eyewitness, Stephanie Paolucci, stated that when the Defendants' subject truck changed lanes, it appeared "very close" behind Plaintiff's Honda and possibly made physical contact with the it.

36.     Upon information and belief, Plaintiff was trapped, in his Honda, underneath the subject truck driven by Defendant Serrano and owned by Defendant Zeisloft—Plaintiff's Honda was dragged by the subject truck for approximately 200 feet.

37.     On or about March 23, 2022, investigating officers received dash cam footage from Defendant Zeisloft giving a perspective of another one of Defendant Zeisloft's trucks that was traveling behind Defendant Serrano.

38.     According to the Police Report, "The position and movements depicted in the video appear consistent with the account provided by witness Stephanie Paolucci."

39.     As a result of the investigation, the West Pottsgrove Police charged Defendant Serrano with careless driving.

40.     On or about April 25, 2022, Defendant Serrano pleaded guilty to a violation of 75 Pa.C.S.A Vehicles § 3334(a), which states:

> Upon a roadway no person shall turn a vehicle or move from one traffic lane to another or enter the traffic stream from a parked position unless and until the movement can be made with reasonable safety nor without giving an appropriate signal in the manner provided in this section.

75 Pa.C.S.A Vehicles § 3334(a).

41.    At all times relevant hereto, Zeisloft Defendants were vicariously liable for the negligent, careless, and reckless actions of Defendant Serrano.

42.    Upon information and belief, at all times relevant hereto, Defendant Zeisloft Ventures identified Defendants, Zeisloft Trucking and Rock Products, as "Our Businesses" with "a long history of success in providing integrated transportation, logistics, building materials and real estate solutions throughout the mid-Atlantic region."

## ABOUT US

Zeisloft Ventures has a long history of success in providing integrated transportation, logistics, building materials, and real estate solutions throughout the mid-Atlantic region. The company was founded in 1963, when Chuck Zeisloft Sr. purchased his first truck and began working for EP Henry in Woodbury, NJ.

*(The above is a screenshot from Zeisloft.com, which is a website that was deleted after the commencement of the instant lawsuit)*

43.    Upon information and belief, at all times relevant hereto, Defendant Rock Products purported to jointly operate Defendant Zeisloft Trucking and Defendant Rock Products publicly admits on its website that it operates Defendant Zeisloft Trucking. *See* Defendant Rock Products' website at *https://www.rockproductsinc.com/services/freight-services/* ("Founded in 1963, Zeisloft Trucking LLC is a family-owned dry bulk goods hauler serving customers throughout the Mid-Atlantic region and across the United States. The company is also operated by the trusted team at Rock Products, Inc.")

44.    As a result of the negligence, and/or carelessness, and/or recklessness and/or wrongful conduct of Defendant Serrano and Zeisloft Defendants, whether acting individually and/or jointly and severally, and/or by and through its agents, servants, contractors, work persons and/or employees, as set forth herein, Plaintiff suffered serious and permanent injuries and damages including, but not limited to:

    a.     lacerations to face and eye;

b.      rib fracture;

c.      sternal fracture;

d.      pulmonary contusion;

e.      memory loss;

f.      head injury and traumatic brain injury;

g.      subdermal hematoma requiring craniotomy, fixation, and other neurosurgical procedures;

h.      continued headaches and head pain;

i.      ear pain and bruising;

j.      abrasions and contusions;

k.      continuing chest pain;

l.      continuing rib pain;

m.      continuing back pain;

n.      disfigurement;

o.      decreased ambulation;

p.      past and future pain and suffering;

q.      loss of life's pleasures;

r.      past and future mental anguish;

s.      past and future humiliation;

t.      past and future embarrassment;

u.      past and future medical expenses;

v.      economic losses;

w.      past and future personal expenses;

x.      loss of earning and earning capacity in the past and future;

y.      loss of fringe benefits in the past and future;

z.    injuries, damages, and consequences of which Plaintiff has no present knowledge; and

aa.    all damages as set forth in greater detail in Plaintiff's medical records.

45.    As a result of the aforementioned severe and permanent injuries and damages, Plaintiff will continue to suffer and experience pain, disability, restrictions, and limitations for an indefinite amount of time into the future, all to his great detriment and loss.

**COUNT I – NEGLIGENCE**
**Plaintiff v. Defendant Serrano**

46.    The preceding paragraphs are incorporated by reference as though fully set forth herein.

47.    The negligence and carelessness of Defendant Serrano consisted, *inter alia*, of the following:

a.    failing to abide the traffic laws of the Commonwealth of Pennsylvania;

b.    failing to observe traffic conditions;

c.    failing to have the subject truck under proper and adequate control;

d.    failing to keep alert and maintain a proper watch for the presence of lawful drivers operating vehicles on Montgomery County roadways;

e.    failing to take reasonable actions to avoid the collision that occurred on the aforesaid date and to ensure the safety and wellbeing of others;

f.    failing to apply brakes, or take other evasive measures, in time to avoid the aforesaid collision;

g.    failing to have the subject truck under such control so as to be able to stop to avoid collision;

h.    failing to travel at a safe speed;

i.    failing to keep a proper watch for traffic on Route 422;

j.    failing to operate the subject truck with due regard for the highway and traffic conditions which were then existing, and of which the operator was, or should have been, aware;

11

> k.    failing to keep adequate and proper control over the subject truck;
>
> l.    failing to maintain the subject truck in a safe and roadworthy condition;
>
> m.    driving the subject truck upon the highway with negligent, careless, and/or reckless disregard to the rights and safety of others, in violation of the laws and motor vehicle code of Pennsylvania;
>
> n.    failing to maintain the aforesaid subject truck in a safe and roadworthy condition before permitting the subject truck to be driven on Pennsylvania's roadways; and
>
> o.    violating the standard of care for motorists in Pennsylvania so substantially that a violent collision occurred which was the direct and proximate cause of Plaintiff's aforementioned severe and permanent injuries.

48.    Furthermore, in addition to all the injuries and losses suffered, Plaintiff has incurred or will incur medical, rehabilitative and other related liens and medical expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. § 1701 et seq. as amended.

**WHEREFORE**, Plaintiff demands judgment against Defendant Serrano individually, jointly and/or severally, for an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus costs, prejudgment interest, delay damages, and such other relief this Court deems appropriate.

**COUNT II – *RESPONDEAT SUPERIOR*/VICARIOUS LIABILITY**
**<u>Plaintiff v. Defendant Zeisloft Trucking</u>**

49.    The preceding paragraphs are incorporated by reference as though fully set forth herein.

50.    The aforesaid collision resulted from the negligence, carelessness, and recklessness of Defendant Serrano, who, at all times relevant hereto:

> a.    was in an employee-employer relationship with, or work person or agent for Defendant Zeisloft Trucking;

b.    negligently, carelessly and/or recklessly operated the subject truck owned by Zeisloft Trucking in the course and scope of his employment with Defendant Zeisloft Trucking, or while in the course and scope of acting as an agent or work person for Defendant Zeisloft Trucking; and

c.    was the proximate cause of Plaintiff's severe and permanent injuries more fully set forth herein.

51.    As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendant Serrano while in the course and scope of employment by, or while an agent or work person for Zeisloft Defendants, Plaintiff was caused to sustain severe and permanent injuries as set forth in the foregoing paragraphs.

**WHEREFORE**, Plaintiff demands judgment against Defendant Zeisloft Trucking individually, jointly, and/or severally for an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus costs, prejudgment interest, delay damages, and such other relief this Court deems appropriate.

## COUNT III – NEGLIGENT ENTRUSTMENT
## <u>Plaintiff v. Defendant Zeisloft Trucking</u>

52.    The preceding paragraphs are incorporated by reference as though fully set forth herein.

53.    Upon information and belief, the negligence, careless and/or recklessness of Defendant Zeisloft Trucking, by and through their agents, servant, contractors, work persons and/or employees, consisted, *inter alia*, of the following:

a.    failing to adequately investigate or assess the driving competency and/or qualification, expertise or level of expertise of Defendant Serrano, whom they permitted to operate the subject truck;

b.    failing to exercise reasonable control over the subject truck with respect to the manner in which the subject truck was operated;

c.    permitting the subject truck to be operated by a person whom they knew or should have known did not possess the requisite, proper or adequate driving skills to safely operate the subject truck;

13

d.      failing to reasonably, properly or adequately supervise Defendant Serrano;

e.      failing to reasonably and/or properly monitor the safe driving abilities of Defendant Serrano;

f.      allowing Defendant Serrano to operate and/or drive the subject truck outside of the applicable aforementioned sections of the Pennsylvania Motor Vehicle Code; and

g.      failing to comply with and confirm a history of compliance with Federal Motor Vehicle regulations, including, but not limited to, hours on duty/driving, hours not on duty/driving and/or maintaining adequate driver logs.

54.      As a direct and consequential result of the negligent, careless and/or reckless conduct of Defendant Zeisloft Trucking, Plaintiff suffered various serious and permanent personal injuries more fully stated within Plaintiff's medical records.

**WHEREFORE**, Plaintiff demands judgment against Defendant Zeisloft Trucking individually, jointly, and/or severally for an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus costs, prejudgment interest, delay damages, and such other relief this Court deems appropriate.

## COUNT IV – NEGLIGENT HIRING/SELECTION/SUPERVISION/RETENTION
### Plaintiff v. Defendant Zeisloft Trucking

55.      The preceding paragraphs are incorporated by reference as though fully set forth herein.

56.      Upon information and belief, at all times material hereto, Defendant Zeisloft Trucking selected, hired, contracted, controlled, and/or retained Defendant Serrano with the purpose and intention of have Defendant Serrano operate motor vehicles on their behalf and in pursuit and furtherance of its business activities.

14

57.    Upon information and belief, at all times material hereto, Defendant Zeisloft Trucking controlled the means and manner that Defendant Serrano operated and utilized the subject truck.

58.    Upon information and belief, at all times material hereto, Defendant Zeisloft Trucking negligently acted and/or failed to act through its agent, servant, employee, contractor, and/or work person, Defendant Serrano, and such acts or failures to act were within the course and scope of Defendant Zeisloft Trucking's business and were under Defendant Zeisloft Trucking's control and direction and were taken with Defendant Zeisloft Trucking's authority.

59.    Upon information and belief, at all times material hereto, Defendant Zeisloft Trucking had either actual or constructive knowledge of the inability of its agent, servant, contractor, work person, and/or employee, Defendant Serrano's, inability to safely operate a vehicle.

60.    Upon information and belief, despite the obligations, duties, and responsibilities of Defendant Zeisloft Trucking, Defendant Zeisloft Trucking negligently hired, retained, contracted, employed, selected, and/or controlled, incompetent and unskilled individuals and/or entities to operate a vehicle on its behalf.

61.    Upon information and belief, Defendant Zeisloft Trucking is responsible for the negligent actions or inactions of its contractors, employees, service persons, work persons, and/or agents including, Defendant Serrano.

62.    Upon information and belief, Defendant Zeisloft Trucking was and is responsible for ensuring the proper non-negligent selection, hiring, and supervision of its contractors, employees, service persons, work persons, and/or agents.

63.     Upon information and belief, Defendant Zeisloft Trucking failed to utilize due care to secure a competent contractor, agent, servant, work person, and/or employee to operate its commercial vehicles, including the subject truck.

64.     Upon information and belief, Defendant Zeisloft Trucking knew or should have known that its failure to select a competent and careful agent, contractor, servant, work person, and/or employee to operate their vehicles and satisfy Defendant Zeisloft Trucking's aforementioned duties would result in a risk of physical harm to third persons.

65.     Upon information and belief, Defendant Zeisloft Trucking failed to select, retain, contract, hire, and/or employ persons or entities who possessed the knowledge, skill, experience, personal characteristics, and training to operate Defendant Zeisloft Trucking's subject truck as hired to do, without creating an unreasonable risk of injury to others.

66.     Upon information and belief, the carelessness and negligence of Defendant Zeisloft Trucking individually and/or by and through its agents, servants, contractors, work persons, and/or employees, consisted of the following:

    a.     failing to properly and adequately supervise their agents, servants, contractors, work persons, and/or employees with regard to operation of its vehicles;

    b.     failing to adequately assess its agents, servants, contractors, work persons, and/or employees driving abilities;

    c.     failing to ensure that its subject truck was operated properly and safely;

    d.     failing to provide the proper directives, materials, instructions, or orders for the proper and safe operation of its subject truck;

    e.     allowing unskilled, unqualified, and/or untrained individuals and/or entities to operate its vehicles;

    f.     failing to train its agents, contractors, servants, work persons, and/or employees properly;

    g.     failing to hire competent agents, contractors, servants, work persons, and/or employees;

h.      failing to use due care in investigating and selecting agents, contractors, servants, work persons, and/or employees to operate its vehicles;

i.      failing to warn Plaintiff of their failure to investigate and select competent agents, contractors, servants, work persons, and/or employees;

j.      failing to adopt, enact, employ, and enforce, proper and adequate safety programs, precautions, procedures, measures, and/or plans;

k.      failing to comply with and confirm a history of compliance with Federal Motor Vehicle regulations, including, but not limited to, hours on duty/driving, hours not on duty/driving and maintaining adequate driver logs; and

l.      hiring, selecting, and/or retaining incompetent and/or unskilled contractors, agents, servants, employees, and/or work persons.

67.     Upon information and belief, Defendant Zeisloft Trucking's actions or failures to act as set forth above were the factual and proximate cause of Plaintiff's substantial and severe permanent injuries and damages more fully described in Plaintiff's medical records.

**WHEREFORE**, Plaintiff demands judgment against Defendant Zeisloft Trucking individually, jointly, and/or severally for an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus costs, prejudgment interest, delay damages, and such other relief this Court deems appropriate.

## COUNT V – NEGLIGENT HIRING/SELECTION/SUPERVISION/RETENTION
### Plaintiff v. Defendant Zeisloft Ventures

68.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

69.     Upon information and belief, at all times material hereto, Defendant Zeisloft Ventures was the parent company for Defendants, Rock Products and Zeisloft Trucking, and Defendant Zeisloft Ventures shares the same team of agents, servants, employees, contractors, and/or work persons with Defendants, Rock Products and Zeisloft Trucking.

70.     Upon information and belief, at all times material hereto, Defendant Zeisloft Ventures was and is responsible for the integration of agents, servants, employees, contractors, and/or work persons by and between Defendants, Rock Products and Zeisloft Trucking.

71.     Upon information and belief, at all times material hereto, Defendant Zeisloft Ventures selected, hired, contracted, controlled, and/or retained Defendant Serrano with the purpose and intention of have Defendant Serrano operate motor vehicles on their behalf and in pursuit and furtherance of its business activities.

72.     Upon information and belief, at all times material hereto, Defendant Zeisloft Ventures controlled the means and manner that Defendant Serrano operated and utilized the subject truck.

73.     Upon information and belief, at all times material hereto, Defendant Zeisloft Ventures negligently acted and/or failed to act through its agent, servant, employee, contractor, and/or work person, Defendant Serrano, and such acts or failures to act were within the course and scope of Defendant Zeisloft Ventures' business and were under Defendant Zeisloft Ventures' control and direction and were taken with Defendant Zeisloft Ventures' authority.

74.     Upon information and belief, at all times material hereto, Defendant Zeisloft Ventures had either actual or constructive knowledge of the inability of its agent, servant, contractor, work person, and/or employee, Defendant Serrano's, inability to safely operate a vehicle.

75.     Upon information and belief, despite the obligations, duties, and responsibilities of Defendant Zeisloft Ventures, Defendant Zeisloft Ventures negligently hired, retained, contracted, employed, selected, and/or controlled, incompetent and unskilled individuals and/or entities to operate a vehicle on its behalf.

76.     Upon information and belief, Defendant Zeisloft Ventures is responsible for the negligent actions or inactions of its contractors, employees, service persons, work persons, and/or agents including, Defendant Serrano.

77.     Upon information and belief, Defendant Zeisloft Ventures was and is responsible for ensuring the proper non-negligent selection, hiring, and supervision of its contractors, employees, service persons, work persons, and/or agents.

78.     Upon information and belief, Defendant Zeisloft Ventures failed to utilize due care to secure a competent contractor, agent, servant, work person, and/or employee to operate its commercial vehicles, including the subject truck.

79.     Upon information and belief, Defendant Zeisloft Ventures knew or should have known that its failure to select a competent and careful agent, contractor, servant, work person, and/or employee to operate their vehicles and satisfy Defendant Zeisloft Ventures' aforementioned duties would result in a risk of physical harm to third persons.

80.     Upon information and belief, Defendant Zeisloft Ventures failed to select, retain, contract, hire, and/or employ persons or entities who possessed the knowledge, skill, experience, personal characteristics, and training to operate Defendant Zeisloft Ventures' subject truck as hired to do, without creating an unreasonable risk of injury to others.

81.     Upon information and belief, the carelessness and negligence of Defendant Zeisloft Ventures individually and/or by and through its agents, servants, contractors, work persons, and/or employees, consisted of the following:

a.     failing to properly and adequately supervise their agents, servants, contractors, work persons, and/or employees with regard to operation of its vehicles;

b.     failing to adequately assess its agents, servants, contractors, work persons, and/or employees driving abilities;

c.     failing to ensure that its subject truck was operated properly and safely;

    d.    failing to provide the proper directives, materials, instructions, or orders for the proper and safe operation of its subject truck;

    e.    allowing unskilled, unqualified, and/or untrained individuals and/or entities to operate its vehicles;

    f.    failing to train its agents, contractors, servants, work persons, and/or employees properly;

    g.    failing to hire competent agents, contractors, servants, work persons, and/or employees;

    h.    failing to use due care in investigating and selecting agents, contractors, servants, work persons, and/or employees to operate its vehicles;

    i.    failing to warn Plaintiff of their failure to investigate and select competent agents, contractors, servants, work persons, and/or employees;

    j.    failing to adopt, enact, employ, and enforce, proper and adequate safety programs, precautions, procedures, measures, and/or plans;

    k.    failing to comply with and confirm a history of compliance with Federal Motor Vehicle regulations, including, but not limited to, hours on duty/driving, hours not on duty/driving and maintaining adequate driver logs; and

    l.    hiring, selecting, and/or retaining incompetent and/or unskilled contractors, agents, servants, employees, and/or work persons.

82.    Upon information and belief, Defendant Zeisloft Ventures' actions or failures to act as set forth above were the factual and proximate cause of Plaintiff's substantial and severe permanent injuries and damages more fully described in Plaintiff's medical records.

**WHEREFORE**, Plaintiff demands judgment against Defendant Zeisloft Ventures individually, jointly, and/or severally for an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus costs, prejudgment interest, delay damages, and such other relief this Court deems appropriate.

## COUNT VI – NEGLIGENT HIRING/SELECTION/SUPERVISION/RETENTION
### Plaintiff v. Defendant Rock Products

83.    The preceding paragraphs are incorporated by reference as though fully set forth herein.

84.    Upon information and belief, at all times material hereto, Defendant Rock Products utilizes the same team of agents, servants, employees, contractors, and/or work persons to operate and function as a commercial shipping business.

85.    Upon information and belief, at all times material hereto, Defendant Rock Products selected, hired, contracted, controlled, and/or retained Defendant Serrano with the purpose and intention of have Defendant Serrano operate motor vehicles on their behalf and in pursuit and furtherance of its business activities.

86.    Upon information and belief, at all times material hereto, Defendant Rock Products controlled the means and manner that Defendant Serrano operated and utilized the subject truck.

87.    Upon information and belief, at all times material hereto, Defendant Rock Products negligently acted and/or failed to act through its agent, servant, employee, contractor, and/or work person, Defendant Serrano, and such acts or failures to act were within the course and scope of Defendant Rock Products' business and were under Defendant Rock Products' control and direction and were taken with Defendant Rock Products' authority.

88.    Upon information and belief, at all times material hereto, Defendant Rock Products had either actual or constructive knowledge of the inability of its agent, servant, contractor, work person, and/or employee, Defendant Serrano's, inability to safely operate a vehicle.

89.    Upon information and belief, despite the obligations, duties, and responsibilities of Defendant Rock Products, Defendant Rock Products negligently hired, retained, contracted,

employed, selected, and/or controlled, incompetent and unskilled individuals and/or entities to operate a vehicle on its behalf.

90.    Upon information and belief, Defendant Rock Products is responsible for the negligent actions or inactions of its contractors, employees, service persons, work persons, and/or agents including, Defendant Serrano.

91.    Upon information and belief, Defendant Rock Products was and is responsible for ensuring the proper non-negligent selection, hiring, and supervision of its contractors, employees, service persons, work persons, and/or agents.

92.    Upon information and belief, Defendant Rock Products failed to utilize due care to secure a competent contractor, agent, servant, work person, and/or employee to operate its commercial vehicles, including the subject truck.

93.    Upon information and belief, Defendant Rock Products knew or should have known that its failure to select a competent and careful agent, contractor, servant, work person, and/or employee to operate their vehicles and satisfy Defendant Rock Products' aforementioned duties would result in a risk of physical harm to third persons.

94.    Upon information and belief, Defendant Rock Products failed to select, retain, contract, hire, and/or employ persons or entities who possessed the knowledge, skill, experience, personal characteristics, and training to operate Defendant Rock Products' subject truck as hired to do, without creating an unreasonable risk of injury to others.

95.    Upon information and belief, the carelessness and negligence of Defendant Rock Products individually and/or by and through its agents, servants, contractors, work persons, and/or employees, consisted of the following:

   a.  failing to properly and adequately supervise their agents, servants, contractors, work persons, and/or employees with regard to operation of its vehicles;

b.      failing to adequately assess its agents, servants, contractors, work persons, and/or employees driving abilities;

c.      failing to ensure that its subject truck was operated properly and safely;

d.      failing to provide the proper directives, materials, instructions, or orders for the proper and safe operation of its subject truck;

e.      allowing unskilled, unqualified, and/or untrained individuals and/or entities to operate its vehicles;

f.      failing to train its agents, contractors, servants, work persons, and/or employees properly;

g.      failing to hire competent agents, contractors, servants, work persons, and/or employees;

h.      failing to use due care in investigating and selecting agents, contractors, servants, work persons, and/or employees to operate its vehicles;

i.      failing to warn Plaintiff of their failure to investigate and select competent agents, contractors, servants, work persons, and/or employees;

j.      failing to adopt, enact, employ, and enforce, proper and adequate safety programs, precautions, procedures, measures, and/or plans;

k.      failing to comply with and confirm a history of compliance with Federal Motor Vehicle regulations, including, but not limited to, hours on duty/driving, hours not on duty/driving and maintaining adequate driver logs; and

l.      hiring, selecting, and/or retaining incompetent and/or unskilled contractors, agents, servants, employees, and/or work persons.

96.    Upon information and belief, Defendant Rock Products' actions or failures to act as set forth above were the factual and proximate cause of Plaintiff's substantial and severe permanent injuries and damages more fully described in Plaintiff's medical records.

**WHEREFORE**, Plaintiff demands judgment against Defendant Rock Products individually, jointly, and/or severally for an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus costs, prejudgment interest, delay damages, and such other relief this Court deems appropriate.

## COUNT VII – *RESPONDEAT SUPERIOR*/VICARIOUS LIABILITY
### Plaintiff v. Defendant Zeisloft Ventures

97.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

98.     Upon information and belief, at all times material hereto, Defendant Zeisloft Ventures was the parent company for Defendants, Rock Products and Zeisloft Trucking, and Defendant Zeisloft Ventures shares the same team of agents, servants, employees, contractors, and/or work persons with Defendants, Rock Products and Zeisloft Trucking.

99.     Upon information and belief, at all times material hereto, Defendant Zeisloft Ventures was and is responsible for the integration of agents, servants, employees, contractors, and/or work persons by and between Defendants, Rock Products and Zeisloft Trucking.

100.    The aforesaid collision resulted from the negligence, carelessness, and recklessness of Defendant Serrano, who, at all times relevant hereto:

    a.     was in an employee-employer relationship with, or work person or agent for Defendant Zeisloft Ventures;

    b.     negligently, carelessly and/or recklessly operated the subject truck owned by Defendant Zeisloft Trucking in the course and scope of his employment with Defendant Zeisloft Ventures, or while in the course and scope of acting as an agent or work person for Defendant Zeisloft Ventures; and

    c.     was the proximate cause of Plaintiff's severe and permanent injuries more fully set forth herein.

101.    As a direct and proximate result of the negligence, carelessness, and recklessness of Defendant Serrano while in the course and scope of employment by, or while an agent or work person for Defendant Zeisloft Ventures, Plaintiff was caused to sustain severe and permanent injuries as set forth in the foregoing paragraphs.

**WHEREFORE**, Plaintiff demands judgment against Defendant Zeisloft Ventures individually, jointly, and/or severally for an amount in excess of One Hundred and Fifty

Thousand Dollars ($150,000.00), plus costs, prejudgment interest, delay damages, and such other relief this Court deems appropriate.

## COUNT VIII – *RESPONDEAT SUPERIOR*/VICARIOUS LIABILITY
### Plaintiff v. Defendant Rock Products

102.    The preceding paragraphs are incorporated by reference as though fully set forth herein.

103.    Upon information and belief, at all times material hereto, Defendant Rock Products utilizes the same team of agents, servants, employees, contractors, and/or work persons to operate and function as a commercial shipping business.

104.    The aforesaid collision resulted from the negligence, carelessness, and recklessness of Defendant Serrano, who, at all times relevant hereto:

    a.    was in an employee-employer relationship with, or work person or agent for Defendant Rock Products;

    b.    negligently, carelessly and/or recklessly operated the subject truck owned by Zeisloft Trucking in the course and scope of his employment with Defendant Rock Products, or while in the course and scope of acting as an agent or work person for Defendant Rock Products; and

    c.    was the proximate cause of Plaintiff's severe and permanent injuries more fully set forth herein.

105.    As a direct and proximate result of the negligence, carelessness, and/or recklessness of Defendant Serrano while in the course and scope of employment by, or while an agent or work person for Defendant Rock Products, Plaintiff was caused to sustain severe and permanent injuries as set forth in the foregoing paragraphs.

**WHEREFORE**, Plaintiff demands judgment against Defendant Rock Products individually, jointly, and/or severally for an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus costs, prejudgment interest, delay damages, and such other relief this Court deems appropriate.

## COUNT IX – NEGLIGENT ENTRUSTMENT
### Plaintiff v. Defendant Zeisloft Ventures

106.    The preceding paragraphs are incorporated by reference as though fully set forth herein.

107.    Upon information and belief, at all times material hereto, Defendant Zeisloft Ventures was the parent company for Defendants, Rock Products and Zeisloft Trucking, and Defendant Zeisloft Ventures shares the same team of agents, servants, employees, contractors, and/or work persons with Defendants, Rock Products and Zeisloft Trucking.

108.    Upon information and belief, at all times material hereto, Defendant Zeisloft Ventures was and is responsible for the integration of agents, servants, employees, contractors, and/or work persons by and between Defendants, Rock Products and Zeisloft Trucking.

109.    Upon information and belief, the negligence, careless and/or recklessness of Defendant Zeisloft Ventures, by and through its agents, servant, contractors, work persons and/or employees, consisted, *inter alia*, of the following:

a.    failing to adequately investigate or assess the driving competency and/or qualification, expertise or level of expertise of Defendant Serrano, whom they permitted to operate the subject truck;

b.    failing to exercise reasonable control over the subject truck with respect to the manner in which the subject truck was operated;

c.    permitting the subject truck to be operated by a person whom they knew or should have known did not possess the requisite, proper or adequate driving skills to safely operate the subject truck;

d.    failing to reasonably, properly or adequately supervise Defendant Serrano;

e.    failing to reasonably and/or properly monitor the safe driving abilities of Defendant Serrano;

f.    allowing Defendant Serrano to operate and/or drive the subject truck outside of the applicable aforementioned sections of the Pennsylvania Motor Vehicle Code; and

      g.     failing to comply with and confirm a history of compliance with Federal Motor Vehicle regulations, including, but not limited to, hours on duty/driving, hours not on duty/driving and/or maintaining adequate driver logs.

110.    As a direct and consequential result of the negligent, careless and/or reckless conduct of Defendant Zeisloft Ventures, Plaintiff suffered various serious and permanent personal injuries more fully stated within Plaintiff's medical records.

**WHEREFORE**, Plaintiff demands judgment against Defendant Zeisloft Ventures individually, jointly, and/or severally for an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus costs, prejudgment interest, delay damages, and such other relief this Court deems appropriate.

## COUNT X – NEGLIGENT ENTRUSTMENT
### Plaintiff v. Defendant Rock Products

111.    The preceding paragraphs are incorporated by reference as though fully set forth herein.

112.    Upon information and belief, at all times material hereto, Defendant Rock Products utilizes the same team of agents, servants, employees, contractors, and/or work persons to operate and function as a commercial shipping business.

113.    Upon information and belief, the negligence, careless and/or recklessness of Defendant Rock Products, by and through its agents, servant, contractors, work persons and/or employees, consisted, *inter alia*, of the following:

      a.     failing to adequately investigate or assess the driving competency and/or qualification, expertise or level of expertise of Defendant Serrano, whom they permitted to operate the subject truck;

      b.     failing to exercise reasonable control over the subject truck with respect to the manner in which the subject truck was operated;

c.   permitting the subject truck to be operated by a person whom they knew or should have known did not possess the requisite, proper or adequate driving skills to safely operate the subject truck;

d.   failing to reasonably, properly or adequately supervise Defendant Serrano;

e.   failing to reasonably and/or properly monitor the safe driving abilities of Defendant Serrano;

f.   allowing Defendant Serrano to operate and/or drive the subject truck outside of the applicable aforementioned sections of the Pennsylvania Motor Vehicle Code; and

g.   failing to comply with and confirm a history of compliance with Federal Motor Vehicle regulations, including, but not limited to, hours on duty/driving, hours not on duty/driving and/or maintaining adequate driver logs.

114.    As a direct and consequential result of the negligent, careless and/or reckless conduct of Defendant Rock Products, Plaintiff suffered various serious and permanent personal injuries more fully stated within Plaintiff's medical records.

**WHEREFORE**, Plaintiff demands judgment against Defendant Rock Products individually, jointly, and/or severally for an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), plus costs, prejudgment interest, delay damages, and such other relief this Court deems appropriate.

Respectfully submitted,

By:    _/s/ Steven J. Carroll_

Steven J. Carroll, Esq.
**JONATHAN M. COHEN, L.L.C.**
Steven J. Carroll, Esquire
Identification No.: 331647
Jonathan M. Cohen, Esquire
Identification No.: 69062
3510 Baring Street
Philadelphia, PA 19104
T: (215) 592-4445

F: (215) 592-4080
Scarroll@jmcesq.com
Jonathan.cohen@jmcesq.com
*Attorneys for Plaintiff*

Date: March 27, 2025