IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERIBERTO COLON-TORRES,<br><br>       *Plaintiff,*<br><br>    v.<br><br>OCTAVIO SERRANO,<br>ZEISLOFT TRUCKING, LLC d/b/a<br>ZEISLOFT LOGISTICS a/k/a ZEISLOFT<br>TRUCKING OF WEST DEPTFORD a/k/a<br>CHARLES D. ZEISLOFT TRUCKING,<br>ZEISLOFT VENTURES,<br>ROCK PRODUCTS, INC.,<br>JOHN DOE, and ABC COMPANY<br><br>       *Defendants.* | Civil Action No. 5:24-CV-01745 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' ZEISLOFT TRUCKING, LLC D/B/A ZEISLOFT LOGISTICS A/K/A ZEISLOFT TRUCKING OF WEST DEPTFORD A/K/A CHARLES D. ZEISLOFT TRUCKING, ZEISLOFT VENTURES, ROCK PRODUCTS, INC. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED PURSUANT TO FRCP 12(B)(6)**

  The defendants, Zeisloft Trucking, LLC (improperly also identified as Zeisloft Trucking, LLC d/b/a Zeisloft Logistics a/k/a Zeisloft Trucking of West Deptford, a/k/a Charles D. Zeisloft Trucking, Zeisloft Ventures, hereinafter "Zeisloft") and Rock Products, Inc., by and through their attorneys, Swartz Campbell, LLC, here by file this Memorandum of Law in Support of their Motion to Dismiss plaintiff Heriberto Colon-Torres's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).

I.      **Factual Background**

Plaintiff Torres initiated the instant matter by filing a complaint in the Philadelphia Court of Common Pleas on or about March 7, 2024 relative to a motor vehicle accident that occurred while plaintiff was driving a 1994 Honda Civic. A true incorrect copy of plaintiff's original complaint is attached hereto and marked as Exhibit "A". Subsequently, the matter was removed to the Eastern District Court for the Eastern District of Pennsylvania where it is presently venued. Post-removal Several motions were filed including a motion to remand and motions to dismiss by various parties.

This Court issued an order dated 3/6/25 that was filed 3/7/25 addressing and ruling upon said motions. A copy of that court order is attached here too as Exhibit "B". Said Court Order also gave plaintiff 20 days to file an amended complaint as follows:

> Plaintiff shall file an Amended Complaint within twenty days of the date of this Order stating specific facts as to each non-driver defendant regarding the nature of each defendants' business, each defendants' relationship to the other defendants, and what each defendant allegedly did to cause Plaintiff's injuries.

Exhibit "B".

On or about 3/27/25 the plaintiff filed an amended complaint. (Exhibit "C"). Original Defendants Saint Nick Logistics and DAT Solutions, LLC were omitted from the caption pursuant to a Stipulation among the parties dismissing them following the Court's Order in Exhibit "B".

According to the amended complaint on March 9, 2022 the plaintive was traveling eastbound on route 422 in Pottstown Pennsylvania where the plaintive alleges that he sustained injuries when his vehicle impacted the median wall and then collided with a 2001 Mack truck. (See Exhibit C and paragraphs 27-31.) At the time of the accident plaintiff alleges the Mack Truck was being driven by the defendant Octavio Serano and was owned by "Defendant

Zeisloft". (See Exhibit C and paragraphs 28 -31.) Plaintiff's amended complaint asserts claims against the following defendants:

    a. Octavio Serrano

    b. Zeisloft Trucking, LLC

        - d/b/a Zeisloft Logistics

        - a/k/a Zeisloft Trucking of West Deptford,

        - a/k/a Charles D. Zeisloft Trucking,

        - Zeisloft Ventures,

    c. Rock Products, Inc.

    d. As well as John Doe and ABC Company.

Exhibit "C". In addition to suing the truck driver Serrano for negligence, Plaintiff asserts in the Amended Complaint counts for Respondeat Superior/Vicarious Liability, Negligent Entrustment, Negligent Hiring/Selection/ Supervision/ Retention, against each of the other Defendants. See Exhibit "C". However, Plaintiffs Amended Complaint, as in the original complaint, again improperly lumps each of the named non-driver Defendants together without identifying any specific involvement n had as related to this incident. See Exhibit "C" and paragraphs 6 (the "Zeisloft Defendants")  and 9 (generally an all inclusive "Defendants").

    Attached hereto in Exhibit "D" is an affidavit from Charles D Zeisloft, III in which he clarifies and explains, inter alia, the following:

> Except for defendant Serrano and defendant Zeisloft Trucking, LLC, none of the other named defendants were actual existing entities at the time of the subject accident.  In fact, "Zeisloft Ventures" was merely the name of marketing campaign.

(Exhibit "D").

Plaintiff's bald allegations that the named defendants referred to as "Zeisloft Trucking, LLC d/b/a Zeisloft Logistics a/k/a Zeisloft Trucking of West Deptford, a/k/a Charles D. Zeisloft Trucking and Zeisloft Ventures" do not provide any evidence that said entities were actually existing legal entities at the time of the subject accident.  Furthermore, none of those entities were acting under any registered "D/B/A's."  By naming "Zeisloft Ventures" as a defendant in Counts 5, 7, & 9 plaintiff is attempting to waste everyone's time by suing not only a non-entity, but by suing the name of a marketing campaign.

With regard to Rock Products, Inc. the plaintiff pleads Counts 6, 8 and 10 against Rock Products, Inc.  It really does not matter what types of claims plaintiff pleads against Rock Products, Inc in counts 6, 8 and 10, or any other count, because Rock Products Inc had no involvement in the subject MVA.  (Exhibit "D").  In that regard, Charles D Zeisloft, III sets forth in his affidavit in Exhibit "D" the non-involvement of Rock Products, Inc, by stating as follows:

1. I am Managing Partner in the defendant entity named Rock Products, Inc.

2. I have personal knowledge of the facts set forth in this affidavit.

3. Rock Products, Inc. is a company founded in 1995 and is in the wholesale hardscape / landscape business selling such products and delivering same to customers.

4. Rock Products, Inc has its principal place of business located at 1675 Crown Point Road, West Deptford, NJ, 08086.

        5.       Rock Products had no involvement with the accident that is the subject of the complaint in this case and has no relation to defendant Driver Serrano.

        6.       Although Rock Products has previously work[ed] with Defendant Zeisloft Trucking, Rock Products was not working with any company or other named defendant in this case regarding any load being hauled by defendant Serrano or any accident on March 9, 2022.

        7.       Rock Products Inc had no ownership interests, involvement, duties or responsibilities as related to any of the vehicles involved in the accident of March 9, 2022.

        8.       Rock Products Inc. does not engage in hauling products for other businesses.

(See Exhibit "D"). The Amended Complaint lacks any basis or explanation for lumping Rock Products, Inc. together with any other defendant in this action.

As Plaintiffs Amended Complaint lacks any well-plead facts sufficient to support any claims or causes of action against Rock Products, Inc, including in counts 6, 8 and 10, Plaintiffs Amended Complaint should be dismissed as to Rock Products, Inc. pursuant to FRCP 12(b)(6).

As Plaintiffs Amended Complaint lacks any well-plead facts sufficient to support any claims or causes of action against named defendants "d/b/a Zeisloft Logistics a/k/a Zeisloft Trucking of West Deptford, a/k/a Charles D. Zeisloft Trucking, [and] Zeisloft Ventures," including but not limited to counts 5, 7 and 9, Plaintiffs Amended Complaint should be dismissed as to said non-existent entities pursuant to FRCP 12(b)(6).

**II. Legal Argument**

A. Standard

A Rule 12(b)(6) motion tests the sufficiency of the factual allegations contained in the complaint. Kostv. Kozakiewicz, 1 F.3d 176, 183 (3d. Cir. 1993). A motion to dismiss should be granted if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). A claim has facial plausibility when the Plaintiff pleads enough factual content that allows the Court to draw the reasonable inference that the defendant is liable under the alleged claim. See Iqbal, 129 S. Ct. at 1949 {citing Twombly) 550 U.S. at 556).

A Court considering a Motion to Dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. See Iqbal, 129 S. Ct. at 1950. Therefore, if allegations are merely conclusory, they are not entitled to be assumed true. See id.

Neither a formulaic recitation of the elements of a cause of action nor naked assertions of facts devoid of further factual enhancement is sufficient to withstand dismissal. See Iqbal, 129 S. Ct. at 1949 ( citing Twombly 550 U.S. at 555).

The Third Circuit in Santiago v. Warminster Township, 629 F.3d 121 (3d Cir. 2010), set forth a three-part analysis that a District Court in this Circuit must conduct in evaluating whether allegations in a complaint survive a Rule 12(b)(6) Motion to Dismiss:

> First, the court must tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their

>veracity and then determine whether they plausibly give rise to an entitlement for relief."

Id. at 130 {quoting Iqbal, 556 U.S. at 675, 679). The inquiry is normally broken into three parts: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

A complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). Ultimately, the "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In the instant matter, Plaintiff merely makes conclusory allegations about each of the non-driver Defendants, as a group, without specifying which of the Defendants are actually responsible for the alleged acts or omissions. See Exhibit C. Plaintiffs Amended Complaint improperly lumps each of the named non-driver Defendants together without identifying any specific involvement SNL had as related to this incident. See Exhibit C

Plaintiff's allegations from count to count mirror and parrot those of the same claim (negligent hiring/selection/supervision/retention, vicarious liability, entrustment, respondeat superior//vicarious liability) against other defendants. (Exhibit "C"). The non-defendant-specific allegations in Plaintiffs Amended Complaint consist of legal conclusions and baseless allegations that are directed to numerous parties without parsing out, in any capacity, the role any individual party played, if any, in this incident.

Such a scenario leaves Moving Defendant, Zeisloft Trucking, LLC without fair notice and unable to determine what claims are being asserted against it, versus fictional and/or non-existent entities, for an accident not everyone had involvement, and thus leaves said defendants with no proper way to defend itself in this action, as required by *Iqbal* and *Twombly*.

Such a scenario leaves Moving Defendant, Rock Products, Inc., without fair notice and unable to determine what claims are truly being asserted against it, for an accident it where it did not own the trucks involved, did not employ/train/retain/select/train the driver involved and simply had no involvement in, and thus leaves said defendant with no proper way to defend itself in this action, as required by *Iqbal* and *Twombly*.

Accordingly, Plaintiff's Amended Complaint should be dismissed as to non-existent entities Zeisloft Trucking, LLC d/b/a Zeisloft Logistics a/k/a Zeisloft Trucking of West Deptford, a/k/a Charles D. Zeisloft Trucking, Zeisloft Ventures, in light of Mr. Zeigler's affidavit and due to the fact that plaintiff is attempting to sue non-jural entities and a lack of sufficiency of the factual allegations contained in the Amended Complaint, as required by the Federal Rules.

Accordingly, Plaintiff's Amended Complaint and counts numbered 6, 8 and 10, and any other claims against it within the Amended Complaint, should be dismissed as to Rock Products, Inc. in light of Mr. Zeigler's affidavit and due to a lack of sufficiency of the non-specific repetitive factual allegations contained in the Amended Complaint, as required by the Federal Rules

WHEREFORE, based upon the foregoing, it is respectfully submitted that this Honorable Court grant the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) as to Defendant Rock Products, Inc. and all other fictional non-existent named defendants other than Zeisloft Trucking, LLC.

III.	Conclusion

Accordingly, based upon the foregoing and the accompanying Memorandum of Law, it is respectfully submitted that this Honorable Court Dismiss Plaintiff's Complaint, with Prejudice as to Defendant Rock Products, Inc. and also as to non-existent entities Zeisloft Trucking, LLC d/b/a Zeisloft Logistics a/k/a Zeisloft Trucking of West Deptford, a/k/a Charles D. Zeisloft Trucking, Zeisloft Ventures, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated:  April 16, 2025

>					Respectfully Submitted,
>
>					**Swartz Campbell, LLC**
>
>					By: *William F. Conway, Esq*
>					William F. Conway, Esq
>					Two Commerce Square
>					2001 Market St., Suite 2815
>					Philadelphia PA 19103
>					(215) 299-4270
>					wconway@swartzcampbell.com